**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **JASON DAVIS** and **JENNIFER DAVIS,** | : | Case No. 1:24-cv:0202 |
| Plaintiffs | : | |
| v. | : | |
| **CHARMAINE McGUFFEY**, et. al. | : | |
| Defendants, | : | |

**MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER
WITH DECLARATION OF COUNSEL ATTACHED**

Plaintiffs, Jason Davis and Jennifer Davis (hereinafter collectively "Plaintiffs"), pursuant to FRCP 26 and 37 move the Court for an Order to resolve an ongoing discovery impasse. Specifically, Plaintiffs are seeking an Order as follows:

1. An Order compelling Defendants, Charmaine McGuffey and Jay Gramke, to appear for and submit to their duly noticed depositions.

2. A Protective Order allowing Plaintiffs to delay production of the recording of the October 10, 2023, meeting until after Defendants McGuffey and Gramke have been deposed.

3. An Order overruling Defendants' objections to Plaintiffs' requests for admissions, and directing Defendants' to respond fully to Plaintiffs' Requests for Admissions, Interrogatories and Requests for Production without asserting waived objections.

4. An award of attorney's fees related to bringing this Motion.

This Motion is supported by the attached Memorandum and Declaration of Counsel. A proposed Order is attached.

Respectfully Submitted,

*/s/Zachary Gottesman*                         /s/ Christopher Wiest
Zachary Gottesman (0058675)            Christopher Wiest (Ohio 0077931)
Gottesman & Associates, LLC             Chris Wiest, Atty at Law, PLLC
9200 Montgomery Road                    50 E. Rivercenter Blvd, Suite 1280
Building E, Suite 18B                      Covington, KY 41011
Cincinnati, Ohio 45242                    513/257-1895 (v)
513/651-2121                                859/495-0803 (f)
zgottesman@gmail.com                 chris@cwiestlaw.com

*/s/ Thomas B. Bruns*
Thomas B. Bruns (KBA #84985)
Bruns, Connell, Vollmar & Armstrong
4555 Lake Forest Dr., Ste. 330
Cincinnati, OH 45242
(513) 326-0274
(513) 800-1263 (fax)
tbruns@bcvalaw.com
**Attorneys for Plaintiffs**

**FRCP 37 Certification**

I hereby certify that as counsel for Plaintiffs, my co-counsel and I have in good faith conferred with Defendants' counsel in an effort to resolve subject discovery dispute without court action as evidenced by the numerous emails attached to the Declaration of Counsel filed herewith and the informal effort to resolve the matter by involving the Court for a discovery conference.

                                                          /s/ Christopher Wiest
                                                          Christopher Wiest (Ohio 0077931)

**MEMORANDUM IN SUPPORT**

    **I.**     **Introduction**

On Oct. 10, 2023, there was a meeting between the Hamilton County Sheriff, her Chief Deputy and then Deputy Jason Davis. Deputy Davis had asked for the meeting because he wanted to know why his career had stalled out, why he'd been passed over for promotion, and why he'd

2

had been removed from assignment to the Regional Narcotics Unit ("RENU") (a preferred assignment) after being told he'd been transferred to RENU and assigned cases. During that meeting, Defendants openly admitted they had derailed his career because there "had to be consequences" for his wife's comments on social media. Unbeknownst to the Defendants, Deputy Davis recorded that meeting.

That recording and the timing of its production is the focus of the current discovery dispute. Defendants have requested the recording. Plaintiffs intend to produce it. The issue is whether Plaintiffs can depose the Defendants before turning over the recording. As set forth in more detail below Plaintiffs issued timely Notices for the Defendants' depositions. Defendants did not seek a protective order. They simply ignored the Notices for their depositions.

Based upon the applicable Federal Rules of Civil Procedure ("FRCP"), related case law, the timing and sequence of the parties' discovery requests, and Defendants' failure to seek a protective order, the Court should grant Plaintiffs' Motion to Compel and grant Plaintiffs' Motion for Protective Order as requested.

**II.    Facts**

This is the chronology of events and communications underlying this dispute:

1) On May 13, 2024, the following exchange occurred:
   a) Defendant's served an "Early" FRCP 34 Request for Production specifically requesting the recording. See Declaration of Counsel attached hereto, ¶ 1, Exhibit 1.
   b) Plaintiffs' counsel sent an email to Defendants' counsel citing FRCP 26(d)(2)(B)[1] that the Early FRCP Request was not considered served until the parties held the FRCP 26(f) conference. *Id.;* Exhibit 2.

---

[1] That rule provides: (2) Early Rule 34 Requests.

3

2) On May 21, 2024, the following exchanges occurred:

   a) Plaintiffs' counsel sent Defendants' counsel an email stating "And we intend to notice the Sheriff and Jay Gramke's depositions forthwith (in fact, please give us dates that work between June 6 and June 21 for each – and if there is some sort of intent to resist that let me know, which will cause us to notice those depositions)." *Id.*, ¶2, Exhibit 3.

   b) Defendants' counsel replied "No depositions until we have their prior recorded statements". *Id.*

   c) Plaintiffs' counsel responded:

   "FRCP 26(d)(3) is clear that your position on this is not appropriate under the civil rules.
   (3) Sequence. Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
   (A) methods of discovery may be used in any sequence; and
   (B) discovery by one party does not require any other party to delay its discovery.
    But we understand your position – we will issue notices and involve the court. *Id.*,

3) On May 23, 2024, the parties held a FRCP 26(f) conference. *Id.*, ¶3; *see, also*, Doc. 8.

4) On May 23, 2024, Plaintiffs served Interrogatories, Requests for Productions and Requests for Admissions. *Id.*, ¶4; Exhibits 4, 5, and 6.

5) On May 24, 2024, Plaintiffs issued Notices for the depositions of Charmaine McGuffey and Jay Gramke to proceed on June 24 and June 25, 2024. *Id.*, ¶5, Exhibits 7, 8, and 9.

6) After doing nothing for almost a month, on June 20, 2024, the following exchange occurred:

---

(A) Time to Deliver. More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:
   (i) to that party by any other party, and
   (ii) by that party to any plaintiff or to any other party that has been served.
**(B) When Considered Served. The request is considered to have been served at the first Rule 26(f) conference.**

4

a) Defendants' counsel wrote "Be advised that our clients will not be honoring your notices for their depositions on the 24th and 25th. Federal Rule of Civil Procedure 26(b)(3)(C)[2] mandates that our clients are entitled to their recorded prior statements in your clients' possession before being questioned. *Id.*, ¶6, Exhibit 10.

b) Plaintiff's counsel responded:

"The portion of Rule 26 you cite below, does not discuss timing, but rather discusses the scope of discovery.
Instead, FRCP 26(d)(3) makes clear that:
(3) Sequence. Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
(A) methods of discovery may be used in any sequence; and
(B) discovery by one party does not require any other party to delay its discovery.
We have noticed your clients, McGuffey and Gramke, for deposition Monday. We intend to take those depositions. *Id.*,

c) Defendants' counsel responded:

"The case law is clear that you have to get a protective order to keep this from us after it been requested. The more specific rule governs this situation. You have been on notice since before the 26f conference that there will be no depositions prior to the release of the statement. *Id.*

d) Plaintiffs' counsel responded:

"Let me cut to the chase: the rules are clear that you are entitled, in the course of discovery, to the recording. The rules are equally clear, as is case law, that you cannot condition your clients' sitting of a deposition on production of such recording. *Sandifor v. Cty. of L.A.*, 2019 U.S. Dist. LEXIS 167851 (CD Cal. 2019) ("Plaintiffs are not entitled to every shred of evidence that, however remotely, refers to someone else's reporting of alleged statements made by an individual plaintiff before that individual will agree to sit for deposition. Indeed, Rule 26 also provides that 'methods of discovery may be used in any sequence' and 'discovery by one party does not require any other party to delay its discovery.' Fed. R. Civ. P. 26(d)(3). Defendants are absolutely entitled to take plaintiff Utterback's deposition before the close of discovery, whether or not Ms. Lopez' statement(s) (if they exist and if they are responsive to any discovery request) have been produced.")

---

[2] That rule provides "(C) Previous Statement. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either: (i) a written statement that the person has signed or otherwise adopted or approved; or (ii) a contemporaneous stenographic, mechanical, electrical, or other recording— or a transcription of it—that recites substantially verbatim the person's oral statement.

> We intend to go forward with both depositions Monday and Tuesday, that have been noticed for a month, and will seek appropriate sanctions if your clients fail to appear. We will do the same for any refusal on that basis to answer any propounded discovery. The onus is on you to get a protective order. *Id.*

7) On June 20, 2024, Defendants served responses to Plaintiffs' Requests for Admissions. For RFA No. 2 through 10 Defendants interposed the following objection: "ANSWER: Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it." Defendants interposed other objections that also have no legal basis. *Id.*, ¶7; Exhibit 11.

8) Despite having been served timely Interrogatories and Requests for Production, refused to provide responses to same, despite them being due on June 20, 2024, and no responses have been served to date. Rather, Defendants have indicated that they will not respond until they receive the recording. *Id.*, ¶8.

9) On June 20, 2024, Plaintiffs timely responded to Defendants' Request for Production, lodging objections, but generally indicating that they would produce the recording, and provided a timeline for doing so, as permitted by FRCP 34(b)(2)(B) ("The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."). *Id.*, ¶10; Exhibit 12.

10) On June 21, 2024, the following exchange occurred:

   a) Picking up on the previous day's email thread, Defendants' counsel wrote

   > "There will be no depositions on Monday or Tuesday. Once we have the taped statement we can schedule depositions at a mutually convenient date. Any further discussion on this issue should involve the Court. *Id.*, ¶9, Exhibit 10.

   b) Plaintiffs' counsel responded:

6

"I just want to confirm that we do not need to show up Monday and make a record: your clients are refusing to appear for their previously scheduled deposition (they are available but deciding not to appear because we have not produced the recording). Please confirm." *Id.*,

c) Defendants' counsel replied:

"I will confirm that there will be no depositions next week because despite our formal request for the tape over 30 days ago you have chosen to act contrary to the Rules of Civil Procedure by not providing it to us." *Id.*,

d) Plaintiffs' counsel responded:

"Please let us know your availability next week for a call with the court. We intend to call chambers first thing Monday to try and schedule a call.

You have repeatedly suggested that we have somehow acted contrary to the civil rules by noticing your clients' depositions with over a month's notice, and suggested that Rule 26 somehow requires the production of a prior recorded statement prior to a deposition. I have pointed out clearly that it does not, and provided case law in support.

You have suggested you had case law in support of your position and I asked you for it. To date, you have failed to provide any. I would ask that you immediately provide any case law that you believe permits you to condition your clients' responses to discovery and depositions, on us provided you the recorded statement.

That way, we can review your authority and if it supports the proposition that you say it does, we may be willing to reevaluate our position, thus avoiding a call with the court. *Id.*,

11) On June 26, 2024, the parties had a conference call with the Court to discuss the discovery impasse. No solution was reached. *Id.*, ¶11.

12) On July 10, 2024, the parties had a second conference call with the Court. Again, no solution was reached.

13) On July 11, 2024, Plaintiffs' counsel sent a proposal to Defendants' counsel offering a compromise that allowed Defendants' counsel to listen to the recording prior to Defendants being deposed. *Id.*, ¶13, Exhibit 13.

14) On July 12, 2024, Defendants' counsel rejected Plaintiffs' proposal without a counter-offer. *Id.*, ¶14; Exhibit 13.

7

### III. Law & Argument

#### a. Plaintiffs should be allowed to depose Defendants before producing the recording.

The issue here is the sequence of discovery, not whether the recording must be produced. Plaintiffs fully intend to produce the recording after the Defendants' depositions. See, also, Declaration at ¶10, Exhibit 12. FRCP 26 provides in pertinent part:

"(d) Timing and Sequence of Discovery.

(1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

(2) Early Rule 34 Requests.

(A) Time to Deliver. More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

(i) to that party by any other party, and

(ii) by that party to any plaintiff or to any other party that has been served.

(B) When Considered Served. **The request is considered to have been served at the first Rule 26(f) conference**.

(3) Sequence. **Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:**

**(A) methods of discovery may be used in any sequence; and**

**(B) discovery by one party does not require any other party to delay its discovery.**" (emphasis added).

8

Defendants McGuffey and Gramke have filed an Answer denying the specific and detailed allegations in Plaintiffs' Verified Complaint regarding the specific statements attributed to them. (Answer, Doc. 10). These denials in their pleadings directly contradict the averments in Plaintiffs' verified complaint. *Id.* Plaintiffs' counsel should be permitted to question Defendants regarding these denials. *Id.*

Recognizing this peril, Defendants seek to determine what Plaintiffs have on the recording before they are deposed so that they know what they are forced to admit. This is sort of gamesmanship is antithetical to the FRCP discovery provisions.

Defendants have argued that they are entitled to the recording immediately, citing FRCP 26(b)(3)(C). That rule makes clear that the statement at issue is discoverable, *but it does not govern the timing*. Instead, FRCP 26(d)(3) makes clear that "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Here, of course, Plaintiffs agree that Defendants are entitled to the recording – the dispute is merely when.

Defendants served a request for the recording that, pursuant to FRCP 26(d)(2)(B), was served at the FRCP 26(f) conference. That was May 23, 2024. The response to that was due on June 24, 2024.[3] On that date, Plaintiffs responded, and indicated that they would produce the recording, and, pursuant to FRCP 34(b)(2)(B), stated that they would produce the recording within 14 days of the conclusion of the depositions of McGuffey and Gramke, which was consistent with

---

[3] That is because 30 days from the FRCP 26(f) conference on May 23, 2024 was June 22, 2024; however, as that date fell on a Saturday, FRCP 6(a)(1)(C) placed the deadline on the following Monday, June 24, 2024.

9

the requirements of FRCP 34 that permits "the production … be completed [at] another reasonable time specified in the response." See Declaration at ¶10; Exhibit 12.

Defendants chose unilaterally not to produce their witnesses for deposition.

All relevant case law supports Plaintiffs position in this dispute – both as a matter of equity, and a matter of law. Defendants needed to have attended their timely noticed depositions and could not condition such attendance on the production of a recording. At least not without an order of the court, which Defendants did not seek. See, also, FRCP 26(c) and (d)(2).

Plaintiffs should not be forced to produce the recording before Defendants' depositions so that Gramke and McGuffey can determine how much they must admit, as a condition precedent to answering questions under oath. *Sandifor v. Cty. of L.A.*, 2019 U.S. Dist. LEXIS 167851 (CD Cal. 2019)("Indeed, Rule 26 also provides that 'methods of discovery may be used in any sequence' and 'discovery by one party does not require any other party to delay its discovery.' … Defendants are absolutely entitled to take plaintiff Utterback's deposition before the close of discovery, whether or not Ms. Lopez' statement(s) (if they exist and if they are responsive to any discovery request) have been produced.").

Other courts mirror this approach – that depositions and other discovery may not be withheld or conditioned on the other party's discovery response. *Vail v. Hyundai Motor Am.*, 2024 U.S. Dist. LEXIS 42472 (NDOK 2024*); Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136 (NYSD 2021); *Hui Wang v. Omni Hotels Mgmt. Corp.*, No. 18-CV-02000, 2019 U.S. Dist. LEXIS 139390, 2019 WL 3852590, at *3 (D. Conn. Aug. 16, 2019) (denying motion to compel and delaying production of surveillance video until after deposition); *McQueen v. Huddleston*, No. 13-CV-00302, 2015 U.S. Dist. LEXIS 77173, 2015 WL 3746733, at *5 (W.D.N.Y. 2015) (entering protective order delaying production of audio recording until after depositions "to discourage

10

parties or their witnesses from tailoring their testimony to conform with their prior recorded statements or actions"); *Poppo v. Aon Risk Servs.*, No. 00-CV-04165, 2000 U.S. Dist. LEXIS 17588, 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000).

Defendants should be ordered to immediately appear for deposition without conditioning it upon production of the recording. The Sheriff's and Chief Deputy's testimony, and its truthfulness, should not depend on whether and how much of the conversation Plaintiffs have on a recording.

Moreover, cases suggest that the kind of gamesmanship engaged in here, attempting to avoid a deposition so that a party can tailor his or testimony to irrefutable audio or video – warrants a protective order in favor of Plaintiffs on the issue of production of the video or audio. *ee, e.g., Hui Wang v. Omni Hotels Mgmt. Corp.*, No. 18-CV-02000, 2019 U.S. Dist. LEXIS 139390, 2019 WL 3852590, at *3 (D. Conn. Aug. 16, 2019) (denying motion to compel and delaying production of surveillance video until after deposition); *McQueen v. Huddleston*, No. 13-CV-00302, 2015 U.S. Dist. LEXIS 77173, 2015 WL 3746733, at *5 (W.D.N.Y. 2015) (entering protective order delaying production of audio recording until after depositions "to discourage parties or their witnesses from tailoring their testimony to conform with their prior recorded statements or actions"); *Poppo v. Aon Risk Servs.*, No. 00-CV-04165, 2000 U.S. Dist. LEXIS 17588, 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000) (collecting cases and stating, "courts have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions.")

Further, given that Plaintiffs issued a timely Notice for Defendants' depositions giving Defendants and their counsel 30 days advance notice and Defendants' counsel raised no issue with

11

scheduling conflicts or unavailability, it is improper and sanctionable for Defendants and their counsel to simply ignore a duly issued Notice for their deposition. Defendants' should, at a minimum have filed a Motion for Protective Order.  Case law is clear that it "is not proper practice [ ] to refuse to comply with the [Rule 30(b)(6)] notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel."  *United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, 2009 U.S. Dist. LEXIS 122533 (SDOH 2009); *See, also, EMWomen's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 447 (6th Cir. 2020) ("having a pending protective order is merely a necessary condition for excusing a party's failure to appear. It is not alone sufficient.").

The Staff Notes to FRCP 37 provide "A provision is added to make clear that a party may not properly remain completely silent even when he regards a notice to take his deposition or a set of interrogatories or requests to inspect as improper and objectionable. If he desires not to appear or not to respond, he must apply for a protective order. *Collins v Wayland*, 139 F2d 677 (9th Cir. 1944), cert. den. 322 US 744; *Bourgeois v El Paso Natural Gas Co.*, 20 FRD 358 (SDNY 1957); *Loosley v Stone*, 15 FRD 373 (SD Ill 1954). The party from whom discovery is sought is afforded, through Rule 26(c), a fair and effective procedure whereby he can challenge the request made. At the same time, the total noncompliance with which Rule 37(d) is concerned may impose severe inconvenience or hardship on the discovering party and substantially delay the discovery process. Cf. 2B Barron & Holtzoff, Federal Practice and Procedure 306–307 (Wright ed. 1961) (response to a subpoena).

"Under Fed.R.Civ.P. 37(d), when a party fails to appear before the officer who is to take his deposition after being served with a proper notice, the court in which the action is pending on motion may make such orders in regard to the failure as are just."  Amadasu v. Donovan, 2005

U.S. Dist. LEXIS 61249 (SDOH 2005). "Central to the determination of the appropriate sanction is the willfulness or good faith manifested by the party's conduct." *Id., citing Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958). "Willful failure has been defined as any intentional or conscious failure as distinguished from involuntary non-compliance." *Id., citing United States v. 3963 Bottles, More or Less*, 265 F.2d 332, (7th Cir.), cert. denied, 360 U.S. 931 (1959). Indeed, FRCP 30(d)(3) suggests that if a deposition is not to occur, the onus is on the party resisting it to obtain a protective order. Here, Defendants decided to unilaterally not show up – and did not seek a protective order.

### b. Defendants' should be directed to properly respond to requests for admission.

Defendants interposed the following objection to Plaintiffs' Requests for Admissions Nos. 2 through 10:

> ANSWER: Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it. See Declaration at ¶7, Exhibit 11.

Defendants cite no caselaw in support of these objections. Further, as set forth above, the sequence of discovery or another party's failure to make discovery does not excuse another party's failure to make discovery. FRCP 26(d)(3). These objections should be overruled and Defendants should be required to fully respond, without interposing improper objections. FRCP 36(b) ("Unless the court finds an objection justified, it must order that an answer be served.").

### c. Defendants should be compelled to fully respond to all Interrogatories and Requests for Production, without objection.

Defendants elected not to respond at all to Interrogatories or Requests for Production of Documents. Declaration at ¶8. Those responses were due on June 24, 2024. That has the effect

13

of waiving all objections to such discovery. *Biondi v. Jaguar Land Rover N. Am., LLC*, 2023 U.S. Dist. LEXIS 160482 (NDOH 2023); *Cleveland Indians Baseball Co. v. United States*, 1998 U.S. Dist. LEXIS 1459 (NDOH 1998); *Ewert v. Holzer Clinic, Inc.*, 2010 U.S. Dist. LEXIS 149498 (SDOH 2010).

The Court should compel a response.

### d. Plaintiffs should be awarded their fees incurred in bringing this Motion.

The Defendants just ignored Plaintiffs' Notices for their depositions. They also ignored Plaintiffs' Interrogatories and Requests for Production; and they improperly objected to the Requests for Admission.

It was incumbent upon them to seek a protective order if they thought they shouldn't have to submit to a deposition or respond to discovery. Simply refusing to appear is not permitted and some sanction is appropriate. Plaintiffs urge to Court to grant reasonable attorney's fees incurred in bringing this Motion. FRCP 37(a)(5) governs sanctions concerning the admissions. FRCP 37(d)(1)(A) governs Defendants not showing up for their deposition and not answering Interrogatories or Requests for Production.

In terms of FRCP 37(d) and not showing up for the deposition or responding to interrogatories or requests to product, the rule makes clear that "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Again, Defendants filed no motion for a protective order. And thus sanctions should be awarded to include attorney fees, for the costs of bringing this motion and otherwise compelling compliance.

Case law is clear that it "is not proper practice [ ] to refuse to comply with the [Rule 30(b)(6)] notice, put the burden on the party noticing the deposition to file a motion to compel,

14

and then seek to justify non-compliance in opposition to the motion to compel." *United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, 2009 U.S. Dist. LEXIS 122533 (SDOH 2009); *See, also, EMWomen's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 447 (6th Cir. 2020) ("having a pending protective order is merely a necessary condition for excusing a party's failure to appear. It is not alone sufficient."). Defendants took this approach at their peril.

## IV. Conclusion

Plaintiffs have met the spirit and letter of the applicable discovery provisions in seeking to depose Defendants. Defendants on the other hand, have taken unsupportable positions, without legal authority, directly contrary to the FRCP and simply disregarded the duly issued Notices for their depositions. The Court should grant Plaintiffs' Motion and compel Defendants to submit to their depositions.

    Respectfully submitted,

    */s/Zachary Gottesman*
    Zachary Gottesman (0058675)
    Gottesman & Associates, LLC
    9200 Montgomery Road
    Building E, Suite 18B
    Cincinnati, Ohio 45242
    513/651-2121
    zgottesman@gmail.com

    /s/ Christopher Wiest
    Christopher Wiest (Ohio 0077931)
    Chris Wiest, Atty at Law, PLLC
    50 E. Rivercenter Blvd, Suite 1280
    Covington, KY 41011
    513/257-1895 (v)
    859/495-0803 (f)
    chris@cwiestlaw.com
    **Attorneys for Plaintiffs**

## **CERTIFICATE OF SERVICE**

I certify that on July 18, 2024, I served a copy of the foregoing upon counsel for the Defendants by filing this pleading using CM/ECF which provides notice of its filing to all parties and/or their counsel of record.

/s/ Christopher Wiest<br>
Christopher Wiest (Ohio 0077931)