**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

**JASON DAVIS** and                                      Case No. 1:24-cv:0202
**JENNIFER DAVIS,**

      Plaintiffs

v.

**CHARMAINE McGUFFEY**, et. al.

      Defendants,

**DECLARATION OF COUNSEL**

      Pursuant to 28 U.S.C. § 1746, I, Christopher Wiest, declare under penalty of perjury that the following is true and correct, to the best of my knowledge, information, and belief:

1) On May 13, 2024, the following exchange occurred:

    a) Defendants served an Early FRCP 34 Request for Production specifically requesting the recording. A true and accurate copy is attached as **Exhibit 1**.

    b) Plaintiffs' Counsel sent an email to Defendants' counsel citing FRCP 26(d)(2)(B) that the Early FRCP Request was not considered served until the parties held the FRCP 26(f) conference. A true and accurate copy is attached as **Exhibit 2**.

2) On May 21, 2024, the following exchange occurred:

    a) Plaintiffs' counsel sent Defendants' counsel an email stating:

      "And we intend to notice the Sheriff and Jay Gramke's depositions forthwith (in fact, please give us dates that work between June 6 and June 21 for each – and if there is some sort of intent to resist that let me know, which will cause us to notice those depositions)." A true and accurate copy is attached as **Exhibit 3**.

    b) Defendants' counsel replied "No depositions until we have their prior recorded statements". See attached **Exhibit 3**.

1

c) Plaintiffs' counsel responded:

"FRCP 26(d)(3) is clear that your position on this is not appropriate under the civil rules.
(3) Sequence. Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
(A) methods of discovery may be used in any sequence; and
(B) discovery by one party does not require any other party to delay its discovery.
But we understand your position – we will issue notices and involve the court. **See attached Exhibit 3**.

3) On May 23, 2024, the parties held a FRCP 26(f) conference.

4) On May 23, 2024, Plaintiffs served Interrogatories, Requests for Productions and Requests for Admissions. **See attached Exhibits 4, 5 and 6**.

5) On May 24, 2024, Plaintiffs issued Notices for the depositions of Charmaine McGuffey and Jay Gramke to proceed on June 24 and June 25, 2024. **See attached Exhibits 7, 8 and 9**.

6) On June 20, 2024, the following exchange occurred:

a) Defendants' counsel wrote:

"Be advised that our clients will not be honoring your notices for their depositions on the 24th and 25th. Federal Rule of Civil Procedure 26 (b)(3)(C) mandates that our clients are entitled to their recorded prior statements in your clients' possession before being questioned." A true and accurate copy is attached as **Exhibit 10**.

b) Plaintiff's counsel responded:

"The portion of Rule 26 you cite below, does not discuss timing, but rather discusses the scope of discovery.
Instead, FRCP 26(d)(3) makes clear that:
(3) Sequence. Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
(A) methods of discovery may be used in any sequence; and
(B) discovery by one party does not require any other party to delay its discovery.
We have noticed your clients, McGuffey and Gramke, for deposition Monday. We intend to take those depositions." **See attached Exhibit 10**

c) Defendants' counsel responded:

"The case law is clear that you have to get a protective order to keep this from us after it been requested. The more specific rule governs this situation. You have been on notice

since before the 26f conference that there will be no depositions prior to the release of the statement. **See attached Exhibit 10**.

    d)  Plaintiffs' counsel responded:

"Let me cut to the chase: the rules are clear that you are entitled, in the course of discovery, to the recording. The rules are equally clear, as is case law, that you cannot condition your clients' sitting of a deposition on production of such recording. *Sandifor v. Cty. of L.A.*, 2019 U.S. Dist. LEXIS 167851 (CD Cal. 2019) ("Plaintiffs are not entitled to every shred of evidence that, however remotely, refers to someone else's reporting of alleged statements made by an individual plaintiff before that individual will agree to sit for deposition. Indeed, Rule 26 also provides that 'methods of discovery may be used in any sequence' and 'discovery by one party does not require any other party to delay its discovery.' Fed. R. Civ. P. 26(d)(3). Defendants are absolutely entitled to take plaintiff Utterback's deposition before the close of discovery, whether or not Ms. Lopez' statement(s) (if they exist and if they are responsive to any discovery request) have been produced.")
We intend to go forward with both depositions Monday and Tuesday, that have been noticed for a month, and will seek appropriate sanctions if your clients fail to appear. We will do the same for any refusal on that basis to answer any propounded discovery. The onus is on you to get a protective order." **See attached Exhibit 10**.

7)  On June 20, 2024, Defendants served responses to Plaintiffs' Requests for Admissions. For RFA No. 2 through 10 Defendants interposed the following objection: "ANSWER: Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it." Defendants interposed other objections that also have no legal basis. **See attached Exhibit 11**.

8)  At no time, to date, have Defendants served responses to Plaintiffs' Interrogatories and Request for Production propounded upon them, though Defendants have indicated, through counsel, that they do not intend to respond until after they receive the recording.

9)  On June 21, 2024, the following exchanges occurred:

    a)  Picking up on the previous day's email thread, Defendants' counsel wrote:

"There will be no depositions on Monday or Tuesday. Once we have the taped statement we can schedule depositions at a mutually convenient date. Any further discussion on this issue should involve the Court. **See attached Exhibit 10**.

    b)  Plaintiffs' counsel responded:

"I just want to confirm that we do not need to show up Monday and make a record: your clients are refusing to appear for their previously scheduled deposition (they are available but deciding not to appear because we have not produced the recording). Please confirm." **See attached Exhibit 10**.

c) Defendants' counsel replied:

"I will confirm that there will be no depositions next week because despite our formal request for the tape over 30 days ago you have chosen to act contrary to the Rules of Civil Procedure by not providing it to us." **See attached Exhibit 10**.

d) Plaintiffs' counsel responded:

"Please let us know your availability next week for a call with the court. We intend to call chambers first thing Monday to try and schedule a call.

You have repeatedly suggested that we have somehow acted contrary to the civil rules by noticing your clients' depositions with over a month's notice, and suggested that Rule 26 somehow requires the production of a prior recorded statement prior to a deposition. I have pointed out clearly that it does not, and provided case law in support.

You have suggested you had case law in support of your position and I asked you for it. To date, you have failed to provide any. I would ask that you immediately provide any case law that you believe permits you to condition your clients' responses to discovery and depositions, on us provided you the recorded statement.

That way, we can review your authority and if it supports the proposition that you say it does, we may be willing to reevaluate our position, thus avoiding a call with the court.

See attached **Exhibit 10**.

10) On June 24, 2024, Plaintiffs timely served objections and responses to Defendants' FRCP 34 requests, a true and accurate copy of which is attached as **Exhibit 12**.

11) On June 26, 2024, the parties had a conference call with the Court to discuss the discovery impasse. No solution was reached.

12) On July 10, 2024, the parties had a second conference call with the Court. Again, no solution was reached.

13) On July 11, 2024, Plaintiffs' counsel sent a proposal to Defendants' counsel offering a compromise that allowed Defendants' counsel to listen to the recording prior to Defendants being deposed. A true and accurate copy is attached **Exhibit 13**.

14) On July 12, 2024, Defendants' counsel rejected Plaintiffs' proposal without counter. See attached **Exhibit 13**.

Executed this 18 day of July, 2024.

_____
Christopher Wiest

## CERTIFICATE OF SERVICE

I certify that on July 18, 2024, I served a copy of the foregoing upon counsel for the Defendants by filing this pleading using CM/ECF which provides notice of its filing to all parties and/or their counsel of record.

*/s/Christopher Wiest*_____
Christopher Wiest (0077931)

5

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **JASON DAVIS & JENNIFER DAVIS**, | : | **Case No. 1:24-cv-0202** |
| Plaintiff(s) | : | Judge Michael R. Barrett |
| vs. | : | **COUNTY DEFENDANTS' FIRST** |
| **CHARMAINE MCGUFFEY**, Et Al., | : | **SET OF REQUESTS FOR** |
| | | **PRODUCTION OF DOCUMENTS** |
| Defendant(s) | : | **PROPOUNED UPON PLAINTIFF** |
| | : | |

Now come Defendants, Charmaine McGuffey, Jay Gramke, and Hamilton County ("County Defendants"), and submit this First Set of Requests for Production of Documents under Federal Rules of Civil Procedure 26 and 34 to be answered by Plaintiffs, Jason Davis and Jennifer Davis within thirty days after service.

**Definitions and Instructions**

1. "You," "your," or "Plaintiff" means the person to whom these discovery requests are being directed, including all of your agents and attorneys, guardians or other persons having authority to answer on your behalf.

2. "Document" or "Documentation" means any and all recorded information of any kind and in any format, whether on paper, handwritten, printed out in hard copy, electronically stored, recorded on audio or video cassette, on compact disc or digital video disc; and includes but is not limited to correspondence, records, e-mails, minutes, notes, comments, worksheets, summaries, reports, estimates, bank statements, financial statements, credit card statements, tax returns, checks, inter-office and intra-office memoranda, books, manuals, pamphlets, circulars,

Exhibit 1

instructions, transcripts, memoranda, summaries, studies, analyses, evaluations, worksheets, invoices, receipts, contracts, journals, logs, files, statistical records, diaries, calendars, travel logs, telephone logs, appointment books, calendars, envelopes or other wrappers or packaging, graphs, charts, maps, checks, check stubs, money orders, affidavits, balance sheets, profit and loss statements, books of account, statements of account, financial data, projections, budgets, facsimiles, facsimile confirmations, print-outs from electronically stored information, photographs, sound recordings, video recordings, motion pictures, microfiche, microfilm, video or audio tapes, cassettes, compact discs, digital video discs, and any other written, printed, graphic or recorded matter.

## *INSTRUCTIONS FOR REQUESTS FOR PRODUCTION OF DOCUMENTS*

3. These discovery requests include Requests for Production of Documents under Rule 34 of the Federal Rules of Civil Procedure. You are required to produce all Documents that are responsive to the Requests, or make such documents available for inspection by the undersigned, by serving your response upon the undersigned within thirty days of the date of service of this Request.

4. All Documents are to be produced which are in your possession or control or within the possession and control of your attorney or representatives.

5. You are under a continuing duty to seasonably supplement your responses with any additional responsive Documents in your possession or control, or available to you.

**Request for Production No. 1:**

6. Please produce any audio recording, video recording, or any other recording of the meeting between Plaintiff Jason Davis and Defendants Charmaine McGuffey and Jay Gramke, which occurred on or about October 10, 2023.

**Request for Production No. 2:**

7. Please produce any other recording of Defendant McGuffey and Defendant Gramke in the possession of Plaintiffs.

## **VERIFICATION PAGE**

   The undersigned do hereby state that all of the information contained herein is true and accurate to the best of my knowledge and belief.

               _____

STATE OF _____   :
               : SS:
COUNTY OF _____   :


   Subscribed and sworn to, before me, a Notary Public, in and for said County and State, on this the _____ day of _____, 20____.


      _____
         NOTARY PUBLIC

        My Commission Expires: _____

Respectfully,

MELISSA A. POWERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

*/s/ Jonathan Halvonik*
Jerome Kunkel, 0039562
Jonathan Halvonik, 0096749
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202-2151
DDN: 513/946-3103 (Kunkel)
DDN: 513/946-3051 (Halvonik)
Jerry.kunkel@hcpros.org
Jon.halvonik@hcpros.org
FAX 513/946-3018
*Trial Attorneys for County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on 13nd day of May, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties and counsel of record.

*/s/ Jonathan Halvonik*
Jonathan Halvonik, 0096749
Assistant Prosecuting Attorney

00664714

**From:** Jon Halvonik  Jon.Halvonik@hcpros.org  📎
**Subject:** RE: Meeting Re: Davis
**Date:** May 13, 2024 at 2:31 PM
**To:** Jerry Kunkel  Jerry.Kunkel@hcpros.org,  Zach Gottesman  zgottesman@gmail.com
**Cc:** Chris Wiest  chris@cwiestlaw.com,  Thomas B. Bruns  tbruns@bcvalaw.com



Gentlemen,

Attached should be Defendants' request for production.

**Jonathan Halvonik**
Assistant Prosecuting Attorney
Office of Melissa A. Powers, Hamilton County Prosecutor
513-946-3051 (Office)
www.hcpros.org

---

**From:** Jerry Kunkel
**Sent:** Monday, May 13, 2024 11:07 AM
**To:** 'Zach Gottesman'
**Cc:** Chris Wiest; Thomas B. Bruns; Jon Halvonik
**Subject:** RE: Meeting Re: Davis

I would prefer the 23rd.

*Jerome A. Kunkel*
*Assistant Prosecuting Attorney*
*Office of Melissa Powers*
*Prosecuting Attorney*
*Hamilton County, Ohio*
*230 E.9th St., Ste. 4000*
*Cincinnati, Ohio 45202*
*(513)946-3103*
*www.hcpros.org*

---

**From:** Zach Gottesman [mailto:zgottesman@gmail.com]
**Sent:** Monday, May 13, 2024 10:59 AM
**To:** Jerry Kunkel
**Cc:** Chris Wiest; Thomas B. Bruns; Jon Halvonik
**Subject:** Re: Meeting Re: Davis

Jerry,

Let's pick a date for our FRCP 26(f) conference.  Defendants' answer date is June 7, 2024. An "Early Rule 34 Request for Production" it is not considered to be served until we have the 26(f) conference under FRCP 26(d)(2)(B).

Are you free on May 22 or 23 in the afternoon for the 26(f) conference?

Let me know,

Exhibit 2

Zachary Gottesman, Esq.
Gottesman & Associates, LLC
9200 Montgomery Road, Bldg. E, Ste. 18B
Cincinnati, Ohio  45242
Tele:   513/651-2121
Fax:          513/586-0655
Mobile:       513/225-8997
zgottesman@gmail.com

The preceding information is from the law firm of Gottesman & Associates, LLC, and may be protected by attorney/client privilege. If you believe it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete the message. Do not retain a copy. Thank you.

On May 13, 2024, at 10:24 AM, Jerry Kunkel <Jerry.Kunkel@hcpros.org> wrote:

Zach, We will be sending you an " Early Rule 34 Request for Production" as provided for in Rule 26 (d)(2)(A) for the recorded prior statements of our clients. Jerry

*Jerome A. Kunkel*
*Assistant Prosecuting Attorney*
*Office of Melissa Powers*
*Prosecuting Attorney*
*Hamilton County, Ohio*
*230 E.9th St., Ste. 4000*
*Cincinnati, Ohio 45202*
*(513)946-3103*
*www.hcpros.org*

---

**From:** Zach Gottesman [mailto:zgottesman@gmail.com]
**Sent:** Sunday, May 12, 2024 6:42 AM
**To:** Jerry Kunkel
**Cc:** Chris Wiest; Thomas B. Bruns
**Subject:** Re: Meeting Re: Davis

Jerry,

I have to cancel our Monday, May 13, 2024 meeting.

I've had further discussions with my co-counsel.  Rather than conduct informal discovery and exchange materials now, we would like to have our FRCP 26(f) conference and proceed with discovery according to the rules.

Kind regards,

Zachary Gottesman, Esq.
Gottesman & Associates, LLC

9200 Montgomery Road, Bldg. E, Ste. 18B
Cincinnati, Ohio  45242
Tele:   513/651-2121
Fax:              513/586-0655
Mobile:          513/225-8997
zgottesman@gmail.com

The preceding information is from the law firm of Gottesman & Associates, LLC, and may be protected by attorney/client privilege. If you believe it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete the message. Do not retain a copy. Thank you.

On May 6, 2024, at 1:33 PM, Jerry Kunkel <Jerry.Kunkel@hcpros.org> wrote:

Zach, It turns out Wednesday doesn't work now. Tuesday, Thursday or Friday are fairly wide open. Let me know. Jerry

*Jerome A. Kunkel*
*Assistant Prosecuting Attorney*
*Office of Melissa Powers*
*Prosecuting Attorney*
*Hamilton County, Ohio*
*230 E.9th St., Ste. 4000*
*Cincinnati, Ohio 45202*
*(513)946-3103*
*www.hcpros.org*



DOC051324-05132024142804
.pdf
142 KB

**From:** chris@cwiestlaw.com
**Subject:** RE: Meeting Re: Davis
**Date:** May 21, 2024 at 11:02 AM
**To:** Jerry Kunkel  Jerry.Kunkel@hcpros.org
**Cc:** Thomas B. Bruns  tbruns@bcvalaw.com,  zg@zgottesmanlaw.com

FRCP 26(d)(3) is clear that your position on this is not appropriate under the civil rules.

(3) Sequence. Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

(A) methods of discovery may be used in any sequence; and

(B) discovery by one party does not require any other party to delay its discovery.

But we understand your position – we will issue notices and involve the court.

-Chris

Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com

**From:** Jerry Kunkel <Jerry.Kunkel@hcpros.org>
**Sent:** Tuesday, May 21, 2024 10:56 AM
**To:** 'chris@cwiestlaw.com' <chris@cwiestlaw.com>
**Subject:** RE: Meeting Re: Davis

No depositions until we have their prior recorded statements.

*Jerome A. Kunkel*
*Assistant Prosecuting Attorney*
*Office of Melissa Powers*
*Prosecuting Attorney*
*Hamilton County, Ohio*
*230 E.9th St., Ste. 4000*
*Cincinnati, Ohio 45202*
*(513)946-3103*
*www.hcpros.org*

Exhibit 3

**From:** chris@cwiestlaw.com [mailto:chris@cwiestlaw.com]
**Sent:** Tuesday, May 21, 2024 10:53 AM
**To:** Jerry Kunkel; 'Zach Gottesman'; Jon Halvonik
**Cc:** 'Thomas B. Bruns'
**Subject:** RE: Meeting Re: Davis

Jerry:

We can agree to fact witness disclosure of 12/6/24.

We don't mind pushing the fact cutoff a bit for holiday purposes, say to 1/10/25, but we do not think that this case is all that complicated to require a fact discovery runway through February, 2025. We think that is way too long for this case.

There were three people in that room for the conversation between Jason David, Jay Gramke, and Charmaine McGuffey. And two people who can speak to measures taken against Jason Davis with respect to his employment who were already parties to that conversation (McGuffey and Gramke). We recognize that you will likely want to talk to Jennifer Davis about damages and her social media, and that we will need to do a 30(b)(6) of the county on *Monell* issues. But as we count it, that is five depositions. Maybe there are a couple more that need to be taken in there, but the issues and facts are straightforward.

And we intend to notice the Sheriff and Jay Gramke's depositions forthwith (in fact, please give us dates that work between June 6 and June 21 for each – and if there is some sort of intent to resist that let me know, which will cause us to notice those depositions).

If we do written discovery over the next couple months, we should be scheduling the rest of the fact depositions in the fall.

We will want to push expert disclosures to coincide with any fact discovery cutoff.


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com


---

**From:** Jerry Kunkel <Jerry.Kunkel@hcpros.org>
**Sent:** Tuesday, May 21, 2024 10:33 AM
**To:** 'chris@cwiestlaw.com' <chris@cwiestlaw.com>; 'Zach Gottesman' <zgottesman@gmail.com>; Jon Halvonik <Jon.Halvonik@hcpros.org>
**Cc:** 'Thomas B. Bruns' <tbruns@bcvalaw.com>
**Subject:** RE: Meeting Re: Davis

Chris, The only dates we would change are: C. 6 and 7. We propose moving the fact witness disclosure to 12/6/24 and the fact discovery cut-off to 2/28/25. It's difficult to do government employees' depositions around the holidays. Jerry

*Jerome A. Kunkel*
*Assistant Prosecuting Attorney*
*Office of Melissa Powers*
*Prosecuting Attorney*
*Hamilton County, Ohio*
*230 E.9th St., Ste. 4000*
*Cincinnati, Ohio 45202*
*(513)946-3103*
*www.hcpros.org*

---

**From:** chris@cwiestlaw.com [mailto:chris@cwiestlaw.com]
**Sent:** Friday, May 17, 2024 2:14 PM
**To:** Jerry Kunkel; 'Zach Gottesman'; Jon Halvonik
**Cc:** 'Thomas B. Bruns'
**Subject:** RE: Meeting Re: Davis

Jerry and Jon:

Attached is a proposed 26(f) report – we aren't necessarily wed to dates. We think seeing any proposed changes in advance of Thursday from you folks may make the call more efficient.

Thanks,


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com



---

**From:** Jerry Kunkel <Jerry.Kunkel@hcpros.org>
**Sent:** Thursday, May 16, 2024 10:17 AM
**To:** 'Zach Gottesman' zgottesman@gmail.com; Jon Halvonik Jon.Halvonik@hcpros.org
**Cc:** Thomas B. Bruns tbruns@bcvalaw.com; Chris Wiest chris@cwiestlaw.com
**Subject:** RE: Meeting Re: Davis

I am

*Jerome A. Kunkel*
*Assistant Prosecuting Attorney*

*Assistant Prosecuting Attorney*
*Office of Melissa Powers*
*Prosecuting Attorney*
*Hamilton County, Ohio*
*230 E.9th St., Ste. 4000*
*Cincinnati, Ohio 45202*
*(513)946-3103*
*www.hcpros.org*

**From:** Zach Gottesman [mailto:zgottesman@gmail.com]
**Sent:** Thursday, May 16, 2024 10:11 AM
**To:** Jon Halvonik
**Cc:** Thomas B. Bruns; Chris Wiest; Jerry Kunkel
**Subject:** Re: Meeting Re: Davis

Jon,

Chris and I will be in a depositon on the afternoon of May 23, but we'd like to hold our FRCP 26(f) conference with you during a break at 2:15 pm.  Are you both available then?

Kind regards,

Zachary Gottesman, Esq.
Gottesman & Associates, LLC
9200 Montgomery Road, Bldg. E, Ste. 18B
Cincinnati, Ohio  45242
Tele:   513/651-2121
Fax:          513/586-0655
Mobile:       513/225-8997
zgottesman@gmail.com

The preceding information is from the law firm of Gottesman & Associates, LLC, and may be protected by attorney/client privilege. If you believe it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete the message. Do not retain a copy. Thank you.

On May 16, 2024, at 8:53 AM, Jon Halvonik <Jon.Halvonik@hcpros.org> wrote:

All,

Does the afternoon of May 23 still work for everyone?

**Jonathan Halvonik**
Assistant Prosecuting Attorney
Office of Melissa A. Powers, Hamilton County Prosecutor
513-946-3051 (Office)
www.hcpros.org

---

**From:** Jerry Kunkel
**Sent:** Monday, May 13, 2024 11:07 AM
**To:** 'Zach Gottesman'
**Cc:** Chris Wiest; Thomas B. Bruns; Jon Halvonik
**Subject:** RE: Meeting Re: Davis

I would prefer the 23rd.

*Jerome A. Kunkel*
*Assistant Prosecuting Attorney*
*Office of Melissa Powers*
*Prosecuting Attorney*
*Hamilton County, Ohio*
*230 E.9th St., Ste. 4000*
*Cincinnati, Ohio 45202*
*(513)946-3103*
*www.hcpros.org*

---

**From:** Zach Gottesman [mailto:zgottesman@gmail.com]
**Sent:** Monday, May 13, 2024 10:59 AM
**To:** Jerry Kunkel
**Cc:** Chris Wiest; Thomas B. Bruns; Jon Halvonik
**Subject:** Re: Meeting Re: Davis

Jerry,

Let's pick a date for our FRCP 26(f) conference. Defendants' answer date is June 7, 2024. An "Early Rule 34 Request for Production" it is not considered to be served until we have the 26(f) conference under FRCP 26(d)(2)(B).

Are you free on May 22 or 23 in the afternoon for the 26(f) conference?

Let me know,

Zachary Gottesman, Esq.
Gottesman & Associates, LLC
9200 Montgomery Road, Bldg. E, Ste. 18B
Cincinnati, Ohio 45242
Tele:    513/651-2121
Fax:         513/586-0655
Mobile:       513/225-8997
zgottesman@gmail.com

The preceding information is from the law firm of Gottesman & Associates, LLC, and may be protected by attorney/client privilege. If you believe it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete the message. Do not retain a copy. Thank you.

On May 13, 2024, at 10:24 AM, Jerry Kunkel <Jerry.Kunkel@hcpros.org> wrote:

Zach, We will be sending you an " Early Rule 34 Request for Production" as provided for in Rule 26 (d)(2)(A) for the recorded prior statements of our clients. Jerry

*Jerome A. Kunkel*
*Assistant Prosecuting Attorney*
*Office of Melissa Powers*
*Prosecuting Attorney*
*Hamilton County, Ohio*
*230 E.9th St., Ste. 4000*
*Cincinnati, Ohio 45202*
*(513)946-3103*
*www.hcpros.org*

---

**From:** Zach Gottesman [mailto:zgottesman@gmail.com]
**Sent:** Sunday, May 12, 2024 6:42 AM
**To:** Jerry Kunkel
**Cc:** Chris Wiest; Thomas B. Bruns
**Subject:** Re: Meeting Re: Davis

Jerry,

I have to cancel our Monday, May 13, 2024 meeting.

I've had further discussions with my co-counsel.  Rather than conduct informal discovery and exchange materials now, we would like to have our FRCP 26(f) conference and proceed with discovery according to the rules.

Kind regards,

Zachary Gottesman, Esq.
Gottesman & Associates, LLC
9200 Montgomery Road, Bldg. E, Ste. 18B
Cincinnati, Ohio  45242
Tele:   513/651-2121
Fax:            513/586-0655
Mobile:        513/225-8997
zgottesman@gmail.com

The preceding information is from the law firm of Gottesman & Associates, LLC, and may be protected by attorney/client privilege. If you believe it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete the message. Do not retain a copy. Thank you.

On May 6, 2024, at 1:33 PM, Jerry Kunkel <Jerry.Kunkel@hcpros.org> wrote:

Zach, It turns out Wednesday doesn't work now. Tuesday, Thursday or Friday are fairly wide open.
Let me know. Jerry


**_Jerome A. Kunkel_**
_Assistant Prosecuting Attorney_
_Office of Melissa Powers_
_Prosecuting Attorney_
_Hamilton County, Ohio_
_230 E.9th St., Ste. 4000_
_Cincinnati, Ohio 45202_
_(513)946-3103_
_www.hcpros.org_

<DOC051324-05132024142804.pdf>

**From:** chris@cwiestlaw.com 📎
**Subject:** Davis, et. al. v. McGuffey, et. al., 1:24-CV-202
**Date:** May 23, 2024 at 7:34 PM
**To:** Jerry Kunkel Jerry.Kunkel@hcpros.org, Jon Halvonik Jon.Halvonik@hcpros.org
**Cc:** Zach Gottesman zgottesman@gmail.com, Thomas B. Bruns tbruns@bcvalaw.com



Counsel:

Please find attached, in word copy and .pdf, a copy of written discovery directed to the individual Defendants in the above captioned matter.  A hard copy has been placed in the mail.

Sincerely,



Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com

| | |
|---|---|
| **DiscoveryToGramke-5-23-24.pdf** 220 KB | **DiscoveryToGramke-5-23-24 .docx** 45 KB |
| **Discovery to C McGuffey-52324 .pdf** 223 KB | **Discovery to C McGuffey-52324 .docx** 48 KB |

Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

**JASON DAVIS** and                    : Case No. 1:24-cv:0202
**JENNIFER DAVIS,**
                                       :
     Plaintiffs
                                       :
v.
                                       :
**CHARMAINE McGUFFEY**, et. al.
                                       :
     Defendants,

**PLAINTIFFS' FIRST SET OF COMBINED DISCOVERY REQUESTS, INCLUDING INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT CHARMAINE MCGUFFEY**

Plaintiffs Jason Davis and Jennifer Davis (hereinafter collectively "Plaintiffs"), pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure and other applicable law, requests that Defendant **Charmaine McGuffey** (the "Defendant"): (i) answer the following interrogatories in writing and under oath, (ii) respond to each of the following requests for admission in writing, (iii) produce or make available for inspection and copying at the Law Office of Christopher D. Wiest, 50 E. Rivercenter Blvd, Ste. 1280, Covington, KY 41011, the following documents, materials, and things, and (iv) respond in writing to the following requests for production (collectively, the "Discovery Requests"), within thirty (30) days after service hereof. These Discovery Requests shall be deemed continuing as to require supplemental answers if Defendants obtain further information and/or documentation between the time of service and the time of trial.

**DEFINITIONS**

Exhibit 5

1.      "Complaint" refers to the lawsuit filed by Plaintiff in the United States District Court for the Southern District of Ohio, Case No. 1:24-cv:0202.

2.      "Communication" shall mean any conversation or other oral or written contact, formal or informal, at any time or place, during which information of any nature was transmitted. "Communication" includes, but is not limited to, meetings, telephone conversations, discussions, memoranda, correspondence, e-mail, and oral requests for information.

3.      The terms "Defendant," "you," and "your," mean Defendant Charmaine McGuffey, as well as any of their present and former employees, servants, agents, attorneys, accountants, investigators, and all other persons known to be acting on his behalf.

4.      As used in these Discovery Requests, the term "writing(s)" or "document(s)" shall mean every document (as defined in Fed. R. Civ. P. 34) in the possession, custody, or control of you, whether a copy, draft, or original, wherever located, with all exhibits, attachments, and schedules, including but not limited to the following:   correspondence and drafts of correspondence; notes or summaries of conversations; income tax returns, forms, schedules or worksheets; inter- and intra-office memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures, circulars, bulletins, advertisements, sales catalogs or literature; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, reviews or telephone conversations; purchase orders, quotations, estimates, invoices, bids, receipts, or acknowledgments, including the reverse sides of all such documents with printing, typing or writing on the reverse sides; bills of lading and other shipping documents; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements, licenses, leases, insurance policies and riders, or options; proposals or diaries; desk

calendars, appointment books, or telephone call books; property valuations or appraisals, and their updates; affidavits, depositions, transcripts and statements, or summaries or excerpts thereof; stenographic notes; books and records, including but not limited to journals, ledges, balance sheets, profit and loss statements, computer print-outs and notes and memoranda concerning them; financial data; stock certificates and evidence of stock ownership; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; note pads, tabulations, data compilations, calculations, or computations; schedules or drafts; charts and maps; forecasts and projections; drawings, designs, plans, specifications, graphs, blueprints, sketches, or diagrams; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; work papers; print-outs or other stored information from computers or other information retention or processing systems; photographic matter or sound reproduction matter however produced, reproduced or stored; government reports, regulations, filings or orders; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing which are different because of marginal or handwritten notations, or because of any markings thereon. A draft or non-identical copy is a separate document within the meaning of this term.

5.      The term "Plaintiff" means Plaintiffs, Jason and Jennifer Davis.

6.      The terms "person" or "persons" refer to any natural person, firm, corporation, company, unincorporated association, partnership, or other form of legal entity or government body, including its agents and representatives.

7.      "Identify" shall mean:

3

(A)    With respect to a person, state the full name, home address, business address, employer, and position or positions within each organization employing such person.  If the person's full name is not available, provide the portion of the name known, and any identifying physical characteristic or job responsibilities;

(B)    With respect to a corporation, partnership, or other business or government entity, state the full name and principal business address;

(C)    With respect to an oral communication, state the speaker, each person spoken to or who otherwise heard the communication, the substance of the communication, and the precise date, time, and place of the communication;

(D)    With respect to a document, state its title and a description of its subject matter, the identity of the person or persons who prepared it, the identity of the addressor and addressee or recipients of the document, the document's date, and if undated, its date of preparation, and its location and custodian; and

(E)    With respect to an event or occasion, state the date(s) and time(s) at which it occurred, the location at which it occurred, and any witnesses to it or persons present at it.

8.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9.    "All" and "each" will be construed as all and each.

10.    "Representative" means, with respect to a natural individual, any employee, accountant, broker, financial advisor, agent, or attorney of the Person, including, but not limited to, and Person or entity acting or purporting to act on such Peron's behalf or at the request or instruction of such Person.

11.    "Representative" means, with respect to a corporation, partnership, joint venture

4

company, sole proprietorship, limited liability company, association, or governmental entity, any past or present officer, director, employee, accountant, financial advisor, broker, agent, or attorney, including, but not limited to, a representative acting or purporting to act on such corporation's, partnership's, joint venture company's, sole proprietorship's, limited liability company's, association's, or governmental entity's behalf.

12.     "Relating to" means constituting or evidencing and directly or indirectly addressing, discussing, mentioning, describing, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

13.     The word "or" shall be nonexclusive.

14.      The term "including" means including without limitation.

15.     The singular of any word shall include the plural, and the plural of any word shall include the singular.

16.     "And/Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Request all responses that might otherwise be construed to be outside of its scope.

17.     The word "Expert" means:

(A)     Anyone who is an expert within the Federal Rules of Evidence;

(B)     Anyone who has acquired through formal or informal education, training or practical experience, special knowledge or skills in some art, science, trade, profession or other human activities, and is thereby competent to deduce correct inferences or conclusions or opinions from real or hypothetically stated facts and give testimony therefrom, which is consistent with said individual's field or area of special knowledge or skill; or

5

(C)     Anyone whom you plan or intend to use as an expert witness in this action including, but not limited to, anyone you plan or intend to offer opinions.

## **INSTRUCTIONS**

1.      The following Discovery Requests call for all information, including that contained in any documents or any other tangible thing, that is known or available to you, including all information in the possession of your agents, attorneys, accountants, or other experts, and any investigator or any person acting on your behalf or under your or your attorneys' employment, direction, and/or control.

2.      If you cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry into and to secure information requested therein, please so state, answering such interrogatory to the extent that you are able, and further specify the facts on which you relied to support your contention that you are unable to answer the interrogatory fully and completely.  State the knowledge, information, or belief you possess concerning the unanswered portion of such interrogatory and fully detail the acts done and the inquiries made which demonstrate that you have exercised due diligence to secure the requested information.

3.      If you contend that any information or document may be withheld upon any claim of privilege, pursuant to Federal Rule of Civil Procedure 26 and other applicable law, identify any such information or document, and with respect to said information or document, state:

(A)     For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients

6

shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(B) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

4. All documents are to be produced that are within your possession or control or within the possession or control of your attorneys, investigators, agents, employees or other representatives of you or your attorneys. If a Discovery Request cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

5. These Discovery Requests are continuing in nature. You must supplement or correct any response to these Discovery Requests if, after these Discovery Requests are answered for the first time, you learn that in some material respect the response provided is incomplete or incorrect. These Discovery Requests include all documents, materials, things, and information known or available to you, or are in your possession, custody, or control of you, your agents, or your attorneys.

6. Each request for a document or documents to be produced requires production of the document, in its entirety, without abbreviation or expurgation, and without redacting any portion of it.

7. If you object to any Discovery Request on belief that part, but not all, of the Discovery Request is objectionable, so state, and produce the document, material, or thing to you do not object and identify all documents, materials, and things that exist that are not being

7

produced because of the objection.

8.    To the extent you assert any claim of privilege, you shall set forth in complete and specific detail the exact privilege being claimed, as well as every fact upon which your claim of privilege is based and such facts as will be sufficient for the Court, upon reviewing your response, to make a full and complete determination whether your privilege claim is valid and applicable.  To the extent any privilege is claimed, you shall also produce in response to these Discovery Requests a privilege log that includes: (i) the date of each document, the event, or item claimed to be privileged, (ii) the description of the document, event, or item sufficient that it can be reviewed, and (iii) the identity of every person who had possession of, had access to, or saw the document or item, or who participated in or was present during the event included within the log.  The privilege log must also include the subject matter of each document, event, or item without revealing specific information as to which the privilege is asserted.  In any event, the privilege log must contain specificity such that the Court will be able to make a full and complete determination whether your claim of privilege is valid and acceptable.

9    More than one paragraph of this request may ask for the same document.  The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual request.  Where a document responds to more than one numbered paragraph, only one copy of it need be produced.

10.    If any document requested was, but is no longer in your possession or subject to your control or is no longer in existence, state whether it:

(A)    Is missing or lost;

(B)    Has been destroyed;

8

(C)     Has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred;

(D)     has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances; or

(E)     Identify the documents that are missing, lost, destroyed, transferred, or otherwise disposed of, by author, date, subject matter, addressee and the number of pages.

11.     If you do not clearly understand, or have any questions about the definitions, instructions, or any interrogatory, please contact the undersigned counsel promptly for clarification.

12.     You are also directed to supplement all answers, as required under FRCP 26(e).

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## PROPOUNDED TO DEFENDANT

1.      Admit that every document or record produced by you in response to any

Discovery Request in this matter is a business record within the meaning of Federal Rule of

Evidence 803(6) and is authentic within the meaning of Federal Rule of Evidence 901.

   **ANSWER:**


2.      Admit that you and Chief Deputy Jay Gramke ("Chief Deputy Gramke") met with

Jason Davis on October 10, 2023, to discuss Jason Davis' employment.

   **ANSWER:**


3.      Admit that during the October 10, 2023 meeting, Chief Deputy Gramke told Jason

Davis, in your presence, that "I can tell you that I squashed you going to RENU."

   **ANSWER:**


4.      Admit that the "you" in the statement by Chief Deputy Gramke, contained in

Request for Admission Number 3, was in reference to Jason Davis.

   **ANSWER:**


5.      Admit that after making the statement in Request for Admission Number 3, Chief

Deputy Gramke then said the reason for squashing the RENU appointment was "And that was

due to some Facebook things between you and your wife and things that you said and did some

time ago."

**ANSWER:**

6.      Admit that after making the statement in Request for Admission Number 5, Chief Deputy Gramke then said "You put something about a football game. It would have been nice if we would have been to a football, something about that your wife has made numerous comments to the crazy woman on Facebook. There's been –"

   **ANSWER:**

7.      Admit that after Chief Deputy Gramke made the statement in Request for Admission No. 6, you interjected "Carolyn Adams."

   **ANSWER:**

8.      Admit that after the interjection by you in Request for Admission No. 7, Chief Deputy Gramke then made the following statement:

>   Well, challenging us -- challenging us on Facebook -- challenging the administration on Facebook and then having your wife converse with a crazy person that makes lies up -- have you looked at the stuff that she writes about her?· Have you seen the crazy stuff that she writes, the terrible things, the vicious -- if that was your mom, if that was your wife, if that was your sister, how would you feel about that?

   **ANSWER:**

9.      Admit that after Chief Deputy Gramke made the statement in Request for Admission No. 8, Jason Davis then made the following statement:

>   I mean, I get that, but that's my wife's opinion.· That has no bearing on me whatsoever. She's her own person. I mean, I don't, you know, monitor what she does.· I just –

**ANSWER:**

10.     Admit that after Jason Davis made the statement in Request for Admission No. 9, you then made the following statement:

> Well, let me just put it in perspective for you. And the Chief used the example of wife, sister, et cetera. I'm the boss. I'm the Sheriff. And I've got to tell you, you know, I came up under Sheriff Leis, around 26 years, and I worked very closely with him. I ran some of his most prized programs. Okay. And, you know, if there was any kind of Facebook thing going around like that about Simon Leis when I worked for him I would have done my best to squash it. I would have done my best to kill it. I would have certainly never participated in it. Because you respect the boss, you know. I mean, I wouldn't have done it under Jim Neil.
>
> Now, here's the thing, you know, I get that your wife is, you know, she's her own person. She has every right to say, do whatever she likes. I don't hold it personally against her, but I'll give you an example. When I was working for Sheriff Leis there was an officer who worked here who had been, you know, a long-time kind of family friend, et cetera, and she needed a place to stay and so I said, well, you know, I have a full basement and everything, you can stay there for a little while. Well, she stopped coming to work. And I said, you know what, you can't live here if you don't go to work. You just can't. She wasn't even -- I wasn't married to her. She wasn't related to me. I just said, look, I am not going to be associated with someone who doesn't do their job. You can't be that closely associated with me and not come to work. And, you know, I hope you have a good life and everything, but you can't live here if you're going to do that. And because -- and the reason I did that is because that reflects upon me, you know. She's in my house. She's just a roommate. I mean, she's nobody to me close, but I was not going to let someone be around me who would reflect negatively on me in any way because that's not the way I run my life.
>
> And, you know, I think that, as much as your wife is -- she wants to be her own person, hey, I applaud that, you know. Then there is an accountability, because you guys are associated.

**ANSWER:**


11.     Admit that, at all times relevant to the meeting held between you, Chief Deputy Gramke, and Jason Davis on or about October 10, 2023, Chief Deputy Gramke was acting pursuant to authority conferred to him by law.

12

**ANSWER:**

12.     Admit that, at all times relevant to the meeting held between you, Chief Deputy Gramke, and Jason Davis on or about October 10, 2023, Chief Deputy Gramke was acting under color of law.

**ANSWER:**

13.     Admit that, at all times relevant to the meeting held between you, Chief Deputy Gramke, and Jason Davis on or about October 10, 2023, you were acting pursuant to authority conferred to you by law.

**ANSWER:**

14.     Admit that, at all times relevant to the meeting held between you, Chief Deputy Gramke, and Jason Davis on or about October 10, 2023, you were acting under color of law.

**ANSWER:**

15.     Admit that you are, for purposes of employment, including assignments to RENU and promotions to Corporal within the Sheriff's department, the ultimate policy-making official for such actions pursuant to law.

**ANSWER:**

16.     Admit that Jennifer Davis has never been an employee of the Hamilton County Sheriff's Office.

13

**ANSWER:**


### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### PROPOUNDED TO DEFENDANT CHARMAINE MCGUFFEY

1.      Excluding attorneys, identify each Person who provided information and/or documents for, or otherwise assisted you with, responding to each specific interrogatory, request for admission, and/or request for production of documents.

**ANSWER:**


2.      Identify all Persons with knowledge of any of the allegations contained in Plaintiffs' Complaint, and/or with knowledge of any of the defenses alleged in your Answer, including, generally, the subject matter of which they have knowledge.

**ANSWER:**


3.      Identify all persons from whom you have taken formal or informal statements concerning this case including, but not limited to, written, oral or tape-recorded statements, including the name, address, and telephone number of each such person and the date(s) on which the statements were taken.

**ANSWER:**

4.      Identify each person you expect to call as a lay (fact) witness at the trial of this matter and state the subject matter upon which each lay witness is expected to testify.

**<u>ANSWER</u>:**

5.      Identify all Experts that you intend to call  at the trial of this action, and for each such Expert state:  (A) the Expert's qualifications, with particular reference to the issues upon which he/she may be called to testify; (B) the subject matter of the expected testimony, together with the substance of the facts and observations on which he/she is expected to testify; (C) the opinions or conclusions to be expressed in the expected testimony, together with a summary of the grounds for each opinion and/or conclusion; (D) whether the Expert has provided any written or recorded report; and (E) identify all documents that have been submitted to and/or reviewed by each Expert in connection with his/her evaluation of any issues in this case or the formulation of his/her opinions and/or conclusions.

**<u>ANSWER</u>:**

6.      Please state all reasons why you prevented, or permitted Chief Deputy Gramke to prevent, Jason Davis' reassignment to RENU in 2023?

**<u>ANSWER</u>:**

7.      Please state all reasons why you prevented, or permitted Chief Deputy Gramke to prevent, Jason Davis' promotion to corporal in 2023?

**ANSWER:**

8.      Please state all reasons why you told Jason Davis that he needed to disassociate himself with his spouse, Jennifer Davis, in order to advance his career with the Hamilton County Sheriff's Office.

**ANSWER:**

9.      Please state all reasons why you tried to get Jason Davis to regulate or attempt to regulate the online speech of Jennifer Davis.

**ANSWER:**

10.      With respect to Jason Davis' Facebook post about the football game, please state all reasons why you punished him for that post.

**ANSWER:**

16

11.     Please state each and every reason why you lied to Cincinnati news outlets that reported on the filing of this lawsuit?

**ANSWER:**


12.     Identify each and every Person with whom you have Communicated regarding the Complaint, the allegations contained in the Complaint, the underlying incident, your Answer, and/or the matters or defenses contained in your Answer, providing the date of any such Communication, and the general nature of the Communication.

**ANSWER:**


13.     Identify every document or other material that you intend to introduce as an exhibit at the trial of or any hearing in this matter, or use during the deposition of any witness in this matter.

**ANSWER:**


14.     Set forth with specificity every admission or statement by any Plaintiff, yourself, or any employee, officer, agent, or representative of the Hamilton County Sheriff's Office, or Defendant which either supports or refutes any claim contained in the Complaint, or supports or refutes any defense raised in the Answer.  For each such admission or statement, provide the

17

following: (a) if oral, identify the individual who uttered the admission or statement and identify every person present at the time the admission or statement was made, and (b) if written, identify the author of each such admission or statement.

**ANSWER:**


15.    Identify, from January 1, 2015 to the present any lawsuits, complaints (including citizen complaints taken pursuant to city or police department policy) or cases that you have been a party to, and/or cases that the Hamilton County Sheriff's Office has been a party to, relating to violation(s) or allegation(s) of violation(s) of the First Amendment to the United States Constitution, or any other civil rights violation(s); for the avoidance of all doubt, this includes the identity of: (i) every lawsuit in which you have been a Defendant by case number, court, and general nature of the allegations; (ii) every action in which you have been a criminal defendant (other than speeding or parking citations) by case number, court, and general nature of the allegations; and/or (iii) every complaint received by the Hamilton County Sheriff's Office concerning the conduct of any Defendant relating to free speech concerns; for each of these, include the date, the officer the complaint was about, the general subject matter of the complaint or action, and the disposition if any; and (iv) any other disciplinary matter regarding your service at the Hamilton County Sheriff's Office or any other law enforcement agency, including the date, the general subject matter of the complaint or action, and the disposition if any such complaint.

**ANSWER:**

18

16.     If you claim that your actions and/or statements with respect to Jason Davis, related to the denial of the RENU transfer and/or corporal promotion, and/or the general threats by you or Chief Deputy Gramke at the October 10, 2023 meeting concerning Jason Davis' or his wife's social media activity, were taken according to a policy or practice of the Hamilton County Sheriff's Office, identify that policy or practice and/or produce such policy.

**ANSWER:**

17.     State your full name, address, social security number, and date of birth.

**ANSWER:**

18.     State the factual basis for, and any and all facts that support, each affirmative defense and/or any other defense raised in your Answer.

**ANSWER:**

19.     If your response to any request for admission was anything other than an unqualified admission, unless the basis for any denial or partial denial is stated in the response, state the factual basis for each denial or partial denial of any such request to admit.

**ANSWER:**

20.    To assist a jury with the determination of the appropriate amount of punitive damages, please identify and describe all assets that you have ownership, custody, or control over, from January, 2022, to the present; for the avoidance of all doubt, this includes a listing, description and valuation of the asset (i.e. bank account at Fifth Third, balance between $50 and $2,000; real property at 123 Main Street, auditor value $100,000 with a mortgage of $50,000).

**ANSWER:**

**VERIFICATION**

I, _____, swear that the answers I have given to the above Interrogatories are true and based upon my personal knowledge.

_____
_____

Sworn to before me and subscribed in my presence by _____ on this _____ day of _____, 202__.

_____
    Notary Public

My commission expires: _____

20

## PLAINTIFF'S REQUESTS TO PRODUCE DOCUMENTS, MATERIALS, AND OTHER TANGIBLE THINGS TO DEFENDANT

1.     Produce all documents used, reviewed, identified, or otherwise relied upon in answering Plaintiffs' Interrogatories and/or Requests for Admission served contemporaneously herewith.

**RESPONSE:**

2.     Produce all documents used, reviewed, referred to, or otherwise relied upon in preparing your Answer in this action, or related in any way to the allegations in the Complaint.

**RESPONSE:**

3.     Produce all documents that constitute, evidence, tend to evidence, support, refute, tend to refute, refer to, or relate in any way to the claims made in the Complaint and/or your Answer or defenses raised thereto.

**RESPONSE:**

4.     Produce all reports, documents, files, and/or investigations related to: (i) contract negotiations in 2023 regarding the expiration or early expiration of the corporal promotion list; (ii) the RENU transfer that was revoked by Chief Deputy Gramke in 2023 regarding Jason Davis; and/or (iii) the corporal promotion or eligibility list placement for Jason Davis in 2023.

**RESPONSE:**

5.      Produce all documents, video, and/or audio (including communications with dispatch), reflecting, referring, or relating to the October 10, 2023 interaction between Plaintiff Jason Davis and Defendants Gramke and McGuffey.

**RESPONSE:**

6.      Produce all documents reflecting pay and benefits given to deputies assigned to RENU in 2021, 2022, 2023 and/or 2024.

**RESPONSE:**

7.      Produce all documents reflecting pay and benefits given to deputies who were promoted to corporal in 2021, 2022, 2023, and/or 2024.

**RESPONSE:**

8.      Produce all documents reflecting pay and/or benefits given to Jason Davis in 2021, 2022, and/or 2023.

**RESPONSE:**

9.      Produce a copy of Jason Davis's personnel file including, without limitation, all performance reviews for Jason Davis in 2021, 2022, or 2023.

**RESPONSE:**

10.     Produce a copy of Jason Davis' exit interview.

**RESPONSE:**


11.     With the exception of communications with Counsel covered by the attorney-client privilege, produce a copy of any text message, email, or other document that in any way reflects or relates to either of the Plaintiffs, the October 10, 2023 interaction between Plaintiff Jason Davis and Defendants McGuffey and Gramke, Jason Davis' RENU transfer in 2023, and/or Jason Davis' promotion to corporal in 2023.

**RESPONSE:**


13.     Produce any list and/or other document maintained by you, Chief Deputy Gramke, or anyone else in the Hamilton County Sheriff's Office related to the social media and/or similar online activities of any deputy, or any family of any deputy.

**RESPONSE:**


14.     Produce any documents that in any way relate to any of the following legal actions, including criminal offenses (excluding minor traffic violations) in which any Defendant has been a party: (i) any criminal matter (excluding minor traffic violations); (ii) a defendant in any lawsuit; and/or (ii) a party in any administrative and/or disciplinary matter.

**RESPONSE:**

15.     Produce a copy of any document that reflects, refers, or relates to any investigation of either Plaintiff conducted by or on behalf of the Hamilton County Sheriff's Office.

**RESPONSE:**


16.     Produce a copy of any document that reflects, refers, or relates to any investigation of any allegation contained in Plaintiffs' Complaint conducted by or on behalf of the Hamilton County Sheriff's Office.

**RESPONSE:**


17.     Produce a copy of any witness statement, written notes, videotapes, and/or audio tapes memorializing interviews with any witness in relation to the Complaint in this matter.

**RESPONSE:**


18.     Produce a copy of any photograph, video, movie, slide, and/or any other document taken or reviewed as part of your investigation of Plaintiffs' Complaint.

**RESPONSE:**

19.     Produce any physical evidence relating to your investigation of Plaintiffs' Complaint.

**RESPONSE:**

20.     Produce any surveillance tape and/or report generated or reviewed as part of the investigation of Plaintiffs' Complaint.

**RESPONSE:**

21.     For each Defendant, produce a copy of any insurance policy that may provide coverage to satisfy any judgment that may be rendered in this matter, including any communications that reveal or relate to any reservations of rights from any such insurer.

**RESPONSE:**

22.     Produce a copy of all Communications made to any third party or received from any third party, in any way shape or form, regarding the above captioned matter including, without limitation, any letter, any investigative file, and/or any similar document.

**RESPONSE:**

23.     Please produce any Expert's report, *curriculum vitae*, fee agreement, and all Documents, writings, and/or correspondence relied upon and used by such Expert in formulating such report or opinions held by that Expert, including any Documents and/or correspondence provided to such Expert by you or your agent, Representative, or Person under your direction. The term Expert includes experts retained as to issues against or involving either Plaintiff.

     **RESPONSE:**


24.     Please produce the most recent version or edition of resume or *curriculum vitae* of any Expert identified in your answer to any Interrogatory.

     **RESPONSE:**



25.     Please produce all Hamilton County Sheriff's Office training materials, policies, and/or procedures in place from January 1, 2018 to the present, and concerning First Amendment/protected speech training, policies, and/or procedures.

     **RESPONSE:**


26.     Please produce a copy of any exhibit you intend to utilize for the deposition of either Plaintiff.

     **RESPONSE:**


27.     Please produce a copy of any exhibit you intend to utilize at trial.

**RESPONSE:**

28.     Produce any and all documents that reflect or relate to any Defendant, from January 1, 2015 to the present, regarding any allegations, complaints, or accusations related to:  (1) aggressive behavior; (2) violence and/or attempted violence; (3) excessive force and/or attempted excessive force; (4) shooting and/or improper use of firearms; (5) acts indicating inaccuracy or dishonesty; (6) failure to follow department policy and/or the law; (7) improper stops/investigations, including lack of probable cause; (8) improper arrest or detainment; (9) fabrication, misrepresentation, suppression and/or embellishment of facts in reports; (10) fabrication, misrepresentation, suppression and/or embellishment of evidence; (11) false testimony; (12) morally lax character and/or willingness to lie; and/or (13) fabrication and/or false claims of probable cause.

**RESPONSE:**

29.     Produce the full background file and investigation conducted on any Defendant prior to that Defendant's respective hiring by the Hamilton County Sheriff's Office.

**RESPONSE:**

30.     Produce any *Brady* list file and/or documentation and/or communication relating to the same, and maintained by any prosecutor, concerning any Defendant.  The term "prosecutor" is to include the Hamilton County Prosecutor's Office.

27

**RESPONSE:**

31.     Produce your federal and state income tax returns for 2022, 2023, and 2024.

**RESPONSE:**

32.     Produce any document that reflects your assets, including net assets, from January,

2023, to the present.

**RESPONSE:**

<div style="margin-left:50%">

Respectfully submitted,

*/s/Zachary Gottesman*
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
9200 Montgomery Road
Building E, Suite 18B
Cincinnati, Ohio 45242
513/651-2121
zgottesman@gmail.com

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd, Suite 1280
Covington, KY 41011
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com
**Attorney for Plaintiffs**

</div>

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 23rd day of May, 2024 via electronic and ordinary U.S. mail.

<div style="margin-left:50%">

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)

</div>

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **JASON DAVIS** and | : Case No. 1:24-cv:0202 |
| **JENNIFER DAVIS,** | |
| | : |
| Plaintiffs | |
| | : |
| v. | |
| | : |
| **CHARMAINE McGUFFEY**, et. al. | |
| | : |
| Defendants, | |

**PLAINTIFFS' FIRST SET OF COMBINED DISCOVERY REQUESTS, INCLUDING INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT JAY GRAMKE**

Plaintiffs Jason Davis and Jennifer Davis (hereinafter collectively "Plaintiffs"), pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure and other applicable law, requests that Defendant **JAY GRAMKE** (the "Defendant"): (i) answer the following interrogatories in writing and under oath, (ii) respond to each of the following requests for admission in writing, (iii) produce or make available for inspection and copying at the Law Office of Christopher D. Wiest, 50 E. Rivercenter Blvd, Ste. 1280, Covington, KY 41011, the following documents, materials, and things, and (iv) respond in writing to the following requests for production (collectively, the "Discovery Requests"), within thirty (30) days after service hereof. These Discovery Requests shall be deemed continuing as to require supplemental answers if Defendants obtain further information and/or documentation between the time of service and the time of trial.

**DEFINITIONS**

1.      "Complaint" refers to the lawsuit filed by Plaintiff in the United States District Court for the Southern District of Ohio, Case No. 1:24-cv:0202.

Exhibit 6

2.      "Communication" shall mean any conversation or other oral or written contact, formal or informal, at any time or place, during which information of any nature was transmitted. "Communication" includes, but is not limited to, meetings, telephone conversations, discussions, memoranda, correspondence, e-mail, and oral requests for information.

3.      The terms "Defendant," "you," and "your," mean Defendant Jay Gramke, as well as any of their present and former employees, servants, agents, attorneys, accountants, investigators, and all other persons known to be acting on his behalf.

4.      As used in these Discovery Requests, the term "writing(s)" or "document(s)" shall mean every document (as defined in Fed. R. Civ. P. 34) in the possession, custody, or control of you, whether a copy, draft, or original, wherever located, with all exhibits, attachments, and schedules, including but not limited to the following:   correspondence and drafts of correspondence; notes or summaries of conversations; income tax returns, forms, schedules or worksheets; inter- and intra-office memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures, circulars, bulletins, advertisements, sales catalogs or literature; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, reviews or telephone conversations; purchase orders, quotations, estimates, invoices, bids, receipts, or acknowledgments, including the reverse sides of all such documents with printing, typing or writing on the reverse sides; bills of lading and other shipping documents; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements, licenses, leases, insurance policies and riders, or options; proposals or diaries; desk calendars, appointment books, or telephone call books; property valuations or appraisals, and their updates; affidavits, depositions, transcripts and statements, or summaries or excerpts thereof;

2

stenographic notes; books and records, including but not limited to journals, ledges, balance sheets, profit and loss statements, computer print-outs and notes and memoranda concerning them; financial data; stock certificates and evidence of stock ownership; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; note pads, tabulations, data compilations, calculations, or computations; schedules or drafts; charts and maps; forecasts and projections; drawings, designs, plans, specifications, graphs, blueprints, sketches, or diagrams; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; work papers; print-outs or other stored information from computers or other information retention or processing systems; photographic matter or sound reproduction matter however produced, reproduced or stored; government reports, regulations, filings or orders; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing which are different because of marginal or handwritten notations, or because of any markings thereon.  A draft or non-identical copy is a separate document within the meaning of this term.

5.      The term "Plaintiff" means Plaintiffs, Jason and Jennifer Davis.

6.      The terms "person" or "persons" refer to any natural person, firm, corporation, company, unincorporated association, partnership, or other form of legal entity or government body, including its agents and representatives.

7.      "Identify" shall mean:

(A)      With respect to a person, state the full name, home address, business address, employer, and position or positions within each organization employing such person.  If

3

Exhibit 6

the person's full name is not available, provide the portion of the name known, and any identifying physical characteristic or job responsibilities;

       (B)     With respect to a corporation, partnership, or other business or government entity, state the full name and principal business address;

       (C)     With respect to an oral communication, state the speaker, each person spoken to or who otherwise heard the communication, the substance of the communication, and the precise date, time, and place of the communication;

       (D)     With respect to a document, state its title and a description of its subject matter, the identity of the person or persons who prepared it, the identity of the addressor and addressee or recipients of the document, the document's date, and if undated, its date of preparation, and its location and custodian; and

       (E)     With respect to an event or occasion, state the date(s) and time(s) at which it occurred, the location at which it occurred, and any witnesses to it or persons present at it.

8.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

9.     "All" and "each" will be construed as all and each.

10.     "Representative" means, with respect to a natural individual, any employee, accountant, broker, financial advisor, agent, or attorney of the Person, including, but not limited to, and Person or entity acting or purporting to act on such Peron's behalf or at the request or instruction of such Person.

11.     "Representative" means, with respect to a corporation, partnership, joint venture company, sole proprietorship, limited liability company, association, or governmental entity, any past or present officer, director, employee, accountant, financial advisor, broker, agent, or

4

attorney, including, but not limited to, a representative acting or purporting to act on such corporation's, partnership's, joint venture company's, sole proprietorship's, limited liability company's, association's, or governmental entity's behalf.

12.     "Relating to" means constituting or evidencing and directly or indirectly addressing, discussing, mentioning, describing, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

13.     The word "or" shall be nonexclusive.

14.      The term "including" means including without limitation.

15.     The singular of any word shall include the plural, and the plural of any word shall include the singular.

16.     "And/Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Discovery Request all responses that might otherwise be construed to be outside of its scope.

17.     The word "Expert" means:

(A)     Anyone who is an expert within the Federal Rules of Evidence;

(B)     Anyone who has acquired through formal or informal education, training or practical experience, special knowledge or skills in some art, science, trade, profession or other human activities, and is thereby competent to deduce correct inferences or conclusions or opinions from real or hypothetically stated facts and give testimony therefrom, which is consistent with said individual's field or area of special knowledge or skill; or

(C)     Anyone whom you plan or intend to use as an expert witness in this action including, but not limited to, anyone you plan or intend to offer opinions.

5

**<u>INSTRUCTIONS</u>**

1.      The following Discovery Requests call for all information, including that contained in any documents or any other tangible thing, that is known or available to you, including all information in the possession of your agents, attorneys, accountants, or other experts, and any investigator or any person acting on your behalf or under your or your attorneys' employment, direction, and/or control.

2.      If you cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry into and to secure information requested therein, please so state, answering such interrogatory to the extent that you are able, and further specify the facts on which you relied to support your contention that you are unable to answer the interrogatory fully and completely.  State the knowledge, information, or belief you possess concerning the unanswered portion of such interrogatory and fully detail the acts done and the inquiries made which demonstrate that you have exercised due diligence to secure the requested information.

3.      If you contend that any information or document may be withheld upon any claim of privilege, pursuant to Federal Rule of Civil Procedure 26 and other applicable law, identify any such information or document, and with respect to said information or document, state:

(A)      For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(B)    For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

4.    All documents are to be produced that are within your possession or control or within the possession or control of your attorneys, investigators, agents, employees or other representatives of you or your attorneys.  If a Discovery Request cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

5.     These Discovery Requests are continuing in nature.  You must supplement or correct any response to these Discovery Requests if, after these Discovery Requests are answered for the first time, you learn that in some material respect the response provided is incomplete or incorrect.  These Discovery Requests include all documents, materials, things, and information known or available to you, or are in your possession, custody, or control of you, your agents, or your attorneys.

6.    Each request for a document or documents to be produced requires production of the document, in its entirety, without abbreviation or expurgation, and without redacting any portion of it.

7.    If you object to any Discovery Request on belief that part, but not all, of the Discovery Request is objectionable, so state, and produce the document, material, or thing to you do not object and identify all documents, materials, and things that exist that are not being produced because of the objection.

8.     To the extent you assert any claim of privilege, you shall set forth in complete and specific detail the exact privilege being claimed, as well as every fact upon which your claim of privilege is based and such facts as will be sufficient for the Court, upon reviewing your response, to make a full and complete determination whether your privilege claim is valid and applicable.  To the extent any privilege is claimed, you shall also produce in response to these Discovery Requests a privilege log that includes: (i) the date of each document, the event, or item claimed to be privileged, (ii) the description of the document, event, or item sufficient that it can be reviewed, and (iii) the identity of every person who had possession of, had access to, or saw the document or item, or who participated in or was present during the event included within the log.  The privilege log must also include the subject matter of each document, event, or item without revealing specific information as to which the privilege is asserted.  In any event, the privilege log must contain specificity such that the Court will be able to make a full and complete determination whether your claim of privilege is valid and acceptable.

9     More than one paragraph of this request may ask for the same document.  The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual request.  Where a document responds to more than one numbered paragraph, only one copy of it need be produced.

10.     If any document requested was, but is no longer in your possession or subject to your control or is no longer in existence, state whether it:

(A)     Is missing or lost;

(B)     Has been destroyed;

(C)     Has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred;

8

(D)     has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances; or

(E)     Identify the documents that are missing, lost, destroyed, transferred, or otherwise disposed of, by author, date, subject matter, addressee and the number of pages.

11.     If you do not clearly understand, or have any questions about the definitions, instructions, or any interrogatory, please contact the undersigned counsel promptly for clarification.

12.     You are also directed to supplement all answers, as required under FRCP 26(e).

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## PROPOUNDED TO DEFENDANT

1.      Admit that every document or record produced by you in response to any Discovery Request in this matter is a business record within the meaning of Federal Rule of Evidence 803(6) and is authentic within the meaning of Federal Rule of Evidence 901.

**ANSWER:**

2.      Admit that you and Chamaine McGuffey met with Jason Davis on October 10, 023, to discuss Jason Davis' employment.

**ANSWER:**

3.      Admit that during the October 10, 2023 meeting, you told Jason Davis that "I can tell you that I squashed you going to RENU."

**ANSWER:**

4.      Admit that the "you" in the your statement in Request for Admission Number 3, was in reference to Jason Davis.

**ANSWER:**

5.      Admit that after the statement in Request for Admission Number 3, you then said the reason for squashing the RENU appointment was "And that was due to some Facebook things between you and your wife and things that you said and did some time ago."

**ANSWER:**

10

6.      Admit that after the statement in Request for Admission Number 5, you then said "You put something about a football game. It would have been nice if we would have been to a football, something about that Your wife has made numerous comments to the crazy woman on Facebook. There's been –"

**ANSWER:**

7.      Admit that Charmaine McGuffey then interjected, after the statement in Request for Admission No. 6, "Carolyn Adams."

**ANSWER:**

8.      Admit that after the interjection by Charmaine McGuffey in Request for Admission No. 7, you then made the following statement:

> Well, challenging us -- challenging us on Facebook -- challenging the administration on Facebook and then having your wife converse with a crazy person that makes lies up -- have you looked at the stuff that she writes about her?· Have you seen the crazy stuff that she writes, the terrible things, the vicious -- if that was your mom, if that was your wife, if that was your sister, how would you feel about that?

**ANSWER:**

9.      Admit that after your statement in Request for Admission No. 8, Jason Davis then made the following statement:

> I mean, I get that, but that's my wife's opinion.· That has no bearing on me whatsoever. She's her own person. I mean, I don't, you know, monitor what she does.· I just –

**ANSWER:**

11

10.     Admit that after the statement in Request for Admission No. 9, Charmaine

McGuffey then made the following statement:

> Well, let me just put it in perspective for you. And the Chief used the example of
> wife, sister, et cetera. I'm the boss. I'm the Sheriff. And I've got to tell you, you know,
> I came up under Sheriff Leis, around 26 years, and I worked very closely with him. I
> ran some of his most prized programs.  Okay.  And, you know, if there was any kind
> of Facebook thing going around like that about Simon Leis when I worked for him I
> would have done my best to squash it.  I would have done my best to kill it.  I would
> have certainly never participated in it.  Because you respect the boss, you know.  I
> mean, I wouldn't have done it under Jim Neil.
>
> Now, here's the thing, you know, I get that your wife is, you know, she's her own
> person.  She has every right to say, do whatever she likes.  I don't hold it personally
> against her, but I'll give you an example.  When I was working for Sheriff Leis there
> was an officer who worked here who had been, you know, a long-time kind of family
> friend, et cetera, and she needed a place to stay and so I said, well, you know, I have a
> full basement and everything, you can stay there for a little while.  Well, she stopped
> coming to work.  And I said, you know what, you can't live here if you don't go to
> work. You just can't.  She wasn't even -- I wasn't married to her.  She wasn't related
> to me. I just said, look, I am not going to be associated with someone who doesn't do
> their job.  You can't be that closely associated with me and not come to work.  And,
> you know, I hope you have a good life and everything, but you can't live here if
> you're going to do that.  And because -- and the reason I did that is because that
> reflects upon me, you know.  She's in my house.  She's just a roommate.  I mean,
> she's nobody to me close, but I was not going to let someone be around me who
> would reflect negatively on me in any way because that's not the way I run my life.
>
> And, you know, I think that, as much as your wife is -- she wants to be her own
> person, hey, I applaud that, you know. Then there is an accountability, because you
> guys are associated.

     **ANSWER:**


11.     Admit that, at all times relevant to meeting held between you, Charmaine

McGuffey, and Jason Davis on or about October 10, 2023, that you were acting pursuant to

authority conferred to him by law.

     **<u>ANSWER:</u>**

12

12.     Admit that, at all times relevant to meeting held between you, Charmaine McGuffey, and Jason Davis on or about October 10, 2023, that Charmaine McGuffey was acting under color of law.

     **ANSWER:**

13.     Admit that Jennifer Davis has never been an employee of the Hamilton County Sheriff's Office.

     **ANSWER:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**PROPOUNDED TO DEFENDANT JAY GRAMKE**

1.     Excluding attorneys, identify each Person who provided information and/or documents for, or otherwise assisted you with, responding to each specific interrogatory, request for admission, and/or request for production of documents.

     **ANSWER:**

13

2.     Identify all Persons with knowledge of any of the allegations contained in Plaintiffs' Complaint, and/or with knowledge of any of the defenses alleged in your Answer, including, generally, the subject matter of which they have knowledge.

**ANSWER:**

3.     Identify all persons from whom you have taken formal or informal statements concerning this case including, but not limited to, written, oral or tape-recorded statements, including the name, address, and telephone number of each such person and the date(s) on which the statements were taken.

**ANSWER:**

4.     Identify each person you expect to call as a lay (fact) witness at the trial of this matter and state the subject matter upon which each lay witness is expected to testify.

**ANSWER:**

5.     Identify all Experts that you intend to call  at the trial of this action, and for each such Expert state:  (A) the Expert's qualifications, with particular reference to the issues upon which he/she may be called to testify; (B) the subject matter of the expected testimony, together with the substance of the facts and observations on which he/she is expected to testify; (C) the

opinions or conclusions to be expressed in the expected testimony, together with a summary of the grounds for each opinion and/or conclusion; (D) whether the Expert has provided any written or recorded report; and (E) identify all documents that have been submitted to and/or reviewed by each Expert in connection with his/her evaluation of any issues in this case or the formulation of his/her opinions and/or conclusions.

**ANSWER:**

6.    Please state all reasons why you prevented, or directed others to prevent, Jason Davis' reassignment to RENU in 2023?

**ANSWER:**

7.    Please state all reasons why you prevented, or directed others to prevent, Jason Davis' promotion to corporal in 2023?

**ANSWER:**

8.    Please state all reasons why you told Jason Davis that he needed to disassociate himself with his spouse, Jennifer Davis, in order to advance his career with the Hamilton County Sheriff's Office.

**ANSWER:**

15

Exhibit 6

9.     Please state all reasons why you tried to get Jason Davis to regulate or attempt to regulate the online speech of Jennifer Davis.

**ANSWER:**


10.     With respect to Jason Davis' Facebook post about the football game, please state all reasons why you punished him for that post.

**ANSWER:**


11.     Please state each and every reason why you lied to Cincinnati news outlets that reported on the filing of this lawsuit?

**<u>ANSWER:</u>**


12.     Identify each and every Person with whom you have Communicated regarding the Complaint, the allegations contained in the Complaint, the underlying incident, your Answer, or the matters or defenses contained in your Answer, the date of any such Communication, and the general nature of the Communication.

**<u>ANSWER:</u>**

13.    Identify every document or other material that you intend to introduce as an exhibit at the trial of or any hearing in this matter, or use during the deposition of any witness in this matter.

**ANSWER:**

14.    Set forth with specificity every admission or statement by any Plaintiff, yourself, or any employee, officer, agent, or representative of the Hamilton County Sheriff's Office, or Defendant which either supports or refutes any claim contained in the Complaint, or supports or refutes any defense raised in the Answer. For each such admission or statement, provide the following: (a) if oral, identify the individual who uttered the admission or statement and identify every person present at the time the admission or statement was made, and (b) if written, identify the author of each such admission or statement.

**ANSWER:**

15.    Identify, from January 1, 2015 to the present any lawsuits, complaints (including citizen complaints taken pursuant to city or police department policy) or cases that you have been a party to, and/or cases that the Hamilton County Sheriff's Office has been a party to, relating to violation(s) or allegation(s) of violation(s) of the First Amendment to the United States Constitution, or any other civil rights violation(s); for the avoidance of all doubt, this includes the identity of: (i) every lawsuit in which you have been a Defendant by case number, court, and general nature of the allegations; (ii) every action in which you have been a criminal defendant

17

(other than speeding or parking citations) by case number, court, and general nature of the allegations; and/or (iii) every complaint received by the Hamilton County Sheriff's Office concerning the conduct of any Defendant relating to free speech concerns; for each of these, include the date, the officer the complaint was about, the general subject matter of the complaint or action, and the disposition if any; and (iv) any other disciplinary matter regarding your service at the Hamilton County Sheriff's Office or any other law enforcement agency, including the date, the general subject matter of the complaint or action, and the disposition if any such complaint.

   **ANSWER:**

   16.    If you claim that your actions and/or statements with respect to Jason Davis, related to the denial of the RENU transfer and/or corporal promotion, and/or the general threats by you or Sheriff McGuffey at the October 10, 2023 meeting concerning Jason Davis' or his wife's social media activity, were taken according to a policy or practice of the Hamilton County Sheriff's Office, identify that policy or practice and/or produce such policy.

   **ANSWER:**

   17.    State your full name, address, social security number, and date of birth.

   **ANSWER:**

18

18.　　State the factual basis for, and any and all facts that support, each affirmative defense and/or any other defense raised in your Answer.

**ANSWER:**

19.　　If your response to any request for admission was anything other than an unqualified admission, unless the basis for any denial or partial denial is stated in the response, state the factual basis for each denial or partial denial of any such request to admit.

**ANSWER:**

20.　　To assist a jury with the determination of the appropriate amount of punitive damages, please identify and describe all assets that you have ownership, custody, or control over, from January, 2022, to the present; for the avoidance of all doubt, this includes a listing, description and valuation of the asset (i.e. bank account at Fifth Third, balance between $50 and $2,000; real property at 123 Main Street, auditor value $100,000 with a mortgage of $50,000).

**ANSWER:**

**VERIFICATION**

I, _____, swear that the answers I have given to the above Interrogatories are true and based upon my personal knowledge.

_____

_____

19

Sworn to before me and subscribed in my presence by _____ on this

_____ day of _____, 202__.

_____
    Notary Public

My commission expires: _____

## <u>PLAINTIFF'S REQUESTS TO PRODUCE DOCUMENTS, MATERIALS, AND OTHER TANGIBLE THINGS TO DEFENDANT</u>

1.      Produce all documents used, reviewed, identified, or otherwise relied upon in answering Plaintiffs' Interrogatories and/or Requests for Admission served contemporaneously herewith.

    **<u>RESPONSE:</u>**

2.      Produce all documents used, reviewed, referred to, or otherwise relied upon in preparing your Answer in this action, or related in any way to the allegations in the Complaint.

    **<u>RESPONSE:</u>**

3.      Produce all documents that constitute, evidence, tend to evidence, support, refute, tend to refute, refer to, or relate in any way to the claims made in the Complaint and/or your Answer or defenses raised thereto.

    **<u>RESPONSE:</u>**

4.      Produce all reports, documents, files, and/or investigations related to: (i) contract negotiations in 2023 regarding the expiration or early expiration of the corporal promotion list; (ii) the RENU transfer that was revoked by Chief Deputy Gramke in 2023 regarding Jason Davis; and/or (iii) the corporal promotion or eligibility list placement for Jason Davis in 2023.

    **<u>RESPONSE:</u>**

5.     Produce all documents, video, and/or audio (including communications with dispatch), reflecting, referring, or relating to the October 10, 2023 interaction between Plaintiff Jason Davis and Defendants Gramke and McGuffey.

**RESPONSE:**

6.     Produce all documents reflecting pay and benefits given to deputies assigned to RENU in 2021, 2022, 2023 and/or 2024.

**RESPONSE:**

7.     Produce all documents reflecting pay and benefits given to deputies who were promoted to corporal in 2021, 2022, 2023, and/or 2024.

**RESPONSE:**

8.     Produce all documents reflecting pay and/or benefits given to Jason Davis in 2021, 2022, and/or 2023.

**RESPONSE:**

9.     Produce a copy of Jason Davis's personnel file including, without limitation, all performance reviews for Jason Davis in 2021, 2022, or 2023.

**RESPONSE:**

10.     Produce a copy of Jason Davis' exit interview.

**RESPONSE:**


11.     With the exception of communications with Counsel covered by the attorney-client privilege, produce a copy of any text message, email, or other document that in any way reflects or relates to either of the Plaintiffs, the October 10, 2023 interaction between Plaintiff Jason Davis and Defendants McGuffey and Gramke, Jason Davis' RENU transfer in 2023, and/or Jason Davis' promotion to corporal in 2023.

**RESPONSE:**


13.     Produce any list and/or other document maintained by you, Chief Deputy Gramke, or anyone else in the Hamilton County Sheriff's Office related to the social media and/or similar online activities of any deputy, or any family of any deputy.

**RESPONSE:**


14.     Produce any documents that in any way relate to any of the following legal actions, including criminal offenses (excluding minor traffic violations) in which any Defendant has been a party: (i) any criminal matter (excluding minor traffic violations); (ii) a defendant in any lawsuit; and/or (ii) a party in any administrative and/or disciplinary matter.

**RESPONSE:**

15.     Produce a copy of any document that reflects, refers, or relates to any investigation of either Plaintiff conducted by or on behalf of the Hamilton County Sheriff's Office.

**RESPONSE:**


16.     Produce a copy of any document that reflects, refers, or relates to any investigation of any allegation contained in Plaintiffs' Complaint conducted by or on behalf of the Hamilton County Sheriff's Office.

**RESPONSE:**


17.     Produce a copy of any witness statement, written notes, videotapes, and/or audio tapes memorializing interviews with any witness in relation to the Complaint in this matter.

**RESPONSE:**


18.     Produce a copy of any photograph, video, movie, slide, and/or any other document taken or reviewed as part of your investigation of Plaintiffs' Complaint.

**RESPONSE:**

19.    Produce any physical evidence relating to your investigation of Plaintiffs' Complaint.

**RESPONSE:**

20.    Produce any surveillance tape and/or report generated or reviewed as part of the investigation of Plaintiffs' Complaint.

**RESPONSE:**

21.    For each Defendant, produce a copy of any insurance policy that may provide coverage to satisfy any judgment that may be rendered in this matter, including any communications that reveal or relate to any reservations of rights from any such insurer.

**RESPONSE:**

22.    Produce a copy of all Communications made to any third party or received from any third party, in any way shape or form, regarding the above captioned matter including, without limitation, any letter, any investigative file, and/or any similar document.

**RESPONSE:**

25

23.     Please produce any Expert's report, *curriculum vitae*, fee agreement, and all Documents, writings, and/or correspondence relied upon and used by such Expert in formulating such report or opinions held by that Expert, including any Documents and/or correspondence provided to such Expert by you or your agent, Representative, or Person under your direction. The term Expert includes experts retained as to issues against or involving either Plaintiff.

   **RESPONSE:**


24.     Please produce the most recent version or edition of resume or *curriculum vitae* of any Expert identified in your answer to any Interrogatory.

   **RESPONSE:**



25.     Please produce all Hamilton County Sheriff's Office training materials, policies, and/or procedures in place from January 1, 2018 to the present, and concerning First Amendment/protected speech training, policies, and/or procedures.

   **RESPONSE:**


26.     Please produce a copy of any exhibit you intend to utilize for the deposition of either Plaintiff.

   **RESPONSE:**


27.     Please produce a copy of any exhibit you intend to utilize at trial.

**RESPONSE:**

28.     Produce any and all documents that reflect or relate to any Defendant, from January 1, 2015 to the present, regarding any allegations, complaints, or accusations related to: (1) aggressive behavior; (2) violence and/or attempted violence; (3) excessive force and/or attempted excessive force; (4) shooting and/or improper use of firearms; (5) acts indicating inaccuracy or dishonesty; (6) failure to follow department policy and/or the law; (7) improper stops/investigations, including lack of probable cause; (8) improper arrest or detainment; (9) fabrication, misrepresentation, suppression and/or embellishment of facts in reports; (10) fabrication, misrepresentation, suppression and/or embellishment of evidence; (11) false testimony; (12) morally lax character and/or willingness to lie; and/or (13) fabrication and/or false claims of probable cause.

**RESPONSE:**

29.     Produce the full background file and investigation conducted on any Defendant prior to that Defendant's respective hiring by the Hamilton County Sheriff's Office.

**RESPONSE:**

30.     Produce any *Brady* list file and/or documentation and/or communication relating to the same, and maintained by any prosecutor, concerning any Defendant. The term "prosecutor" is to include the Hamilton County Prosecutor's Office.

27

**RESPONSE:**


31.      Produce your federal and state income tax returns for 2022, 2023, and 2024.

**RESPONSE:**


32.      Produce any document that reflects your assets, including net assets, from January,

2023, to the present.

**RESPONSE:**

<div style="margin-left:50%">

Respectfully submitted,


*/s/Zachary Gottesman*
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
9200 Montgomery Road
Building E, Suite 18B
Cincinnati, Ohio 45242
513/651-2121
zgottesman@gmail.com

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd, Suite 1280
Covington, KY 41011
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com
**Attorney for Plaintiffs**

</div>

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 23rd day of May, 2024 via electronic and ordinary U.S. mail.

<div style="margin-left:50%">

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)

</div>

**From:** chris@cwiestlaw.com 
**Subject:** Davis, et. al. v. McGuffey, et. al., 1:24-CV-202
**Date:** May 24, 2024 at 1:48 PM
**To:** Jerry Kunkel Jerry.Kunkel@hcpros.org, Jon Halvonik Jon.Halvonik@hcpros.org
**Cc:** Zachary Gottesman zg@zgottesmanlaw.com, Thomas B. Bruns tbruns@bcvalaw.com

Jerry and Jon:

Please see attached notices of deposition for Defendants McGuffey and Gramke. If there are conflicts with the date, we are willing to conduct both depositions sooner, and are available to do so as soon as May 31, though we can also make June 5, June 7, June 11, June 17, and June 18 work.

Sincerely,


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com



| NOD-Gramke-5-24-24.pdf | NOD-McGuffey-5-24-24.pdf |
| 14 KB | 14 KB |

Exhibit 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

**JASON DAVIS** and                          : Case No. 1:24-cv:0202
**JENNIFER DAVIS,**

                                             :
    Plaintiffs

                                             :
v.

                                             :
**CHARMAINE McGUFFEY**, et. al.

                                             :
    Defendants,

**<u>NOTICE OF DEPOSITION</u>**

    Please take notice and be advised that on June 24, 2024, at 404 East 12th Street. First

Floor. Cincinnati, OH, 45202, commencing upon the conclusion of the deposition of Charmaine

McGuffey, and estimated to commence at 2:00 p.m. and to continue to June 25, 2024 until

completed, Plaintiffs, by counsel, will take the deposition of Jay Gramke.  The deposition shall

be taken pursuant to Rule 30 of the Federal Rules of Civil Procedure before a notary public, shall

be upon oral examination for all purposes permitted under the Federal Rules of Civil Procedure,

and shall be recorded stenographically and by videotape.

                        Respectfully submitted,

                        */s/Zachary Gottesman*
                        Zachary Gottesman (0058675)
                        Gottesman & Associates, LLC
                        9200 Montgomery Road
                        Building E, Suite 18B
                        Cincinnati, Ohio 45242
                        513/651-2121
                        zgottesman@gmail.com

                        /s/ Christopher Wiest
                        Christopher Wiest (Ohio 0077931)

Exhibit 8

Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd, Suite 1280
Covington, KY 41011
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com
**Attorney for Plaintiffs**

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 24th day of May, 2024 via electronic and ordinary U.S. mail.

/s/ Christopher Wiest_____
Christopher Wiest (Ohio 0077931)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

**JASON DAVIS** and                :   Case No. 1:24-cv:0202
**JENNIFER DAVIS,**

                             :

     Plaintiffs

                             :

v.

                             :

**CHARMAINE McGUFFEY**, et. al.

                             :

     Defendants,

## NOTICE OF DEPOSITION

Please take notice and be advised that on June 24, 2024, at 404 East 12th Street. First

Floor. Cincinnati, OH, 45202, commencing at 8:30 a.m., Plaintiffs, by counsel, will take the

deposition of Charmaine McGuffey.  The deposition shall be taken pursuant to Rule 30 of the

Federal Rules of Civil Procedure before a notary public, shall be upon oral examination for all

purposes permitted under the Federal Rules of Civil Procedure, and shall be recorded

stenographically and by videotape.

                           Respectfully submitted,


                           */s/Zachary Gottesman*
                           Zachary Gottesman (0058675)
                           Gottesman & Associates, LLC
                           9200 Montgomery Road
                           Building E, Suite 18B
                           Cincinnati, Ohio 45242
                           513/651-2121
                           zgottesman@gmail.com

                           /s/ Christopher Wiest
                           Christopher Wiest (Ohio 0077931)
                           Chris Wiest, Atty at Law, PLLC
                           50 E. Rivercenter Blvd, Suite 1280

Exhibit 9

Covington, KY 41011
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com
**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 24th day of May, 2024 via electronic and ordinary U.S. mail.

/s/ Christopher Wiest_____
Christopher Wiest (Ohio 0077931)



**From:** **Chris Wiest Law** chris@cwiestlaw.com
**Subject:** Re: Defendants' Response to Request for Admissions Case No. 1:24-cv:0202
**Date:** June 21, 2024 at 3:19 PM
**To:** Jerry Kunkel Jerry.Kunkel@hcpros.org, Jon Halvonik Jon.Halvonik@hcpros.org
**Cc:** Thomas B. Bruns tbruns@bcvalaw.com, Zach Gottesman zgottesman@gmail.com

Jerry:

Please let us know your availability next week for a call with the court. We intend to call chambers first thing Monday to try and schedule a call.

You have repeatedly suggested that we have somehow acted contrary to the civil rules by noticing your clients' depositions with over a month's notice, and suggested that Rule 26 somehow requires the production of a prior recorded statement prior to a deposition. I have pointed out clearly that it does not, and provided case law in support.

You have suggested you had case law in support of your position and I asked you for it. To date, you have failed to provide any. I would ask that you immediately provide any case law that you believe permits you to condition your clients' responses to discovery and depositions, on us provided you the recorded statement.

That way, we can review your authority and if it supports the proposition that you say it does, we may be willing to reevaluate our position, thus avoiding a call with the court.

Sincerely,

Chris Wiest


Sent from my iPhone

On Jun 21, 2024, at 11:09 AM, Jerry Kunkel <Jerry.Kunkel@hcpros.org> wrote:

I will confirm that there will be no depositions next week because despite our formal request for the tape over 30 days ago you have chosen to act contrary to the Rules of Civil Procedure by not providing it to us.

Jerome A. Kunkel
Assistant Prosecuting Attorney
Office of Melissa Powers
Prosecuting Attorney
Hamilton County, Ohio
230 E.9th St., Ste. 4000
Cincinnati, Ohio 45202
(513)946-3103
www.hcpros.org


-----Original Message-----
From: Chris Wiest Law [mailto:chris@cwiestlaw.com]
Sent: Friday, June 21, 2024 10:58 AM
To: Jerry Kunkel
Cc: Zach Gottesman; Jon Halvonik; Thomas B. Bruns
Subject: Re: Defendants' Response to Request for Admissions Case No. 1:24-cv:0202

Jerry:

I just want to confirm that we do not need to show up Monday and make a record: your clients are refusing to appear for their previously scheduled deposition (they are available but deciding not to appear because we have not produced the recording). Please confirm.

Thank you,

Chris


Sent from my iPhone

On Jun 21, 2024, at 10:05 AM, Jerry Kunkel <Jerry.Kunkel@hcpros.org> wrote:

There will be no depositions on Monday or Tuesday. Once we have the taped statement we can schedule depositions at a mutually convenient date. Any further discussion on this issue should involve the Court.

Jerome A. Kunkel
Assistant Prosecuting Attorney
Office of Melissa Powers
Prosecuting Attorney
Hamilton County, Ohio
230 E.9th St., Ste. 4000
Cincinnati, Ohio 45202
(513)946-3103
www.hcpros.org

-----Original Message-----
From: chris@cwiestlaw.com [mailto:chris@cwiestlaw.com]

**Exhibit 10**

From: chris@cwiestlaw.com [mailto:chris@cwiestlaw.com]
Sent: Thursday, June 20, 2024 9:52 AM
To: Jerry Kunkel; 'Zach Gottesman'
Cc: Jon Halvonik
Subject: RE: Defendants' Response to Request for Admissions Case No. 1:24-cv:0202

Let me cut to the chase: the rules are clear that you are entitled, in the course of discovery, to the recording.  The rules are equally clear, as is case law, that you cannot condition your clients' sitting of a deposition on production of such recording.  Sandifor v. Cty. of L.A., 2019 U.S. Dist. LEXIS 167851 (CD Cal. 2019) ("Plaintiffs are not entitled to every shred of evidence that, however remotely, refers to someone else's reporting of alleged statements made by an individual plaintiff before that individual will agree to sit for deposition.1 Indeed, Rule 26 also provides that 'methods of discovery may be used in any sequence' and 'discovery by one party does not require any other party to delay its discovery.' Fed. R. Civ. P. 26(d)(3). Defendants are absolutely entitled to take plaintiff Utterback's deposition before the close of discovery, whether or not Ms. Lopez' statement(s) (if they exist and if they are responsive to any discovery request) have been produced.")

We intend to go forward with both depositions Monday and Tuesday, that have been noticed for a month, and will seek appropriate sanctions if your clients fail to appear.  We will do the same for any refusal on that basis to answer any propounded discovery.  The onus is on you to get a protective order.


-----Original Message-----
From: Jerry Kunkel <Jerry.Kunkel@hcpros.org>
Sent: Thursday, June 20, 2024 9:29 AM
To: 'chris@cwiestlaw.com' <chris@cwiestlaw.com>; 'Zach Gottesman' <zgottesman@gmail.com>
Cc: Jon Halvonik <Jon.Halvonik@hcpros.org>
Subject: RE: Defendants' Response to Request for Admissions Case No. 1:24-cv:0202

Chris, The case law is clear that you have to get a protective order to keep this from us after it been requested. The more specific rule governs this situation. You have been on notice since before the 26f conference that there will be no depositions prior to the release of the statement. Jerry

Jerome A. Kunkel
Assistant Prosecuting Attorney
Office of Melissa Powers
Prosecuting Attorney
Hamilton County, Ohio
230 E.9th St., Ste. 4000
Cincinnati, Ohio 45202
(513)946-3103
www.hcpros.org


-----Original Message-----
From: chris@cwiestlaw.com [mailto:chris@cwiestlaw.com]
Sent: Thursday, June 20, 2024 9:20 AM
To: Jerry Kunkel; 'Zach Gottesman'
Cc: Jon Halvonik
Subject: RE: Defendants' Response to Request for Admissions Case No. 1:24-cv:0202

Jerry:

The portion of Rule 26 you cite below, does not discuss timing, but rather discusses the scope of discovery.

Instead, FRCP 26(d)(3) makes clear that:

(3) Sequence. Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

(A) methods of discovery may be used in any sequence; and

(B) discovery by one party does not require any other party to delay its discovery.

We have noticed your clients, McGuffey and Gramke, for deposition Monday. We intend to take those depositions.

Sincerely,

Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com


-----Original Message-----
From: Jerry Kunkel <Jerry.Kunkel@hcpros.org>
Sent: Thursday, June 20, 2024 9:15 AM
To: 'Zach Gottesman' <zgottesman@gmail.com>; 'chris@cwiestlaw.com'
<chris@cwiestlaw.com>
Cc: Jon Halvonik <Jon.Halvonik@hcpros.org>
Subject: Defendants' Response to Request for Admissions Case No.
1:24-cv:0202

Counsel, Attached please find our clients' Responses to Plaintiffs' Request
for Admissions. Be advised that our clients will not be honoring your
notices for their depositions on the 24th and 25th. Federal Rule of Civil
Procedure 26 (b)(3)(C) mandates that our clients are entitled to their
recorded prior statements in your clients' possession before being
questioned. Jerry


Jerome A. Kunkel
Assistant Prosecuting Attorney
Office of Melissa Powers
Prosecuting Attorney
Hamilton County, Ohio
230 E.9th St., Ste. 4000
Cincinnati, Ohio 45202
(513)946-3103
www.hcpros.org


-----Original Message-----
From: CopyScanPrint-8-West [mailto:administrator@hcpros.com]
Sent: Thursday, June 20, 2024 9:02 AM
To: Jerry Kunkel
Subject: scan-to-email-8-west 06/20/2024 09:01

Scanned from MFP15746349
Date:06/20/2024 09:01
Pages:9
Resolution:600x600 DPI
----------------------------------------

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

**JASON DAVIS** and        :   Case No. 1:24-cv-0202
**JENNIFER DAVIS,**

       Plaintiffs        :

       :

v.        :

**CHARMAINE McGUFFEY**, et. al.        :

       Defendants,        :

<u>**DEFENDANT CHARMAINE MCGUFFEY'S RESPONSES TO PLAINTIFF'S FIRST**</u>
<u>**REQUEST FOR ADMISSIONS PROPOUNDED TO DEFENDANT**</u>

1.     Admit that every document or record produced by you in response to any

Discovery Request in this matter is a business record within the meaning of Federal Rule of

Evidence 803(6) and is authentic within the meaning of Federal Rule of Evidence 901.

     <u>**ANSWER:**</u>    **Object. Defendant doesn't have knowledge of the Rules of Evidence.**
     **Calls for a legal conclusion.**

2.     Admit that you and Chief Deputy Jay Gramke ("Chief Deputy Gramke") met with

Jason Davis on October 10, 2023, to discuss Jason Davis' employment.

     <u>**ANSWER:**</u>    **Object. Defendant is entitled under Federal Rule of Civil Procedure**
     **26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being**
     **questioned about it.**

3.     Admit that during the October 10, 2023 meeting, Chief Deputy Gramke told Jason

Davis, in your presence, that "I can tell you that I squashed you going to RENU."

     <u>**ANSWER:**</u>    **Object. Defendant is entitled under Federal Rule of Civil Procedure**
     **26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being**
     **questioned about it.**

Exhibit 11

4.     Admit that the "you" in the statement by Chief Deputy Gramke, contained in Request for Admission Number 3, was in reference to Jason Davis.

**ANSWER:    Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

5.     Admit that after making the statement in Request for Admission Number 3, Chief Deputy Gramke then said the reason for squashing the RENU appointment was "And that was due to some Facebook things between you and your wife and things that you said and did some time ago."

**ANSWER:    Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

6.     Admit that after making the statement in Request for Admission Number 5, Chief Deputy Gramke then said "You put something about a football game. It would have been nice if we would have been to a football, something about that your wife has made numerous comments to the crazy woman on Facebook. There's been –"

**ANSWER:    Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

7.     Admit that after Chief Deputy Gramke made the statement in Request for Admission No. 6, you interjected "Carolyn Adams."

**ANSWER: Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

2

8.      Admit that after the interjection by you in Request for Admission No. 7, Chief

Deputy Gramke then made the following statement:

> Well, challenging us -- challenging us on Facebook -- challenging the administration
> on Facebook and then having your wife converse with a crazy person that makes lies
> up -- have you looked at the stuff that she writes about her?· Have you seen the crazy
> stuff that she writes, the terrible things, the vicious -- if that was your mom, if that
> was your wife, if that was your sister, how would you feel about that?

**ANSWER:      Object. Defendant is entitled under Federal Rule of Civil Procedure
26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being
questioned about it.**

9.      Admit that after Chief Deputy Gramke made the statement in Request for

Admission No. 8, Jason Davis then made the following statement:

> I mean, I get that, but that's my wife's opinion.· That has no bearing on me
> whatsoever. She's her own person. I mean, I don't, you know, monitor what she does.·
> I just –

**ANSWER:      Object. Defendant is entitled under Federal Rule of Civil Procedure
26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being
questioned about it.**

10.      Admit that after Jason Davis made the statement in Request for Admission No. 9,

you then made the following statement:

> Well, let me just put it in perspective for you. And the Chief used the example of
> wife, sister, et cetera. I'm the boss. I'm the Sheriff. And I've got to tell you, you know,
> I came up under Sheriff Leis, around 26 years, and I worked very closely with him. I
> ran some of his most prized programs.  Okay.  And, you know, if there was any kind
> of Facebook thing going around like that about Simon Leis when I worked for him I
> would have done my best to squash it.  I would have done my best to kill it.  I would
> have certainly never participated in it.  Because you respect the boss, you know.  I
> mean, I wouldn't have done it under Jim Neil.
>
> Now, here's the thing, you know, I get that your wife is, you know, she's her own
> person.  She has every right to say, do whatever she likes.  I don't hold it personally
> against her, but I'll give you an example.  When I was working for Sheriff Leis there
> was an officer who worked here who had been, you know, a long-time kind of family
> friend, et cetera, and she needed a place to stay and so I said, well, you know, I have a

3

full basement and everything, you can stay there for a little while. Well, she stopped coming to work. And I said, you know what, you can't live here if you don't go to work. You just can't. She wasn't even -- I wasn't married to her. She wasn't related to me. I just said, look, I am not going to be associated with someone who doesn't do their job. You can't be that closely associated with me and not come to work. And, you know, I hope you have a good life and everything, but you can't live here if you're going to do that. And because -- and the reason I did that is because that reflects upon me, you know. She's in my house. She's just a roommate. I mean, she's nobody to me close, but I was not going to let someone be around me who would reflect negatively on me in any way because that's not the way I run my life.

And, you know, I think that, as much as your wife is -- she wants to be her own person, hey, I applaud that, you know. Then there is an accountability, because you guys are associated.

**ANSWER:    Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

11.    Admit that, at all times relevant to the meeting held between you, Chief Deputy Gramke, and Jason Davis on or about October 10, 2023, Chief Deputy Gramke was acting pursuant to authority conferred to him by law.

**ANSWER:    Object. Calls for a legal conclusion.**

12.    Admit that, at all times relevant to the meeting held between you, Chief Deputy Gramke, and Jason Davis on or about October 10, 2023, Chief Deputy Gramke was acting under color of law.

**ANSWER:    Object. Calls for a legal conclusion.**

13.    Admit that, at all times relevant to the meeting held between you, Chief Deputy Gramke, and Jason Davis on or about October 10, 2023, you were acting pursuant to authority conferred to you by law.

**ANSWER:    Object. Calls for a legal conclusion.**

14.    Admit that, at all times relevant to the meeting held between you, Chief Deputy Gramke, and Jason Davis on or about October 10, 2023, you were acting under color of law.

4

**ANSWER:**     **Object. Calls for a legal conclusion.**

15.     Admit that you are, for purposes of employment, including assignments to RENU and promotions to Corporal within the Sheriff's department, the ultimate policy-making official for such actions pursuant to law.

**ANSWER:**     **Object. Calls for a legal conclusion.**

16.     Admit that Jennifer Davis has never been an employee of the Hamilton County Sheriff's Office.

**ANSWER:**     **Admit.**

6/20/24

Jerome A. Kunkel, 39562
Attorney for Charmaine McGuffey

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

**JASON DAVIS** and
**JENNIFER DAVIS,**

      Plaintiffs

v.

**CHARMAINE McGUFFEY**, et. al.

      Defendants,

: Case No. 1:24-cv:0202
:
:
:
:
:

## DEFENDANT JAY GRAMKE'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS PROPOUNDED TO DEFENDANT

1.     Admit that every document or record produced by you in response to any Discovery Request in this matter is a business record within the meaning of Federal Rule of Evidence 803(6) and is authentic within the meaning of Federal Rule of Evidence 901.

     **ANSWER:   Object. Defendant doesn't have knowledge of the Rules of Evidence. Calls for a legal conclusion.**

2.     Admit that you and Chamaine McGuffey met with Jason Davis on October 10, 023, to discuss Jason Davis' employment.

     **ANSWER:   Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

3.     Admit that during the October 10, 2023 meeting, you told Jason Davis that "I can tell you that I squashed you going to RENU."

     **ANSWER:   Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

4.    Admit that the "you" in the your statement in Request for Admission Number 3, was in reference to Jason Davis.

> **ANSWER:    Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

5.    Admit that after the statement in Request for Admission Number 3, you then said the reason for squashing the RENU appointment was "And that was due to some Facebook things between you and your wife and things that you said and did some time ago."

> **ANSWER:    Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

6.    Admit that after the statement in Request for Admission Number 5, you then said "You put something about a football game. It would have been nice if we would have been to a football, something about that Your wife has made numerous comments to the crazy woman on Facebook. There's been –"

> **ANSWER:    Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

7.    Admit that Charmaine McGuffey then interjected, after the statement in Request for Admission No. 6, "Carolyn Adams."

> **ANSWER:    Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

8.    Admit that after the interjection by Charmaine McGuffey in Request for Admission No. 7, you then made the following statement:

Well, challenging us -- challenging us on Facebook -- challenging the administration on Facebook and then having your wife converse with a crazy person that makes lies up -- have you looked at the stuff that she writes about her?· Have you seen the crazy stuff that she writes, the terrible things, the vicious -- if that was your mom, if that was your wife, if that was your sister, how would you feel about that?

**ANSWER:    Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

9.    Admit that after your statement in Request for Admission No. 8, Jason Davis then made the following statement:

I mean, I get that, but that's my wife's opinion.· That has no bearing on me whatsoever. She's her own person. I mean, I don't, you know, monitor what she does.· I just –

**ANSWER:    Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

10.    Admit that after the statement in Request for Admission No. 9, Charmaine McGuffey then made the following statement:

Well, let me just put it in perspective for you. And the Chief used the example of wife, sister, et cetera. I'm the boss. I'm the Sheriff. And I've got to tell you, you know, I came up under Sheriff Leis, around 26 years, and I worked very closely with him. I ran some of his most prized programs. Okay. And, you know, if there was any kind of Facebook thing going around like that about Simon Leis when I worked for him I would have done my best to squash it. I would have done my best to kill it. I would have certainly never participated in it. Because you respect the boss, you know. I mean, I wouldn't have done it under Jim Neil.

Now, here's the thing, you know, I get that your wife is, you know, she's her own person. She has every right to say, do whatever she likes. I don't hold it personally against her, but I'll give you an example. When I was working for Sheriff Leis there was an officer who worked here who had been, you know, a long-time kind of family friend, et cetera, and she needed a place to stay and so I said, well, you know, I have a full basement and everything, you can stay there for a little while. Well, she stopped coming to work. And I said, you know what, you can't live here if you don't go to work. You just can't. She wasn't even -- I wasn't married to her. She wasn't related to me. I just said, look, I am not going to be associated with someone who doesn't do their job. You can't be that closely associated with me and not come to work. And,

3

you know, I hope you have a good life and everything, but you can't live here if you're going to do that. And because -- and the reason I did that is because that reflects upon me, you know. She's in my house. She's just a roommate. I mean, she's nobody to me close, but I was not going to let someone be around me who would reflect negatively on me in any way because that's not the way I run my life.

And, you know, I think that, as much as your wife is -- she wants to be her own person, hey, I applaud that, you know. Then there is an accountability, because you guys are associated.

**ANSWER:** **Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it.**

11. Admit that, at all times relevant to meeting held between you, Charmaine McGuffey, and Jason Davis on or about October 10, 2023, that you were acting pursuant to authority conferred to him by law.

**ANSWER:** **Object. Calls for a legal conclusion.**

12. Admit that, at all times relevant to meeting held between you, Charmaine McGuffey, and Jason Davis on or about October 10, 2023, that Charmaine McGuffey was acting under color of law.

**ANSWER:** **Object. Calls for a legal conclusion.**

13. Admit that Jennifer Davis has never been an employee of the Hamilton County Sheriff's Office.

**ANSWER:** **Admit.**

6/20/24

Jerome A. Kunkel, 39562
Attorney for Jay Gramke

4

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Monday, June 24, 2024 4:21 PM |
| **To:** | 'Jerry Kunkel'; 'Jon Halvonik' |
| **Cc:** | 'Thomas B. Bruns'; 'Zach Gottesman' |
| **Subject:** | Davis, et. al. v. McGuffey, et. al., 1:24-cv-202 |
| **Attachments:** | DavisResponseDiscovery-6-24-24.pdf |

Counsel:

Our responses to your RFPs are attached.

Sincerely,


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
513-257-1895
chris@cwiestlaw.com

Exhibit 12

1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JASON DAVIS & JENNIFER DAVIS**, | : | **Case No. 1:24-cv-0202** |
| Plaintiff(s) | : | Judge Michael R. Barrett |
| vs. | : | **PLAINTIFFS' RESPONSE TO** |
| | | **COUNTY DEFENDANTS' FIRST** |
| **CHARMAINE MCGUFFEY**, Et Al., | : | **SET OF REQUESTS FOR** |
| | | **PRODUCTION OF DOCUMENTS** |
| Defendant(s) | : | |
| | : | |

Plaintiffs, Jason Davis and Jennifer Davis, through Counsel, provides these responses to Defendants' First Set of Request for Production of Documents ("Discovery").

## <u>GENERAL OBJECTIONS</u>

To the extent applicable, the following are incorporated in each individual response as if these objections were set forth in their entirety in each such response:

1.      Plaintiffs object to the Discovery insofar as Defendants seek any response that would involve or require disclosure of information that is privileged under the attorney/client privilege, protected by the attorney work-product doctrine, or otherwise exempted from disclosure in discovery by any other privilege or doctrine and thereby placed outside of the scope of discovery under the Federal Rules of Civil Procedure, or other law.

2.      Plaintiffs object to the Discovery to the extent that Defendants seeks information about matters that are not within Plaintiff's knowledge, but particularly are within any Defendants' own knowledge, the knowledge of other parties or the knowledge of non-parties to this lawsuit such that Defendants can obtain such information with equal or less burden than can Plaintiffs.

1

3.     Plaintiffs object to the Discovery to the extent that it calls for responses concerning matters about which Plaintiffs have no direct, personal knowledge and the subject matter of the request may only be known, if at all, to Defendants or to one, or many non-parties or other parties to this lawsuit.

4.     Plaintiffs object to the Discovery to the extent that Plaintiffs are unable to respond because of the acts or omissions of Defendants and/or its agents, assigns, or the actions or omissions of other parties to this lawsuit.

5.     Plaintiffs object to the Discovery to the extent that any request contains a factual premise that is false, unproven, unknown to Plaintiff, or otherwise in dispute.

6.     Except for any matter constituting an explicit or implicit premise underlying any Interrogatory that is specifically acknowledged and admitted herein, any and all such premises are unconditionally denied, and no admission should be inferred or implied by any response other than any admission so explicitly stated.  The fact that any Discovery has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such Discovery as all objections to admissibility are preserved.  Moreover, the fact that Plaintiffs have responded to an Interrogatory that refers or relates to a particular document does not constitute an admission or concession regarding the authenticity, admissibility or nature of any such documents and Plaintiffs expressly reserve the right to object to the introduction of any documents during any trial on all applicable grounds.

7.     Plaintiffs object to the Discovery to the extent that any request is ambiguous and/or overly broad, and to the extent that any request seeks information not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

8.     Plaintiffs object to the Discovery to the extent that any request requires responses other than in accordance with the Federal Rules of Civil Procedure.

9.     Plaintiffs object to the definitions set forth by Defendants to the extent that those definitions redefine words to include artificial and contrived meanings.  To the extent Defendants ascribe special meaning or definitions to non-technical words used in the Discovery, Plaintiffs declines to accept those meanings and definitions and interprets all words in accordance with the ordinary and customary meanings of those words.

10.     Plaintiffs object to the Discovery to the extent that any request, as well as any future request, have been/is propounded in a number greater than what is allowed by the Federal Rules of Civil Procedure.

11.     Plaintiffs object to the timing of any Discovery that could be construed as "contention interrogatories" or "contention  requests" insofar as they are premature and address matters that may be currently unknown to Plaintiffs, and will continue to remain so until further discovery is conducted, which may supply additional facts, add meaning to the known facts, and/or establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in or variations from the responses herein. Accordingly, the following responses are given without prejudice to Plaintiffs' right to produce evidence of any additional facts or documents.  Plaintiffs also reserve the right to assert additional privileges as warranted by new documents or evidence.

12.     Plaintiffs objects to the Discovery to the extent that any request seeks a response that would require Plaintiffs to conduct more investigation than contemplated by the Federal Rules of Civil Procedure, or that would impose an undue burden and expense upon Plaintiffs to formulate a response.

3

13.    Plaintiffs object to the Discovery to the extent that any response would involve or require disclosure of confidential and/or proprietary information without the entry of an appropriate confidentiality protective order to guard against the dissemination of that information beyond this lawsuit.

14.    Plaintiffs object to the Discovery to the extent that any request requires a lengthy narrative explanation which makes such request improper outside of a deposition and which can best be explored through deposition.  To the extent that any response is provided to such Discovery, neither this nor any other objection is waived.  Plaintiffs expressly reserve to themselves the right to further elaborate or add detail to her response either by supplementation or by responses to direct or cross examination at a subsequent deposition, hearing, or trial.

15.    Plaintiffs object to this Discovery as non-proportional to the needs of the case.

16.    Plaintiff objects to any use of these Responses in any manner that is inconsistent with the foregoing objections and qualifications.


**Request for Production No. 1:**

6. Please produce any audio recording, video recording, or any other recording of the meeting between Plaintiff Jason Davis and Defendants Charmaine McGuffey and Jay Gramke, which occurred on or about October 10, 2023.

**OBJECTION:** to the extent that this calls for anything other than the hearing and done by Plaintiff's Counsel, to include any notes by counsel of that meeting recording, or transcription of that meeting ordered by Plaintiffs' Counsel, it is objected to under the work product doctrine. The general objections above are also incorporated by reference.

Courts routinely delay the production of similar surveillance videos until after a party's deposition to preserve the impeachment value of certain evidence. *See, e.g., Hui Wang v. Omni Hotels Mgmt. Corp.*, No. 18-CV-02000, 2019 U.S. Dist. LEXIS 139390, 2019 WL 3852590, at *3 (D. Conn. Aug. 16, 2019) (denying motion to compel and delaying production of surveillance

video until after deposition); *McQueen v. Huddleston*, No. 13-CV-00302, 2015 U.S. Dist. LEXIS 77173, 2015 WL 3746733, at *5 (W.D.N.Y. 2015) (entering protective order delaying production of audio recording until after depositions "to discourage parties or their witnesses from tailoring their testimony to conform with their prior recorded statements or actions"); *Poppo v. Aon Risk Servs.*, No. 00-CV-04165, 2000 U.S. Dist. LEXIS 17588, 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000) (collecting cases and stating, "courts have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions.").

Notwithstanding the above objections, pursuant to FRCP 34, Plaintiffs will make the recording available for copying at the office of Christopher Wiest, Esq., or will produce an electronic copy thereof, within 30 days of this response, or within 14 days after the depositions of Jay Gramke and Charmaine McGuffey, whichever occurs later.

**Request for Production No. 2:**

7. Please produce any other recording of Defendant McGuffey and Defendant Gramke in

the possession of Plaintiffs.

**OBJECTION:** to the extent that this calls for any recording that is: (i) public source and publicly available, to include statements that either McGuffey or Gramke made to media sources, it is objected to on grounds of undue burden, work product, and proportionality; (ii) obtained through the work efforts of Plaintiff's Counsel, to include statements available on the Sheriff's Department Facebook page, or to the media, it is objected to based on the work product doctrine. The general objections above are also incorporated by reference.

Notwithstanding the above objections, there is no further recording than that identified in RFP 2 that is in the possession of Plaintiffs.

As to objections:
/s/Christopher Wiest

Respectfully submitted,

*/s/Zachary Gottesman*
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
9200 Montgomery Road
Building E, Suite 18B
Cincinnati, Ohio 45242

5

513/651-2121
zgottesman@gmail.com

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd, Suite 1280
Covington, KY 41011
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all counsel for the Defendants, this 24th day of June, 2024 via electronic and ordinary U.S. mail.

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)

6

**From:** Jerry Kunkel Jerry.Kunkel@hcpros.org
**Subject:** RE: Davis v. McGuffey, et. al.
**Date:** July 12, 2024 at 1:53 PM
**To:** chris@cwiestlaw.com, Jon Halvonik Jon.Halvonik@hcpros.org
**Cc:** Zach Gottesman zgottesman@gmail.com, Thomas B. Bruns tbruns@bcvalaw.com



Chris, Thanks for reaching out. However, Plaintiffs' proposed agreed protective order is not acceptable to the Defendants. Jerry

*Jerome A. Kunkel*
*Assistant Prosecuting Attorney*
*Office of Melissa Powers*
*Prosecuting Attorney*
*Hamilton County, Ohio*
*230 E.9th St., Ste. 4000*
*Cincinnati, Ohio 45202*
*(513)946-3103*
*www.hcpros.org*

**From:** chris@cwiestlaw.com [mailto:chris@cwiestlaw.com]
**Sent:** Thursday, July 11, 2024 1:28 PM
**To:** Jerry Kunkel; Jon Halvonik
**Cc:** 'Zach Gottesman'; 'Thomas B. Bruns'
**Subject:** Davis v. McGuffey, et. al.

Jerry:

In furtherance of our discussion with Judge Barrett yesterday, and to potentially obviate the need for motion practice, we propose to enter an agreed protective order as follows:

1. You and your co-counsel would be given an opportunity to listen to the recording prior to the depositions of Sheriff McGuffey and Chief Gramke (but not to record the recording).
2. Plaintiffs would be required to produce a copy of the recording immediately after their depositions.
3. You would be permitted to share your impressions about the recording with your clients and the county commissioners.
4. You would not be permitted to relay to Sheriff McGuffey and/or Chief Gramke the specific contents of the recording.
5. The protective order would terminate upon the completion of the depositions of Chief Gramke and Sheriff McGuffey, at which time we would produce the recording.

If this is acceptable (even with minimal modifications), please let us know and we will try to put it in an appropriate format for a Protective Order.  If it is not, let us know that as well, so that we can proceed to brief the issue.

Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280

**Exhibit 13**

Covington, KY 41011
513-257-1895
chris@cwiestlaw.com