UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JASON DAVIS, ET AL. | : | Case No. 1:24-CV-0202 |
| Plaintiff | : | Judge Michael R. Barrett |
| vs. | : | **MOTION TO COMPEL AND** |
| CHARMAINE MCGUFFEY, ET AL. | : | **MOTION FOR PROTECTIVE ORDER** |
| | : | |
| Defendant | | |
| | : | |

## MOTION

Pursuant to Fed. R. Civ. P. 37(a), Defendants Charmaine McGuffey, Jay Gramke, and Defendant Hamilton County, Ohio, ("County Defendants") move this Court for an Order to Compel Discovery from the Plaintiffs, or such other relief provided in Fed. R. Civ. P. 37(b), and for a Protective Order, pursuant to Fed. R. Civ. P. 26(c). County Defendants' Memorandum in support is attached and incorporated herein by reference.

## MEMORANDUM

### I. Statement of Facts

Plaintiff Jason Davis is a former deputy sheriff for Hamilton County, Ohio. Prior to quitting his job as a deputy sheriff he requested a meeting with the Defendants Sheriff McGuffey and Chief Deputy Gramke to discuss his employment with the office. That meeting held on October 10, 2023, Davis surreptitiously recorded the conversation. What the Defendants allegedly said at that meeting forms the basis of Plaintiffs' claims against the Defendants.

Plaintiffs filed their lawsuit on April 15, 2024. (Doc#1) On April 30, 2024 Defense Counsel called Plaintiff's Counsel and made an informal request for a copy of

Defendants' prior statement pursuant to Rule 26 (b)(3)(c). See Declaration of Counsel attached hereto, ¶ 1, Attachment 1. After first agreeing to provide the statement Plaintiffs' Counsel then changed his mind and refused through an email on May 12, 2024. (Doc#11-1;PAGEID#101). Plaintiffs then withheld the statement without a protection order from this Court. Plaintiffs also responded to County Defendants First Set of Request for Production of Documents objecting to production of the statement until after Defendants' depositions.

On May 24, 2024 Plaintiffs then unilaterally noticed Defendants depositions knowing that Defendants had made it clear they were not going to submit to questions until they had reviewed their prior statements. (Doc#11-1;PAGEID#96).

## II. FRCP 37(a)(2)(B)

Counsel for County Defendants has complied with the Fed. R. Civ. P. 37(a)(2)(B) requirement that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. Counsel for County Defendants discussed via telephone, on or about April 30, 2024, scheduling a time to listen to and receive a copy of the recording. As previously detailed, a meeting was scheduled, but ultimately canceled. Throughout the subsequent months, numerous emails have been exchanged between the attorneys regarding production of the recording. Moreover, as the Court is aware, counsel for both parties and the Court have engaged in two telephone conferences where the production of the recording was discussed.

## III. Motion to Compel

2

County Defendants seek an order compelling production of the October 2023 recording as it has failed to be produced to this point. Fed. R. Civ. P. 37(a) states: on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if… (iv) a party fails to produce documents….

In terms of the recording itself, it would certainly falls within the scope of discoverable material. Fed. R. Civ. P. 26(b)(1) states: "Unless otherwise limited by court order, the scope of discovery is as follows: [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Here, currently, Plaintiffs have not obtained any court order preventing the delay of the production of the recording to County Defendants' counsel. The recording fits all the dictates of the statute for what is within the scope of discovery. The recording is a nonprivileged matter that is at the heart of Plaintiffs' claims. All the alleged statements of County Defendants that form the basis of the Complaint would be within this recording. Moreover, as the recording was made surreptitiously by one of the Plaintiffs, County Defendants have no means of accessing the recording other than receipt from the Plaintiffs. Therefore, as the recording is relevant to Plaintiffs' claims, relevant to County

3

Defendants' defense, highly significant to the needs of the case, inaccessible to County Defendants through other means, and essential to resolving the issues alleged within the Complaint, County Defendants are entitled to receive the recording.

Fed. R. Civ. P. 26(b)(3)(C) is directly on point to the facts of this discovery dispute and provides, "Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either: (i) a written statement that the person has signed or otherwise adopted or approved; or (ii) a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement."

Here, as stated above, Plaintiffs have not obtained any protective order delaying the production of the recording at this time. The recording at issue falls directly within subsection (ii) of the statute as the recording is believed to be an electronic, audio recording of Defendant McGuffey and Defendant Gramke conversing with Plaintiff Jason Davis. Thus, County Defendants are entitled to production of the recording.

**IV. Motion for Protective Order**

County Defendants seek a protective order from this court 1) allowing County Defendants to delay appearance of Defendant McGuffey and Defendant Gramke at a deposition until County Defendants have received and reviewed the recording of their prior statement and 2) allowing County Defendants delay responding to Plaintiffs' Requests for Admissions, Interrogatories, and Requests for Production. Under Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought

4

may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).

The burden of showing good cause for the issuance of a protective order falls on the party seeking the order. *See Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 Fed. App'x 504, 505 (2d Cir. 2011). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006)

The particular and specification demonstration of fact needed to establish good cause for this Court to grant County Defendants request for protective orders is to prevent trial by ambush and to provide adequate preparation. Courts have found that it is in error to not order the production of the party's own statement prior to his deposition. *See Vinet v. F&L Marine Mgmt.,* 2004 U.S. Dist. LEXIS 26356; *Miles v. M/V Mississippi Queen,* 753 F.2d 1349, 1352 (5th Cir. 1985); *Lee v. EUSA PHARAMA US LLC,* 2024 U.S. Dist. LEXIS 11845.

Not only have courts determined it to be inherently unfair to withhold a prior statement of the adversary and use it for purposes of impeachment at a deposition, but also courts have determined where there is a reasonable likelihood that the tape captures conversations that are directly relevant to issues at the heart of this case then the tape has

5

value beyond serving as impeachment material and must be immediately produced. *Costa supra,* at 4, quoting *Giladi v. Albert Einstein College of Med.*, 1998 U.S. Dist. LEXIS 14783.

Here, Plaintiff Jason Davis surreptitiously recorded a conversation between him, Defendant McGuffey, and Defendant Gramke. Plaintiffs make a general argument that withholding production of the recording until both Defendants have been deposed will prevent Defendants from tailoring their respective testimony and would allow them to receive Defendants' unrefreshed recollections. Plaintiffs have not demonstrated in any way that Defendants will tailor their testimony at a deposition to align with the recording. Irrespective of that, the recording has significant substantive value as it forms the basis of Plaintiffs' Complaint. Therefore, this Court should allow County Defendants to delay appearance of Defendant McGuffey and Defendant Gramke at a deposition until County Defendants have received and reviewed the recording of their prior statement.

Lastly, as most of the interrogatories, requests for admissions, and requests for production pertain solely to the conversation between Plaintiff Jason Davis, Defendant McGuffey, and Defendant Gramke, this Court should also delay County Defendants duty to respond to those filings until receipt of the recording.

**V. Conclusion**

Wherefore, County Defendants respectfully request:

1. An Order overruling Plaintiffs' objections to County Defendants First Set of Request for Production of Documents and produce the recording requested;

6

2. An Order compelling Plaintiffs to produce the October 2023 recording to County Defendants;

3. A Protective Order allowing County Defendants to delay appearance of Defendant McGuffey at a deposition until County Defendants have received and reviewed the recording of her prior statement;

4. A Protective Order allowing County Defendants to delay appearance of Defendant Gramke at a deposition until County Defendants have received and reviewed the recording of his prior statement;

5. A Protective Order allowing County Defendants delay responding to Plaintiffs' Requests for Admissions, Interrogatories, and Requests for Production.

6. And order such other relief as the Court may determine as fair in this case.

Respectfully submitted,
MELISSA A. POWERS,
Hamilton County Prosecuting Attorney

/s/ Jonathan Halvonik
Jerome Kunkel (0039562)
Jonathan Halvonik (0096749)
Assistant Prosecuting Attorneys
HAMILTON COUNTY
PROSECUTOR'S OFFICE
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
DDN: (513) 946-3103
DDN: (513) 946-3051
Fax 513/946-3018
Jerry.kunkel@hcpros.org
Jon.halvonik@hcpros.org

*Trial Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which constitutes service.

/s/ Jonathan Halvonik
Jonathan Halvonik, 0096749
Assistant Prosecuting Attorney

00670688