**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JASON DAVIS,** et al | : | Case No. 1:24-cv-0202 |
| Plaintiffs | : | Judge Barrett |
| v. | : | |
| | | **COUNTY DEFENDANTS' RESPONSE** |
| | | **TO MOTION TO COMPEL AND** |
| | | **MOTION FOR PROTECTIVE ORDER** |
| **CHARMAINE McGUFFEY,** et al | : | **WITH DECLARATION OF COUNSEL** |
| Defendants | | |

Now into Court through undersigned Counsel come Defendants Charmaine McGuffey, Jay Gramke and Hamilton County ("County Defendants") who move this Court to deny Plaintiffs' Motion To Compel the depositions and other discovery requests of Defendants, as well as, Plaintiffs' request for a Protective Order allowing Plaintiffs to withhold the prior statements of Defendants until after their depositions. County Defendants maintain that both of Plaintiffs' Motions are not supported by law and proper analysis. A Memorandum in support of County Defendants' position is attached hereto.

Respectfully Submitted,

Melissa A. Powers
Hamilton County Prosecuting Attorney

*/s/Jerome A. Kunkel*_____
Jerome A. Kunkel, 39562
Jonathan Halvonik, 96749
Assistant Prosecuting Attorneys
Hamilton County Prosecutor's Office
230 E. 9th St., Ste. 4000
Cincinnati, OH 45202
Jerry.kunkel@hcpros.org
Jon.halvonik@hcpros.org
Trial Attorneys for Defendants

## MEMORANDUM

## FACTS

Plaintiff Jason Davis is a former deputy sheriff for Hamilton County, Ohio. Prior to quitting his job as a deputy sheriff he requested a meeting with the Defendants Sheriff McGuffey and Chief Deputy Gramke to discuss his employment with the office. That meeting held on October 10, 2023. Davis surreptitiously recorded the conversation. What the Defendants allegedly said at that meeting forms the basis of Plaintiffs' claims against the Defendants.

Plaintiffs filed their lawsuit on April 15, 2024. (Doc#1) On April 30, 2024 Defense Counsel called Plaintiff's Counsel and made an informal request for a copy of Defendants' prior statement pursuant to Rule 26 (b)(3)(c). See Declaration of Counsel attached hereto, ¶ 1, Attachment 1. After first agreeing to provide the statement Plaintiffs' Counsel then changed his mind and refused through an email on May 12, 2024. (Doc#11-1;PAGEID#101). Plaintiffs then withheld the statement without a protective order from this Court. Plaintiffs also responded to County Defendants First Set of Request for Production of Documents objecting to production of the statement until after Defendants' depositions.

On May 24, 2024 Plaintiffs then unilaterally noticed Defendants depositions knowing that Defendants had made it clear they were not going to submit to questions until they had reviewed their prior statements. (Doc#11-1;PAGEID#96)

## ARGUMENT

### Sequence of Discovery

"No discovery of a party, deposition or otherwise, should operate to delay another party's discovery." *Rofail v. United States,* 227 F.R.D. 53; 2005 U.S. Dist. LEXIS 1927, at 5. That is exactly what Plaintiffs are trying to accomplish here. However, the controlling fact in this

discovery dispute is that County Defendants' April 30, 2024 informal request for their prior statements predates Plaintiffs' May 24, 2024 Notice of Defendants depositions. *Roberts v. Americable Int'l,* 883 F. Supp. 499; 1995 U.S. Dist. Lexis 5745. In *Roberts,* the plaintiff secretly recorded a defendant who was her supervisor at her place of employment. The Court first analyzed the situation from a fairness perspective and found that the defendant, whose speech has been secretly recorded, should not be subjected to a deposition, the partial purpose of which is simply to create inconsistences or otherwise set up impeachment in their testimony without the defendant having had a chance to review the recording. Thereby affording the defendant the same opportunity that plaintiff would have prior to her deposition.

The Court then went on to discuss plaintiff's sequence of discovery argument. The Court found that the informal requests for the recordings predated the notice of deposition. Therefore plaintiff's sequence of discovery argument failed. This was even despite the fact that in *Roberts* the formal request for the recording came after the deposition was noticed. The Court then found that a protective order should issue for the defendant to receive the recording prior to his deposition because the taking of his deposition prior to him reviewing the recording would amount to annoyance and harassment at the very least.

In the instant case, both County Defendants' informal and formal requests for their statement predate Plaintiffs' notice of depositions, as well as, Plaintiffs' Request for Admissions and other discovery requests. (In 2007, the language of Rule 26 (b)(3) was amended to adopt the informal request process for parties to obtain their own statements, making a Rule 34 request unnecessary. Wright, Miller & Marcus, 8 *Fed. Prac. & Proc. Civ.3d Sec.2003.1* (2010). )

**Poppo v. Avon Risk Servs.**

Plaintiffs contend all relevant case law supports their position that Plaintiffs can depose Defendant McGuffey and Defendant Gramke prior to Defendants reviewing their own previous statements. However, many of the cited cases are incongruent with the facts of this instant action. Further, in the few cases that actually address prior recorded statements of a party to a case, most of those courts fail to engage in the analysis of whether the recording had an independent substantive evidentiary value.

Plaintiffs' principal reliance on *Poppo* v. *Avon Risk Servs,* 2000 U.S. Dist. LEXIS 17588, is misplaced for a number of reasons. First, a very big distinction is that case involved statements of witnesses not parties as is the situation in the instant case. This is similar to Plaintiffs' reliance on *Sandifor v. Cty. of L.A.*, 2019 U.S. Dist. LEXIS 167851. In that case, defendants withheld statements, prior to a deposition of plaintiff Utterback, from a third party [Ms. Lopez] that were attributed to plaintiff Utterback. Interestingly, defendants did not withhold plaintiff Utterback's own statement from her prior to the deposition. They provided it.

Second, Courts from the same circuit have not followed *Poppo* because of its line of reasoning wherein the Court cites a biblical legal theory rather than 21st century law. *See Costa v. AFGO Mech. Servs.,* 237 F.R.D. 21; 2006 U.S. Dist. Lexis 58603; *Rofail v. United States,* 227 F.R.D. 53; 2005 U.S. Dist. LEXIS 1927.

Third, that Court never did a "good cause" analysis which is required for the issuance of such an order. Fourth, that Court didn't specifically address whether the recordings had an independent substantive evidentiary value. Along with *Poppo,* Plaintiffs also rely on *Vail v. Hyundai Motor Am.* 2024 U.S. Dist. LEXIS 42472, and *McQueen vs. Huddleston*, 2015 U.S. Dist. LEXIS 77173, for the proposition that a court can enter a protective order delaying production of audio recordings until after depositions to discourage parties and witnesses from

4

tailoring their testimony to conform with their prior recorded statements or action. Importantly, *Poppo* and the other courts failed to address if there's any substantive evidentiary value of the entire conversation contained in the recording making Plaintiffs' reliance, in this case, incomplete and improper, as the conversation contained in the recording here is alleged to form the basis of the Complaint.

Lastly, Plaintiffs go on to cite two "slip and fall" cases, *Ampong v. Costco Wholesale Corp*, 550 F. Supp. 3d 136, and *Hui Wang v. Omni Hotels Mgmt. Corp.* 2019 U.S. Dist. LEXIS 139390, which have discovery disputes revolving around surveillance video footage. The facts surrounding those discovery disputes are quite distinguishable from the present action and have minimal relevance.

In the instant action, the analysis should be that under Fed. R. Civ. P. 26(b)(3) a party is entitled to his or her prior statement in the possession of another party. It's an absolute right. *See Costa v. AFGO Mech. Servs.*, 237 F.R.D. 21; 2006 U.S. Dist. Lexis 58603.

The rule is unambiguous and mandatory, not discretionary. *Vinet v. F&L Marine Mgmt.*, 2004 U.S. Dist. LEXIS 26356; *Miles v. M/V Mississippi Queen,* 753 F.2d 1349, 1352 (5th Cir. 1985). In *Miles,* the Court found that the District judge erred in not ordering the production of the party's own statement prior to his deposition. Further that court stated that the rule was intended to prevent trial by ambush and to provide adequate pretrial preparation.

A recent decision from the Eastern District of Michigan found that it would be inherently unfair to withhold a prior statement of the adversary and use it for purposes of impeachment at a deposition. *Lee v. EUSA PHARAMA US LLC,* 2024 U.S. Dist. LEXIS 11845.

Also of significance is the substantive evidentiary value of the entire conversation contained in the recording. "Where there is a reasonable likelihood that the tape captures

5

conversations that are directly relevant to issues at the heart of this case then the tape has value beyond serving as impeachment material and must be immediately produced." *Costa supra,* at 4, quoting *Giladi v. Albert Einstein College of Med.*, 1998 U.S. Dist. LEXIS 14783. This is the exact situation before this Court.

### Good Cause Analysis

"Rule 26 (c) requires a party to establish good cause for a protective order in part because such an order deviates from the general principle of federal discovery that parties be forthcoming with relevant information in their possession. Open discovery is the norm. Gamesmanship with information is discouraged and surprises are abhorred." *Costa, supra at 5.*

The "good cause" analysis should be individualized as to each defendant. However, Defendants do not believe this Court needs to do this analysis because Defendants' requests for their statements predate Plaintiffs' notice of the depositions. That alone is enough to deny the Plaintiffs' Motions. *Roberts, supra.* In addition, the recording clearly contains substantive evidence which has been found by District Courts to outweigh conclusory allegations that the Defendants will use the recordings to tailor their testimony. *Costa, supra.*

In cases where the moving party records the conversations with the defendants without their knowledge "there is a heightened justification for producing the tape recordings to the defendants in advance of their depositions." *Costa, supra at 5.* Thus there is a heightened justification to deny Plaintiffs' request for a Protective Order in this case. Therefore, this Court should deny the Plaintiffs' Motion for a Protective Order. The same reasons support a denial of Plaintiffs' Motion to Compel.

### Plaintiffs wrongfully withheld the statement

6

Under Rule 26 (c) (2) a party seeking to delay discovery of a witness statement until after a deposition may seek a protective order from the court, but that party may not independently withhold production without authorization. *Costa, supra; Willard v. Constellation Fishing Corp.,* 136 F.R.D. 28, 31 (D. Mass. 1991). The Plaintiffs have withheld producing Defendants' statements without authorization since April 30, 2024 and are only now seeking that order. In fact, Defense counsel explained in an email on June 20, 2024 to Plaintiffs' Counsel that it was the Plaintiffs obligation to seek a protective order from this Court if they weren't providing the statement prior to the depositions. (Doc#11-1;PAGEID#166). The sole reason the parties are in front of this Court right now is because Plaintiffs' wrongfully withheld the Defendants' statements. Plaintiffs' should not be entitled to seek attorneys' fees and costs from County Defendants for a dispute that they caused. This is consistent with the analysis of *Georgia-Pacific LLC v. Am. Int'l Specialty Lines Ins. Co.,* 278 F.R.D. 187, 2010 U.S. Dist. LEXIS 14220, which found "Rule 37(a)(5) dictates that if the court grants the motion [for a protective order], it shall require the party whose action brought about the need for a protective order "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Thus, as Plaintiffs, not County Defendants, have caused the current discovery dispute, Plaintiffs are not entitled to attorneys' fees.

**Conclusion**

Based on the foregoing, County Defendants move this Court to deny Plaintiffs' Motion for a Protective Order and require Plaintiffs to provide Defendants with their prior statements. County Defendants further move this Court to deny Plaintiffs' Motion to Compel and allow County Defendants a reasonable time to respond to the discovery requests after they have received their statements.

Respectfully Submitted


Melissa A. Powers
Hamilton County Prosecuting Attorney


/s/Jerome A. Kunkel_____
Jerome A. Kunkel, 39562
Jonathan M. Halvonik, 96749
Assistant Prosecuting Attorneys
Hamilton County Prosecutor's Office
230 E. 9th St., Ste. 4000
Cincinnati, OH 45202
(513)946-3000
Jerry.kunkel@hcpros.org
Jon.halvonik@hcpros.org
Trial Attorneys for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2024, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System which constitutes service.


/s/ Jerome A. Kunkel__
Jerome A. Kunkel, 39562


00671583

8