**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **JASON DAVIS** and **JENNIFER DAVIS,** | **:** | Case No. 1:24-cv:0202 |
| | **:** | |
| Plaintiffs | | |
| | **:** | |
| v. | | |
| | **:** | |
| **CHARMAINE McGUFFEY**, et. al. | | |
| | **:** | |
| Defendants, | | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL AND
MOTION FOR PROTECTIVE ORDER AND RESPONSE TO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER WITH DECLARATION OF COUNSEL ATTACHED**

Defendants begin by mischaracterizing the facts. At no time did Plaintiffs agree to provide the recording to Defendants outside of the ordinary course of discovery. (Decl. Gottesman, attached). Rather, there was a discussion between Mr. Gottesman and Mr. Kunkel about Mr. Gottesman playing the recording for Mr. Kunkel at Mr. Gottesman's office, but not producing the recording to Mr. Kunkel. *Id.* In fact, there would be no need for a meeting if, as Defendants contend, there was an agreement to produce it. *Id.* Contemporaneous emails support this.

Defendants then argue that Plaintiffs "withheld" the recording without a protective order. While its true Plaintiffs initially did not seek a protective order (because, initially, there was no need), it's also true Plaintiffs have *always* indicated that they would produce the recording; the issue was when they would do so. See Doc. 11-1, PageID#178-183. Specifically, Defendants served a request for production and Plaintiffs timely responded on June 24, 2024. In addition to noting appropriate objections, Plaintiffs responded: "Notwithstanding the above objections, pursuant to FRCP 34, Plaintiffs will make the recording available for copying at the office of Christopher Wiest, Esq., or will produce an electronic copy thereof, within 30 days of this

response, or within 14 days after the depositions of Jay Gramke and Charmaine McGuffey, whichever occurs later." *Id.* This response is consistent with FRCP 34(b)(2)(B) which provides that "[t]he responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or *another reasonable time specified in the response*." There was nothing unreasonable about agreeing to produce it, in short order, after the depositions of Defendants, depositions that had been noticed for almost a month.

It is notable that at no time have Defendants ever: (i) written a deficiency letter concerning the FRCP 34 response above; (ii) picked up the phone to try and exhaust extra-judicial means; or even (iii) made the certification required by FRCP 37(a)(1) that they have done so. Those steps are mandatory under the local rules. L.R. 37.1. On that basis alone Defendants' Motion to Compel should be denied. *Edge v. Erdos*, 2022 U.S. Dist. LEXIS 187113 (SDOH 2022) ("Plaintiff's Motion for an Order Compelling Discovery will be denied because it fails to comply with the straightforward procedural requirements of Fed. R. Civ. P. 37 and Local Rule 37.1.").

Having ignored duly issued notices for deposition, Defendants then have the audacity of accusing *Plaintiffs* of delaying another party's discovery. (Doc. 13 at p.2). Defendants suggest that their informal request for the recording in May somehow triggered some obligation on the part of Plaintiffs to respond. (Doc. 13 at p.3). First, that occurred prior to the parties FRCP 26(f) conference, and thus is wholly ineffective and a nullity under the federal rules. See FRCP 26(d)(1) ("(1) Timing. **A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)**, except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

2

*Whorton v. Cognitians, LLC*, 358 F. Supp. 3d 712 (SDOH 2019) (explaining that any discovery prior to the FRCP 26(f) conference is premature).

Second, the plain language of FRCP 26(d)(2) triggers response time to be measured by the date of the parties' FRCP 26(f) conference. *Whorton, LLC*, 358 F. Supp. 3d 712 at fn. Clearly, Defendants are mistaken in their contention that their "request" somehow predated the parties FRCP 26(f) conference, the notices of deposition and written discovery propounded to Defendants by Plaintiff.

Of course, in opposing Plaintiffs' Motion to Compel, Defendants ignore the fact that Defendants never have responded to Plaintiffs' Interrogatories and Requests for Production propounded to Defendants (not even with a motion to compel pending)! Instead, Defendants rely on several cases that plainly are distinguishable.

First, in *Roberts v. Americabe Int'l*, 883 F. Supp 499 (ED Cal 1999), and on receipt of the notice of the deposition, the Defendants in that matter did what these Defendants did not: immediately moved for a protective order (versus just unilaterally deciding not to show up at a properly noticed deposition in violation of the civil rules). Id. at 501. Second, and unlike the present case, the recording at issue was illegal under California law, which was a two party state, and this was a primary motivator in ordering the production of the recording prior to the deposition. *Id.* Ohio, of course, is a one-party state, so there was no state law violated by Mr. Davis' recording of the conversation. Ohio Rev. Code § 2933.52.

Next, Defendants cite *Costa v. AFGO Mech. Servs.*, 237 F.R.D. 21 (EDNY 2006), in which the Plaintiff did not (as Plaintiffs did here) notice the depositions of Defendants, but merely sought to delay production of the recording until after the deposition. Of note, the Court observed that it was significant that there was no evidence in *Costa* that Defendants would attempt to tailor their

testimony to the recording. *Id.* at 22-24. Here, of course, Defendants filed an Answer that denied they made the statements Plaintiffs alleged in the Complaint (Doc. 10), and they made public statements to the media in which they denied the statements.[1] Given that Defendants have already engaged in falsehoods to the media, and filed an Answer that demonstrates they are willing to file pleadings that are untrue, it is clear there is evidence here that Defendants will tailor their testimony to the recording.

Defendants likewise point to *Rofail v. United States*, 227 F.R.D. 53 (EDNY 2005), where the Court began by observing that "[a] review of the case law suggests it is common practice for defendants to request, and for courts to grant, stays of production of the statements of parties (and of other investigative materials) until after the party has been deposed." *Id.* at 55, citing *Mills v. Energy Transp. Corp.*, No. 96 Civ. 4828, 1996 U.S. Dist. LEXIS 18889, *2-*3 (S.D.N.Y. Dec. 20, 1996) ("Courts have repeatedly held, that in there [sic] circumstances, it is within the Court's discretion to stay document production and interrogatory answers in order to ensure that a defendant gets plaintiff's unrefreshed testimony"). The Court then noted significant authority that supported the proposition that production be delayed until after depositions:

> The party in possession of the statement usually complains of the likelihood that the party which made it will tailor its deposition testimony to the statement. *See e.g., Poppo v. Aon Risk Servs.*, No. 00 Civ. 4165, 2000 U.S. Dist. LEXIS 17588, *2-*3 (S.D.N.Y. Dec. 6, 2000) (withholding videotaped statements until after deposition); *Palisi v. Jewelewicz*, No. 96 Civ. 9756, 1997 U.S. Dist. LEXIS 7369, *2-*3 (S.D.N.Y. May, 27 1997) (withholding taped conversations until after the deposition); *Daniels v. AMTRAK*, 110 F.R.D. 160, 161 (S.D.N.Y. 1986) (withholding surveillance video until after deposition). In short, delaying production of the statement, according to these cases, is warranted when the party in possession of the statement asks the court for an order timing disclosure. *Torres-Paulett v. Traditional Mariner, Inc.*, 157 F.R.D. 487, 488 (S.D. Ca. 1994) (Papas, M.J.), c*iting Parla v. Matson Navigation Co.*, 28 F.R.D. 348, 349 (S.D.N.Y. 1961); *Mills*, 1996 U.S. Dist. LEXIS 18889, at *3 ("Notwithstanding a party's absolute right to copies of his own statement, Courts have even stayed production of a plaintiff's own statement until after the plaintiff's deposition").

---

[1] https://www.wcpo.com/news/local-news/hamilton-county/former-deputy-accuses-hamilton-county-sheriff-chief-deputy-of-retaliation (last accessed 8/13/2024).

Next, Defendants attempt to distinguish applicable caselaw, *Poppo v. Aon Risk Servs.*, No. 00-CV-04165, 2000 U.S. Dist. LEXIS 17588, 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000), by arguing that it somehow makes a difference whether the statements at issue are from Defendants' witnesses (and key employees) rather than parties.  But there is no basis for that false distinction.  The Court in *Poppo* made clear that Second Circuit courts have delayed the production of audio or video tapes prior to one or more depositions in order to prevent **the defendant or its witnesses** from tailoring their testimony to conform with their prior recorded statements or actions. *See Tribune Co. v. Purcigliotti*, 1997 U.S. Dist. LEXIS 13165, No. 93 CV 7222, 1997 WL 540810, at *3 (S.D.N.Y. 1997) (ordering a production of audio and video tapes after the risk of altering testimony was over); *Weinhold v. Witte Heavy Lift, Inc.,* 1994 U.S. Dist. LEXIS 4559, No. 90 CIV 2096, 1994 WL 132392, at *1 (S.D.N.Y. April 11, 1994)(surveillance video tape in a products liability action); *Daniels v. Nat'l R.R. Passenger Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y. 1986) (same); *Erie Conduit Corp. v. Metro. Asphalt Paving Assoc.*, 106 F.R.D. 451, 457 (E.D.N.Y. 1985) (stating that the Court had denied the defendants access to plaintiff's secretly recorded tapes until after depositions); *Sherrell Perfumes, Inc. v. Revlon, Inc.*, 77 F.R.D. 705, (S.D.N.Y. 1977) (delaying the production of surreptitiously tape recorded conversations in an antitrust action until after depositions

Defendants likewise attempt (but fail) to distinguish *Vail v. Hyundai Motor Am.*, 2024 U.S. Dist. LEXIS 42472 (NDOK 2024) and *McQueen v. Huddleston*, No. 13-CV-00302, 2015 U.S. Dist. LEXIS 77173, 2015 WL 3746733, at *5 (W.D.N.Y. 2015) (entering protective order delaying production of audio recording until after depositions "to discourage parties or their witnesses from tailoring their testimony to conform with their prior recorded statements or actions").  In actuality,

those cases support Plaintiffs' position that production should be delayed until after Defendants are deposed.

Defendants next cite, and misapply *Miles v. M/V Mississippi Queen*, 753 F.2d 1349 (5th Cir. 1985), in support of their proposition that the recording must be produced prior to their depositions.  But *Miles* involved a case where the district court permitted the defendant to _never_ produce the recording.  And the *Miles* Court explicitly observed that "the court has some latitude in determining the time when the statements must be produced; the court may permit, for example, the party's deposition to be taken first." *Id.* at 1351.  And, in *Vinet v. F & L Marine Mgmt.*, 2004 U.S. Dist. LEXIS 26356 (EDLA 2004), the Court ordered the prior statement produced because the producing party could never point to any evidence that the party whose statement was at issue might not be honest.  In contrast, here we have Defendants' statements to the media, and their denials in their Answer, thus providing evidence substantiating the fact Defendants have not been honest and are likely to conform their testimony to the recording..

Defendants have argued that they are entitled to the recording immediately, citing FRCP 26(b)(3)(C).  That rule makes clear that the statement at issue is discoverable, _but it does not govern the timing_.  Instead, FRCP 26(d)(3) provides that "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery."  Here, of course, Plaintiffs agree that Defendants are entitled to the recording – the dispute is over timing.

As noted, Defendants served a request for the recording that, pursuant to FRCP 26(d)(2)(B), was served at the FRCP 26(f) conference.  That was May 23, 2024.  The response to

that was due on June 24, 2024.[2]  On that date, Plaintiffs responded, and indicated that they would produce the recording and, pursuant to FRCP 34(b)(2)(B), stated that they would do so within 14 days of the conclusion of the depositions of McGuffey and Gramke, which was consistent with the requirements of FRCP 34 that permits "the production … be completed [at] another reasonable time specified in the response."  See Declaration at ¶10 (Doc. 11-1); Exhibit 12.

Defendants have never served any sort of deficiency letter response to that response. And, Defendants unilaterally chose not to produce themselves for deposition.

All relevant case law supports Plaintiffs' position in this dispute – both as a matter of equity, and as a matter of law.  Defendants should have attended their timely noticed depositions and they could not condition their attendance on the production of a recording, at least not without an order of the court, which Defendants did not seek.  See, also, FRCP 26(c) and (d)(2).

Plaintiffs should not be forced to produce the recording before Defendants' depositions so that Gramke and McGuffey can determine how much they must admit, as a condition precedent to answering questions under oath.  *Sandifor v. Cty. of L.A.*, 2019 U.S. Dist. LEXIS 167851 (CD Cal. 2019)("Indeed, Rule 26 also provides that 'methods of discovery may be used in any sequence' and 'discovery by one party does not require any other party to delay its discovery.' … Defendants are absolutely entitled to take plaintiff Utterback's deposition before the close of discovery, whether or not Ms. Lopez' statement(s) (if they exist and if they are responsive to any discovery request) have been produced.").

Other courts mirror this approach – that depositions and other discovery may not be withheld or conditioned on the other party's discovery response.  *Vail v. Hyundai Motor Am.*, 2024

---

[2] That is because 30 days from the FRCP 26(f) conference on May 23, 2024 was June 22, 2024; however, as that date fell on a Saturday, FRCP 6(a)(1)(C) placed the deadline on the following Monday, June 24, 2024.

U.S. Dist. LEXIS 42472 (NDOK 2024*); Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136 (NYSD 2021); *Hui Wang v. Omni Hotels Mgmt. Corp.*, No. 18-CV-02000, 2019 U.S. Dist. LEXIS 139390, 2019 WL 3852590, at *3 (D. Conn. Aug. 16, 2019) (denying motion to compel and delaying production of surveillance video until after deposition); *McQueen v. Huddleston*, No. 13-CV-00302, 2015 U.S. Dist. LEXIS 77173, 2015 WL 3746733, at *5 (W.D.N.Y. 2015) (entering protective order delaying production of audio recording until after depositions "to discourage parties or their witnesses from tailoring their testimony to conform with their prior recorded statements or actions"); *Poppo v. Aon Risk Servs.*, No. 00-CV-04165, 2000 U.S. Dist. LEXIS 17588, 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000).

Defendants should be ordered to immediately appear for deposition without conditioning their appearance upon production of the recording. The Sheriff's and Chief Deputy's testimony, and its truthfulness, should not depend on whether and how much of the conversation Plaintiffs have on a recording.

Further, given that Plaintiffs issued timely Notices for Defendants' depositions giving Defendants and their counsel 30 days advance notice, and Defendants' counsel raised no issue with scheduling conflicts or unavailability, it is improper and sanctionable for Defendants and their counsel to simply ignore duly issued Notices for their depositions.  At a minimum, Defendants' should have filed a Motion for Protective Order.  Case law is clear that it "is not proper practice [ ] to refuse to comply with the [Rule 30(b)(6)] notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel." *United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, 2009 U.S. Dist. LEXIS 122533 (SDOH 2009); *See, also, EMWomen's Surgical Ctr., P.S.C. v. Friedlander*,

978 F.3d 418, 447 (6th Cir. 2020) ("having a pending protective order is merely a necessary condition for excusing a party's failure to appear. It is not alone sufficient.").

The Staff Notes to FRCP 37 provide "A provision is added to make clear that a party may not properly remain completely silent even when he regards a notice to take his deposition or a set of interrogatories or requests to inspect as improper and objectionable. If he desires not to appear or not to respond, he must apply for a protective order. *Collins v Wayland*, 139 F2d 677 (9th Cir. 1944), cert. den. 322 US 744; *Bourgeois v El Paso Natural Gas Co.*, 20 FRD 358 (SDNY 1957); *Loosley v Stone*, 15 FRD 373 (SD Ill 1954). The party from whom discovery is sought is afforded, through Rule 26(c), a fair and effective procedure whereby he can challenge the request made. At the same time, the total noncompliance with which Rule 37(d) is concerned may impose severe inconvenience or hardship on the discovering party and substantially delay the discovery process. Cf. 2B Barron & Holtzoff, Federal Practice and Procedure 306–307 (Wright ed. 1961) (response to a subpoena)".

"Under Fed.R.Civ.P. 37(d), when a party fails to appear before the officer who is to take his deposition after being served with a proper notice, the court in which the action is pending on motion may make such orders in regard to the failure as are just." Amadasu v. Donovan, 2005 U.S. Dist. LEXIS 61249 (SDOH 2005). "Central to the determination of the appropriate sanction is the willfulness or good faith manifested by the party's conduct." *Id., citing Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958). "Willful failure has been defined as any intentional or conscious failure as distinguished from involuntary non-compliance." *Id., citing United States v. 3963 Bottles, More or Less*, 265 F.2d 332, (7th Cir.), cert. denied, 360 U.S. 931 (1959). Indeed, FRCP 30(d)(3) suggests that if a

9

deposition is not to occur, the onus is on the party resisting it to obtain a protective order. Here, Defendants unilaterally decided not to show up – and they did not seek a protective order.

### a. Defendants' should be directed to properly respond to requests for admission.

Defendants interposed the following objection to Plaintiffs' Requests for Admission Nos. 2 through 10:

> ANSWER: Object. Defendant is entitled under Federal Rule of Civil Procedure 26(b)(3)(C) to prior recorded statement in the possession of Plaintiffs before being questioned about it. See Declaration at ¶7, Exhibit 11.

Defendants cite no caselaw in support of this objection. Further, as set forth above, the sequence of discovery or another party's failure to make discovery does not excuse another party's failure to make discovery. FRCP 26(d)(3). Defendants' objections should be overruled and Defendants should be required to fully respond, without interposing improper objections. FRCP 36(b) ("Unless the court finds an objection justified, it must order that an answer be served.").

### b. Defendants should be compelled to fully respond to all Interrogatories and Requests for Production, without objection.

Defendants elected not to respond at all to Interrogatories or Requests for Production of Documents. Declaration at ¶8. Those responses were due on June 24, 2024. That has the effect of waiving all objections to such discovery. *Biondi v. Jaguar Land Rover N. Am., LLC*, 2023 U.S. Dist. LEXIS 160482 (NDOH 2023); *Cleveland Indians Baseball Co. v. United States*, 1998 U.S. Dist. LEXIS 1459 (NDOH 1998); *Ewert v. Holzer Clinic, Inc.*, 2010 U.S. Dist. LEXIS 149498 (SDOH 2010).

The Court should compel a response.

### c. Plaintiffs should be awarded their fees incurred in bringing this Motion.

Defendants just ignored Plaintiffs' Notices for their depositions. They also ignored Plaintiffs' Interrogatories and Requests for Production; and they improperly objected to the Requests for Admission.

It was incumbent upon Defendants to seek a protective order if they thought they shouldn't have to submit to a deposition or respond to discovery.  Simply refusing to appear is not permitted and some sanction is appropriate. Plaintiffs urge the Court to grant reasonable attorney's fees incurred in bringing this Motion.  FRCP 37(a)(5) governs sanctions concerning the admissions. FRCP 37(d)(1)(A) governs Defendants not showing up for their depositions and not answering Interrogatories or Requests for Production.

In terms of FRCP 37(d) and not showing up for their depositions or not responding to interrogatories or requests to product, the rule makes clear that "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  Again, Defendants filed no motion for a protective order.  Thus, sanctions should be awarded to include attorney fees, for the costs of bringing this motion and otherwise compelling compliance.

Case law is clear that it "is not proper practice [ ] to refuse to comply with the [Rule 30(b)(6)] notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel." *United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, 2009 U.S. Dist. LEXIS 122533 (SDOH 2009); *See, also, EMWomen's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 447 (6th Cir. 2020) ("having a pending protective order is merely a necessary condition for excusing a party's failure to appear. It is not alone sufficient.").  Defendants took this approach at their peril.

11

## II.     Conclusion

Plaintiffs have met the spirit and letter of the applicable discovery provisions in seeking to depose Defendants.  Defendants, on the other hand, have taken unsupportable positions, without legal authority, directly contrary to the FRCP and simply disregarded the duly issued Notices for their depositions.  The Court should grant Plaintiffs' Motion and compel Defendants to submit to their depositions.

Respectfully submitted,

/s/Zachary Gottesman
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
9200 Montgomery Road
Building E, Suite 18B
Cincinnati, Ohio 45242
513/651-2121
zgottesman@gmail.com

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd, Suite 1280
Covington, KY 41011
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that on August 15, 2024, I served a copy of the foregoing upon counsel for the Defendants by filing this pleading using CM/ECF which provides notice of its filing to all parties and/or their counsel of record.

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)