# HAMILTON COUNTY
# SHERIFF'S OFFICE

## RULES
## REGULATIONS
## AND
## DISCIPLINARY PROCESS

## CHARMAINE McGUFFEY
## SHERIFF



EXHIBIT
4 KL
5/6/25 Jason Lewis

ADOPTED:     January 1, 1987
REVISIONS:   04/19/89; 10/22/90; 08/22/00; 08/21/02; 02/20/07; 02/20/07; 05/02/07; 08/08/17; 04/08/19; 04/23/21, 06/08/21

# TABLE OF CONTENTS

**CHAPTER I**                                              **SECTIONS**
      **STANDARDS OF PERSONAL CONDUCT**......................**1.0 THRU 1.25**

**CHAPTER II**                                             **SECTIONS**
      **GENERAL RULES AND REGULATIONS**......................**2.0 THRU 2.56**

**CHAPTER III**                                           **SECTIONS**
      **PERSONNEL COMPLAINT INVESTIGATION/**
                     **DISCIPLINARY PROCESS**.....................**3.0 THRU 3.27**

**Please note any changes in this personnel manual will be updated via the computer. Sheriff's Office employees will be responsible for updating their copy of the Hamilton County Sheriff's Office Rules, Regulations, and Disciplinary Process.**

**CHAPTER I**                                    **STANDARDS OF PERSONAL CONDUCT**

# SECTION

1.0     Sheriff's employees will tell the truth, the whole truth and nothing but the truth.  Any attempt to resort to half-truths or evasion of an issue will result in irreparable damage to the employee's reputation and destroy public and official confidence in the entire agency.

1.1     All employees will exert every effort to complete their assigned tasks.  Assigned tasks shall be completed except in exigent circumstances.

1.2     Sheriff's employees will, through constant study and application of progressive criminal justice techniques, strengthen their own capabilities and encourage public support.

1.3     Sheriff's employees will be loyal to the criminal justice system and to associates of all ranks, and neither divulge nor tolerate gossip detrimental to any employee of the Sheriff's Office.

1.4     Sheriff's employees will support their associates in the full discharge of the obligations of their office or position.

1.5     Sheriff's employees will cooperate with the coordination of efforts in internal activities and in official relationships with other organizations.

1.6     Sheriff's employees will take the Oath of Office without reservation or evasion.

1.7     Sheriff's employees shall always be civil, orderly and courteous in dealing with everyone, and shall avoid the use of coarse, violent or profane language.  They shall not express any prejudice concerning race, sex, religion, national origin, life style, disability or similar personal characteristics.

1.8     Sheriff's employees shall not contract excessive debt or refuse to make payment of a just claim for which they are liable.

1.9     Sheriff's employees shall not use or attempt to use their position to influence the decisions of governmental officials for the purpose of personal or financial gain.

1.10    Sheriff's employees, in classified service, are prohibited by Ohio Revised Code, Section 124.57, from the following political activities:

   a.  No officer shall directly or indirectly, orally or by letter, solicit or receive, or be in any manner concerned in soliciting or receiving, any assessment, subscription, or contribution for any political party or for any candidate for public office.

   b.  No person shall solicit directly or indirectly, orally or by letter, or be in any manner concerned in soliciting, any such assessment, contribution, or payment from any officer.

   c.  No officer shall be an officer in any political organization or take part in politics other than to vote as the officer or employee pleases and to express freely political opinions.

1.11    Sheriff's employees shall not authorize the use of their name, photograph, etc., which identifies them as being affiliated with the Sheriff's Office, or their official title, in connection with a testimonial endorsement, or advertisement of any commodity or commercial enterprise, without approval of the Sheriff.

## SECTION

1.12    In accordance with the Sheriff's Office policy, Sheriff's employees will not use or attempt to use their official position, badge, or credentials for personal or financial gain, or to gain entrance to any event.

1.13    Sheriff's employees shall not join, or be a member of, any organization or society designed to interfere with the orderly process of government by illegal means.

1.14    Sheriff's employees shall not conduct social or personal associations or relationships with other persons, where such association would be considered illicit, immoral, improper or an impairment to the operation, efficiency or professional image of the Sheriff's Office. This does not preclude associations which are required for a deputy to perform their assigned duties.

1.15    Sheriff's employees shall not engage in public arguments which would be detrimental to the professional image of the Sheriff's Office.

1.16    Sheriff's employees shall not interfere with or attempt to influence the lawful business of any person or organization.

1.17    Suggestions regarding official business of the Sheriff's office shall be sent through the Chain of Command.

1.18    Sheriff's employees having a dispute involving another employee that cannot be resolved amicably shall notify their immediate supervisor.

1.19    Sheriff's employees shall not participate directly or indirectly in any unethical or unlawful compromise arrangement or settlement between criminals and their victims. Employees shall report to their superior officer any knowledge of such arrangement in which any other employee is involved.

1.20    Sheriff's employees shall assist each other in a prompt and courteous manner to accomplish all job specifications, and all employees shall communicate to their superiors and co-workers all information they may obtain which is pertinent to the achievement of those specifications.

1.21    Sheriff's employees shall not solicit or accept from any person, business or organization, any gift (including money, tangible personal property, food, beverage, loan promise, service or entertainment) for the benefit of the employees, Sheriff's Office or any other person or organization, if it may reasonably be inferred that the person, business or organization:

     a.    Seeks to influence action of an official nature or seeks to affect the performance or non-performance of an official duty; or

     b.    Has an interest which may be substantially affected either directly or indirectly by the performance or non-performance of an official duty.

1.22    Employees of the Sheriff's Office shall not congregate or loiter in any place or in any manner as to bring discredit to the Sheriff's Office.

1.23    Employees of the Sheriff's Office shall not knowingly visit any place of questionable character, such as a house of prostitution, illegal gambling establishment or any place frequented by criminals, except in the line of duty. No employee shall knowingly associate with operators or individuals who patronize such places, nor shall employees associate with known criminals or persons of questionable character.

**SECTION**

1.24    All applicable personnel of the Sheriff's Office shall comply with the Sheriff's Office "Appearance and Weight Standards Program" and "Physical Fitness and Performance Program". Those employees who are defined as applicable personnel within the respective program policies will be required to participate and comply as provided for within the policies.

1.25    An employee may not record another employee in the workplace, including off duty details and while working remotely, without the consent of all parties present, unless the recording occurs during the course of an official investigation approved by the Sheriff and/or the Chief Deputy. This is inclusive of video recording and audio recording.

**CHAPTER II**                                    **GENERAL RULES AND REGULATIONS**

**SECTION**

2.0     Sheriff's employees shall conduct themselves at all times in such a manner as to reflect most favorably on the Sheriff's Office. Conduct unbecoming an employee shall include that which brings the Sheriff's Office into disrepute or reflects discredit upon the employee as a representative of the Sheriff's Office, or that which impairs the operation or efficiency of the Sheriff's Office or its employees. Such offenses need not be specifically defined or set forth in this manual.

2.1     Sheriff's employees will familiarize themselves with and conform to the Rules, Regulations, Policies, Procedures, Directives, and General Orders of the Sheriff's Office and their respective divisions.

2.2     Sheriff's employees shall obey all local, state and federal statutes and ordinances.

2.3     Sheriff's employees shall maintain a professional bearing and alert attitude and appearance.

2.4     Sheriff's employees shall conduct official business through channels as indicated in the organizational structure. Rank shall not be disregarded in conducting official business except where written procedures, authorized by the Sheriff or designee, indicate otherwise.

2.5     Sheriff's employees shall not, under any circumstances, be absent from duty without first obtaining permission.

2.6     Sheriff's employees shall promptly report for duty at their specified times, physically and mentally fit, neatly and properly groomed and in proper attire according to Hamilton County Sheriff's Office Personnel Dress Code, assigned division policy or supervisory order, and with prescribed equipment.

    a.     The word "duty" shall include: appearance in court, grand jury or other related court or prosecutor's hearings or conferences; training seminars; in response to a supervisor's order; and any functions attended where employees are under departmental compensatory policy or are recognized as official representatives of the Sheriff's Office.

        1)     Employees attending extended term training (generally exceeding two weeks duration) at a non-departmental institution/facility, shall be authorized to conform to the dress code of such training institute/facility program if it is in written conflict with departmental dress code.

    b.     Sheriff's employees assigned to uniformed service will wear the prescribed uniform of the day when reporting for duty, except when granted specific permission by their relief/shift commanders, or in their absence, by the section commander, or as provided for in Personnel Dress Code.

    c.     Sheriff's employees assigned to duty in non-uniform clothing and those attending functions under the foregoing exceptions will wear acceptable civilian attire of conservative color and design, including coat, collar and tie as provided for by the Personnel Dress Code. Exceptions may be made by supervision where such normal attire is detrimental to the law enforcement objective or nature of the assignment.

2.7     Sheriff's employees shall not be absent from any required trial or hearing except for good cause in which instance they shall notify the prosecutor, the other officers involved and their supervisor. Such notification shall be made at a reasonable time before the trial or hearing begins, and in accordance with policy and procedure.

**SECTION**

2.8     Sheriff's employees reporting sick must make such notification to designated personnel of their assigned work unit, in accordance with appropriate Divisional or Sheriff's Office procedures.

        a.     A request for sick leave form shall be filled out and filed immediately upon return to duty.

        b.     Sheriff's employees shall conform to all provisions of the Sheriff's Office sick leave procedure.

2.9     All uniforms or clothing worn by Sheriff's Office personnel will be in good repair, cleaned and pressed. Shoes, leather and metal parts will be clean and polished. Uniformed personnel will wear the prescribed headgear at all times when outside of departmental facilities or vehicles. Removal of hat, while performing functions inside of a building will be governed by protocol with regard to reporting, respect to nation or flag, worshipful reverence, or as dictated by the Division Commander. All personnel in uniform will maintain a military bearing and an alert attitude and appearance at all times.

2.10     All Sheriff's Office personnel shall maintain all issued equipment in proper condition and shall be responsible for accountability of said equipment. Any loss or damage to issued equipment shall be reported immediately.

2.11     Sheriff's employees shall submit all necessary reports on time and in accordance with established departmental procedures. Reports submitted by officers as well as official statements shall be truthful and complete.

        a.     No member shall knowingly state, enter or cause to be entered any inaccurate, false, incomplete, misleading or improper information.

2.12     Sheriff's employees shall not remove or destroy any official record or report from file, nor take any official record from the office where it is kept. However, with express permission of their supervisor in charge of a record, employees may remove a record if it is in the performance of their duties and in accordance to law.

2.13     Sheriff's employees shall not copy or disseminate any official record, report or data contained therein for unauthorized use or purpose. All distribution to sources outside the Sheriff's Office channels must be by authorization only.

2.14     Sheriff's employees shall not exhibit or divulge the contents of any arrest or criminal record to any person except in the conduct of Sheriff's Office functions, or in accordance with the provisions of law.

2.15     Sheriff's employees shall not speak before any group on a police topic, nor prepare for publication any article dealing with criminal justice work without prior official approval. Employees shall not make information pertaining to activities of the Sheriff's Office available for publication without prior official approval.

2.16     Sheriff's employees shall immediately submit a written report to their supervisor or division commander concerning any arrests or court actions, civil or criminal, initiated against them. Sheriff's employees shall immediately (within 24 hours) notify the Professional Standards Division, via email, of the outcome of any arrest or court action, civil or criminal, initiated against them.

## SECTION

2.17    Employees of the Sheriff's Office shall not file claims for damages or make any legal compromise with any person without prior notification of the Sheriff, except in civil matters arising outside the scope of their employment.

2.18    Sheriff's employees shall not permit any other person to use their badge, uniform or credentials.

2.19    Employees of the Sheriff's Office, while in the various Sheriff's installations, shall at all times, wear, in a visible manner, official Sheriff Identification. When wearing Sheriff's Office identification, the name and/or photograph must be facing forward and visible.

2.20    Sheriff's employees while off duty will conduct themselves in such a manner so as to avoid any incident that may be detrimental to the Sheriff's Office.

2.21    At no time shall Sheriff's employees carry or have in their possession an illegal or unapproved firearm, except for evidentiary or confiscation purposes, or transportation to or from the Property Room or Court.

2.22    Employees of the Sheriff's Office shall only draw or display their firearms in time of demonstrated need in accordance with the circumstances warranting firearms discharge as defined within **General Order 208 and/or General Order 209**, or for official inspection or firearms maintenance. Employees shall not use, display or handle weapons in a careless or imprudent manner and will be held accountable for use of poor judgment in any such incident.

2.23    Sheriff's employees shall not fire any weapon except as authorized in **General Order 208 and/or General Order 209**. Shots fired on duty or off duty shall be immediately reported to a supervisor.

2.24    All Sheriff's employees shall promptly obey the legitimate order of their superior officers and other employees acting in a supervisory capacity.

2.25    All Sheriff's Office supervisors shall be addressed by their correct title and name.

2.26    Uniformed employees of the Sheriff's Office "reporting" to a superior officer (rank of Lieutenant, or above) at any location shall render a hand salute. Salutes will be rendered from a position of attention at all times. Exceptions are as follows:

      a.    Employees shall not salute when current tasks prevent it or both hands are occupied.

      b.    While in formation. This will be done by the Officer-In-Charge of the formation.

      c.    While operating a motor vehicle, unless stopped.

      d.    While in a Sheriff's Facility, except when reporting.

2.27    The hand salute, when required, shall be rendered by raising the right hand smartly until the tip of the forefinger touches the brim of the hat or forehead above and slightly to the right of the right eye. The thumb and fingers will be extended and joined palm down, the upper arm horizontal and the forearm inclined at a 45 degree angle with the hand and wrist straight. The head and eyes shall be turned toward the person saluted. When the salute has been recognized or returned by the other person, remove the hand to a normal position in a smooth motion.

**SECTION**

2.28    All uniformed Sheriff's employees shall, upon hearing the National Anthem played outdoors, execute the hand salute until the Anthem is completed. If indoors, face the flag, remove the hat and place the hat over the left breast.

      a.    Non-uniform members shall execute the hand salute outdoors or indoors by removing their hat and placing hat over the left breast or by placing their hand over the left breast.

2.29    Sheriff's employees, upon approach of the national colors, shall assume the position of attention and when the flag is six paces away, render the hand salute. Only the colors at the head of each division of a parade will be saluted.

2.30    Sheriff's employees shall report to their superior officer all information they acquire concerning organized crime, racketeering, vice conditions or other illegal actions brought to their attention.

2.31    Sheriff's employees shall be diligent in the preparation of cases for trial by proper execution of affidavit, preservation and analysis of evidence, summoning of witnesses and review of testimony.

2.32    Sheriff's employees shall not recommend or suggest, in any manner, while acting in an official capacity, the employment or procurement of a particular bondsman, attorney, product, professional or commercial service.

2.33    Sheriff's employees shall not consume alcoholic beverages while in uniform or on duty, except in the performance of duty and while acting under proper and specific orders from a superior officer.

      a.    Sheriff's employees shall not appear for duty, or be on duty while under the influence of alcoholic beverages or controlled substances or with an odor of either on their person.

      b.    Sheriff's employees shall not possess or use any controlled substances, except when prescribed in the treatment of the employee by a licensed medical practitioner.

      c.    When controlled substances may affect an employee's performance, including reporting for duty, employees shall immediately notify their supervisor upon reporting for duty.

2.34    Sheriff's employees shall not have alcoholic beverages, controlled substances or contraband on their person or in any Sheriff's installation or Sheriff's vehicle, except for legitimate purposes.

2.35    On duty personnel shall not engage in non-emergency personal matters, social activities, personal business or any other activities which would cause them to neglect or be inattentive to their duties.

2.36    Sheriff's employees will not recognize or address a plainclothes or undercover (covert) officer, or call attention to their presence, unless first addressed by them.

2.37    Sheriff's vehicles will be driven safely with due regard to all laws governing their safe operation and in accordance with Sheriff's Office divisional policy and state statute.

      a.    If repairs are necessary for the safe operation of the vehicle they should be reported, as soon as possible, on the form provided to the respective division designee.

      b.    If a Sheriff's vehicle is involved in an accident, the employee must follow the Sheriff's Office designated policy for accident investigations. Further, the Hamilton County Accident form must be completed and filed in accordance with current procedures.

**SECTION**

      c.    Sheriff's Office personnel, when operating or riding in an official Sheriff's Office vehicle, shall utilize the provided safety restraint features of said vehicle.

      d.    Official vehicles include automobiles, motorcycles, bicycles, aircraft, watercraft and horses.

2.38    No unauthorized person(s) will be permitted to ride in Sheriff's Office vehicles.

      a.    Unauthorized personnel shall include anyone other than a member of the Sheriff's Office or another law enforcement agency on official business.

      b.    Clearance for Special Deputies must be made through the relief commander or the Division Commander.

      c.    The respective Division Commander will determine authorized personnel other than those listed above, in which case Indemnity Forms must be completed and filled out prior to such transportation in the Sheriff's Office vehicles.

      d.    Sheriff's employees transporting persons in an official capacity shall notify dispatchers of their unit number, mileage and destination whenever such transporting is a person of the opposite sex, or justifies caution and concern for officer safety or need for documentation at some subsequent time except when:

            1)    Transporting a person in connection with an official investigation, the report of which will include their identity.

            2)    Transporting an employee of the Sheriff's Office, another governmental agency, or in accordance with an approval of the Division Commander.

2.39    Sheriff's employees will keep their commanding officer informed of their current residence and telephone number. Any changes in the above will be immediately reported on the appropriate form.

2.40    Sheriff's employees shall provide necessary advice and/or assistance to citizens in a prompt and courteous manner, whether the request is made by telephone or in person. Information from citizens relating to complaints or reports will be thoroughly documented in accordance with existing Sheriff's Office procedures.

2.41    Sheriff's employees shall not publicly criticize or ridicule the Sheriff's Office, its policies or other members, by talking, writing or expressing themselves in any manner when such expression:

      a.    is directed towards a person with whom the employee has a working relationship and the expression impairs the working relationship;

      b.    is stated or inferred as the official position of the Sheriff's Office, without obtaining the prior approval of the Sheriff's Office;

      c.    improperly disclose investigation or confidential information;

**SECTION**

       d.     tends to impair the operation of the Sheriff's Office by interfering with its efficiency, interfering with the ability of supervisors to maintain discipline or having been made with reckless disregard for the truth.

2.42    Sheriff's employees shall not engage in any other employment or business without the permission of the Sheriff. Requests for permission to engage in outside employment shall be made according to the Sheriff's Office procedure.

2.43    Sheriff's employees shall remain awake while on duty. If employees are unable to stay awake, they shall report so to their immediate supervisor, who shall determine the proper course of action.

2.44    Sheriff's employees shall not interfere with cases or investigations being handled by members of the Sheriff's Office or by any other governmental agency.

       a.     Employees shall not undertake any investigation or other official action that is not part of their regular duties without obtaining permission from their unit commander, unless the circumstances of the situation require immediate police action. If circumstances prohibit immediate notification, members will notify their unit commander as soon as possible.

       b.     Employees subpoenaed in their capacity as a Sheriff's employee to testify on behalf of the defense, or when there is a possibility the employee's position may be made known to the court, will immediately notify their unit commander of the subpoena.

       c.     No employee shall voluntarily testify on behalf of an individual, where their position as a Sheriff's employee will or may be made known to the court, without first receiving approval from the Sheriff via the chain of command.

2.45    Sheriff's employees shall not chew tobacco nor smoke in uniform while in contact with or visible to the general public, whether on duty or not.

       a.     Uniform members shall not chew gum or similar substance while in court, on parade or while conducting official business in view of the general public.

       b.     Employees assigned to civilian clothes shall not smoke, chew gum or tobacco while in court or in personal contact with members of the general public while representing the Sheriff's Office.

       c.     Smoking is not permitted by any Sheriff's employee in marked and/or limited marked vehicles.

2.46    Sheriff's law enforcement personnel are obligated to take action in any criminal or emergency situation coming to their attention, whether on or off duty, in accordance with state law and Sheriff's Office policy. Members shall respond promptly whenever ordered to emergency duty.

2.47    Sheriff's employees shall not knowingly or with malice, make any arrest, search or seizure which is not in accordance with the law and/or Sheriff's Office procedures.

2.48    Sheriff's employees shall not verbally and/or physically mistreat persons who are in custody and shall protect them from mistreatment by others. Sheriff's employees shall handle such persons in accordance with the law and Sheriff's Office procedures.

2.49    Sheriff's deputies will use only that force which is objectively reasonable based upon the totality of the circumstances to achieve a lawful objective. Employees shall use force only in accordance with the

# SECTION

law and Sheriff's Office procedures, and shall report such use to the immediate supervisor in accordance with said procedure.

2.50    Employees of the Sheriff's Office, while utilizing police radios or any and all law enforcement communication systems, MDC's, wireless phones, intercom systems, computer, pagers, shall conduct themselves in a professional manner at all times and will adhere to proper radio discipline. Only information relating to official business will be transmitted via Sheriff's Office communication systems.

2.51    Employees of the Sheriff's Office shall not permit any person to remain in a Sheriff's installation or vehicle unless the person's presence is necessary in the conduct of official business.

2.52    When two or more Sheriff's employees, of equal rank, are simultaneously employed in the same operation, the senior employee shall be in charge, except when otherwise ordered. (Should the operation be an inter-division or inter-work unit operation, the employee working within their specialized function shall be in charge regardless of time and service.)

2.53    Sheriff's employees shall not bid on or purchase any item, vehicle or property which is offered for sale at any public auction or sale conducted by, or under the responsibility of, the Hamilton County Sheriff's Office, nor shall any Sheriff's employee cause the same to be done directly or indirectly on their behalf by another person.

2.54    Employees must, upon direction of the Sheriff or his designated representative, respond completely and truthfully to all questions asked of them that are specifically and narrowly related to their performance as a Deputy Sheriff. Since employees are required, by rule and case law, to answer and have no right against self-incrimination, the response to such questions may be used only in the application of administrative justice. Employees are immune in any subsequent related criminal prosecution directed against them from the use of the information provided in response to an administrative order.

      a.    Should employees fail or refuse to respond completely and truthfully to all questions directed to them as an employee of the Sheriff's Office, they will be given a direct order to do so.

      b.    Refusal or failure to respond will result in the pursuit of disciplinary action against employees for failure to obey an order.

      c.    Disciplinary action may result in administrative sanction against the employees, which may include termination of their employment with the Sheriff's Office.

2.55    The individual divisions within the Sheriff's Office shall initiate, within their own divisions, those additional rules, regulations and procedures which are necessary for the efficient operation of that division, as long as they are not in conflict with Sheriff's Office Rules and Regulations and relate to matters unique to that division. Employees are expected to comply with their respective division rules, regulations and procedures placed in effect under these guidelines and failure to do so shall subject the employee to disciplinary action.

2.56    Sheriff's employees shall comply with the Sheriff's residency policy.

**CHAPTER III**                              **PERSONNEL COMPLAINT INVESTIGATION/ DISCIPLINARY PROCESS**

**(NOTE:**     **Processes and Procedures in this Chapter subject to modification where a prevailing labor contract specifically identifies an exception to a Procedure in this document.)**

**SECTION**

3.0     Discipline has been defined as conditioning which corrects, molds, strengthens and perfects. Discipline is directed toward the development of competent personnel who wish to conform to desirable patterns of conduct and who are capable of performing their duties promptly, efficiently and unfalteringly.

3.1     Discipline is only effective when utilized promptly and equitably upon the discovery of misconduct. The severity of the penalties is secondary to the need for certainty of disciplinary action.

3.2     There must be mutual loyalty among all personnel; however, dedication to the welfare of the Sheriff's Office must be placed above individual loyalties. Protecting the non-conforming member is damaging to all.

3.3     All supervisors of the Sheriff's Office must realize the importance of discipline. The act of discipline must not be delegated to one man or to a small group. Corrective action on the part of all supervisors is required. If the supervisor fails to take proper corrective action, there should be a prompt application of penalties for that supervisor.

3.4     Supervisors should not be reluctant to deal with a problem that tends to weaken organizational discipline. Hesitation by a supervisor to discipline will cause loss of respect rather than achieve personal approval from the people supervised.

3.5     Sheriff's Office employees becoming aware of, or receiving a complaint regarding any infraction of Sheriff's Office regulations or violation of local ordinance or State law by Sheriff's Office personnel, excepting civil matters arising outside the scope of the personnel's employment or minor traffic violation, shall report such conduct to his supervisor before the termination of their tour of duty, if matter comes to the employees attention while on duty. If received while not on duty, the employee shall report the information to his supervisor before the end of business hours on the next working day.

3.6     Sheriff's Office employees receiving a complaint, or becoming aware of any infraction or violation by Sheriff's Office personnel shall not discuss such information with anyone except his supervisor and the unit responsible for conducting an internal investigation, if necessary.

3.7     The complaint investigation can result in any of the following types of closures:

       a.     SUSTAINED – Allegation is supported by sufficient evidence.

       b.     NOT SUSTAINED – Insufficient evidence to prove or disapprove the allegation.

       c.     EXONERATED – Incident did occur, but the actions taken were lawful and proper.

       d.     UNFOUNDED – Allegation is not factual; it did not happen.

       e.     POLICY FAILURE – Concludes that the allegation is true, but the employee's actions were consistent with Department policy.

# SECTION

## DISCIPLINARY   ACTION   PROCEDURAL   STEPS

3.8   All requests for disciplinary action will be prepared on the "Memorandum to Personnel File" form, which should be completed by the supervisor having direct knowledge of the incident or occurrence of infraction.  Information given on the form must include the date, time and location of the infraction, supported by a complete and concise narrative of the incident.  Identification of specific departmental or divisional regulations violated must be given.

    a.   While the employee's past history of disciplinary action is pertinent to be issued in the determination of the degree of disciplinary action, the portion of the document which supports and designates the current charge(s) should relate only to the facts which are relative to the specific incident or occurrence.

    b.   When the level of conduct does not rise to the need for a "Memorandum to Personnel File", a General Infraction Guide (GIG) may be used.

        1)   The GIG does not become a permanent record in the affected employee's personnel file.  Upon completion of the routing of the GIG through the chain-of-command, the GIG shall be returned to the issuing supervisor who shall maintain a file.

        2)   A GIG is not a form of discipline and does not initiate progressive discipline; it is a guide for supervisors and employees to document a minor infraction that has been addressed.

3.9   The "Memorandum to Personnel File" form should be discussed with the employee by the charging supervisor, to notify the employee of the pending request for disciplinary action.  The employee should be requested to sign the "Memorandum to Personnel File" form as an acknowledgement of notification of such filing.  Such acknowledgement does not indicate any concurrence, agreement, nor admission of guilt by the employee charged.

3.10  The "Memorandum to Personnel File" form shall be forwarded through the employee's respective chain-of-command, with each step in the supervisory/administrative chain within the division, indicating their concurrence/non-concurrence that some form of discipline is warranted and any comment regarding the incident and charges.  The completed form will be forwarded to the Chief Deputy.

3.11  Upon receipt of "Memorandum to Personnel File" the Chief Deputy will handle as follows:

    a.   In cases involving an employee who is not a classified civil servant or a bargaining unit member, a neutral administrator will not be appointed.  Thus, the Sheriff shall take disciplinary action without a hearing.

    b.   Upon determination that disciplinary action of suspension, termination or reduction in pay or position may be in order for a classified civil service employee or bargaining unit employee, the Chief Deputy shall refer the matter to a Hearing Officer.  The Hearing Officer will be selected by the Chief Deputy for the purpose of conducting a Pre-Disciplinary Hearing.  The Hearing Officer will not be from within the employee's chain-of-command.

    c.   Upon a decision of disciplinary action of less than suspension, termination or reduction in pay or position, action will be immediately considered and disposition taken.  At the Sheriff's

**SECTION**

option, the matter may be referred to a Hearing Officer for a Pre-Disciplinary Hearing, prior to making such decision as to disciplinary action.

3.12    In matters referred to a Hearing Officer, a Pre-Disciplinary Hearing will be conducted under the procedures established below entitled "Hearing Procedure" and any prevailing labor contract. A report of the hearing shall be issued to the Sheriff upon completion of the hearing at which time the Sheriff will determine what action is to be taken to dispose of the disciplinary matter.

3.13    The function of the hearing by a Hearing Officer is an administrative review, with findings being forwarded to the Sheriff for consideration and final disposition.

Upon notification of being designated as a Hearing Officer, such designated supervisor or administrative officer will provide notification to all necessary parties, conduct a hearing and file a report of the Pre-Disciplinary Hearing as delineated in the policies or as agreed to in any prevailing labor contract covering such employee.

3.14    Written notification of the scheduled hearing will be sent to the charged employee. The notification shall be given at least one hundred twenty (120) hours prior to Hearing and shall contain:

a.    Date, time and location of the hearing.

b.    Identification of charges being brought against employee.

c.    Notification of an employee's right to have a representative of the employee's choice present at a hearing to serve in observational or advisory role or in capacity indicated by any prevailing labor contract, or as provided for in Pre-Disciplinary Hearing procedures.

1.    A representative may be legal counsel.

2.    A representative may not be actively involved in the matter before the Hearing Officer and they must be appearing voluntarily.

d.    Notification of the employee's right to question and cross-examine witnesses.

e.    Notification of the employee's right to have witnesses offer testimony on behalf of the employee and the requirement to submit a written list of such witnesses no later than eight (8) hours prior to hearing.

f.    Notification that the employee may voluntarily "Waive" their right to the Pre-Disciplinary Hearing by completing the designated "Waiver" form at the bottom of notification letter.

g.    Statement notifying the employee that failure to appear at the Hearing will result in a "Waiver" of the employee's right to a Hearing, absent any extenuating circumstances, and may result in further action.

h.    Statement advising the Hearing Officer retains right to limit the witness' testimony to matters relevant to the proposed disciplinary action and to limit the redundancy of testimony.

i.    A copy of the "Memorandum to Personnel File" form containing specification and particulars of charges filed against the employee.

15

# SECTION

3.15    Written notification of the scheduled Hearing will be sent to the charging supervisor.  The notification shall contain:

    a.    Date, time and location of the hearing.

    b.    Notification of the requirement to submit a written list of witnesses no later than eight (8) hours prior to Hearing.

    c.    Notification of charging supervisor's responsibility to be prepared to present at the hearing all necessary witnesses, evidence and copies of any pertinent documents, reports, forms, schedules, procedures, general orders, et., that are applicable to the charge(s) filed or incident(s) from which such charge(s) originated.

        1.    Upon notification of a Pre-Disciplinary Hearing, the charging supervisor's Division Commander may designate an individual to serve as a case presenter.  The case presenter shall meet with, coordinate with, and appear at the hearing with the charging supervisor for purposes of presenting the case before the Hearing Officer.  Designation of a case presenter does not relieve the charging supervisor of any responsibilities or obligations established by departmental or divisional rules, regulations, or procedures regarding the disciplinary process other than the actual presentation of the case at the hearing.

## WAIVER OF HEARING

3.16    An employee, upon receipt of notification of the scheduled hearing <u>may voluntarily request to waive a hearing,</u> by completing the "Waiver" form at the bottom of the hearing notification memorandum.  In executing such waiver the employee is indicating their desire for the Sheriff to act upon the request for disciplinary action without a review and finding by a Hearing Officer.  The Sheriff shall have the discretion to reject a request for waiver and direct the Hearing Officer to conduct a Pre-disciplinary Hearing, if he determines a hearing would be in the best interest of the Hamilton County Sheriff's Office and the employee charged.

## HEARING PROCEDURE

3.17    The hearing will be conducted in the following manner or as required by any prevailing labor contract covering such a subject:

    a.    The Pre-Disciplinary Hearing will be tape recorded in its entirety by the Hearing Officer.  However, the employee, or the employee's representative, may also tape the hearing.

    b.    All persons testifying before the hearing will be sworn prior to presenting any testimony.

    c.    The Charging Supervisor and the employee charged will both have the right to question and cross-examine.  Such examination must be in an orderly manner.  Argumentative examination will not be tolerated.

        1.    When an employee is represented at a hearing, such questioning and cross-examination may be exercised by the representative.

16

**SECTION**

    2.      Where there has been a Case Presenter designated, such questioning and cross-examination shall be exercised by the Case Presenter.

d.    A Pre-Disciplinary Hearing is an administrative hearing for purposes of review and consideration of the facts and is not a court hearing. Legal technicalities shall not be permitted to undermine the fact-finding goal of the Hearing Officer.

e.    The employee's representative attending the hearing will serve as an observer to the proceeding and may advise and counsel directly to the employee, or may assume the employee's right of questioning and cross-examining as provided in 3.29-c-1.

f.    The format utilized for proceedings will be:

    1.      The convening of the hearing (date, time, location, by).

    2.      The identification of person(s) present.

    3.      The reading of charge(s) as indicated in the "Memorandum to Personnel File" form.

    4.      The request for the employee's admission or denial of charge(s).

    5.      The swearing in of all persons testifying.

    6.      The Charging Officer or Case Presenter presents the facts and witnesses. (subject to cross-examination)

    7.      The employee or employee representative may present written or oral statements, and present testimony and witnesses. (subject to cross-examination)

    8.      The closing statement by charging supervisor or Case Presenter, followed by the employee or Employee Representative.

    9.      The hearing closing.

g.    The Hearing Officer shall have the right of questioning and cross-examining all persons testifying before the hearing.

h.    The Hearing Officer may limit any testimony which is irrelevant or redundant.

i.    No employee, who is ordered to appear or present testimony before the hearing, will be docked pay for such appearance if such appearance is on duty time. Off duty personnel required by the administration to appear before a hearing as a witness, will be allocated appropriate overtime compensation.

**POST HEARING REPORT**

3.18    The Hearing Officer shall submit to the Sheriff, within five (5) working days of the conclusion of the hearing, a finding as to whether the charge(s) levied as the basis for the requested disciplinary action are "SUSTAINED" or "UNSUSTAINED". Such findings must be made on all charges levied. The

# SECTION

Hearing Officer may conclude that specific charges are repetitious and state they are subject to inclusion under another substantiated charge; however, the Hearing Officer will deliver a finding on each charge.

    a.    The Hearing Officer's report shall include, in addition to finding on the charge(s), basic information relative to the hearing such as:

        1.    The time, date and location.

        2.    The persons in attendance at the hearing.

        3.    The persons testifying and brief summary of their testimony.

        4.    The identification of evidence submitted and considered.

    b.    The Pre-disciplinary Hearing report shall not make a recommendation as to disciplinary action to be taken, nor shall it address any prior disciplinary history unless such was a relevant fact in support of a specific charge(s) filed.

3.19    A copy of the Pre-Disciplinary Hearing report shall be forwarded to the charged employee within five (5) days of its submission to the Sheriff. Any request for extension of the five (5) day requirement for submitting a report to the Sheriff must be requested from the Sheriff, in writing, by the Hearing Officer, stating the reason for the extension. Upon approval of an extension, the charged employee shall be immediately notified of such extension.

## DISPOSITION OF DISCIPLINARY MATTER

3.20    The Sheriff will render disciplinary action decisions within a reasonable time following the completion of the various requirements set forth in these regulation and any prevailing labor contracts.

## DISCIPLINARY RECOMMENDATION OPTIONS

3.21    Recommendations for disciplinary action to be taken in disposition of complaint or misconduct investigations may include (Individual Collective Bargaining Agreements may alter the steps and resulting consequences in progressive discipline):

    1.    Level 1 Warning (equivalent to a Counseling Letter): Use Memorandum to Personnel File

    2.    Level 2 Warning (equivalent to a Verbal Admonishment): Use Memorandum to Personnel File

    3.    Level 3 Warning (equivalent to an Official Reprimand): Use Memorandum to Personnel File

    4.    Level 4 Warning (equivalent to a Suspension / Paper Suspension / Reduction in pay and/or position): Use Memorandum to Personnel File

        Paper suspension: The Sheriff may require an employee to work through a suspension, thus the suspension is a paper suspension only, but shall carry the same weight in the progression of discipline.

    5.    Dismissal

**SECTION**

## TEMPORARY RELIEF FROM DUTY

3.22 Supervisors may, temporarily relieve from duty an employee under their supervision on the grounds the employee is unfit for duty. "Unfit for duty" may include any physical or mental condition which might, in the judgement of the supervisor, render the employee incapable of adequately performing duties or performing them in such a way as to discredit the Sheriff's Office or jeopardize the safety of any person or property. The relief from duty is not a suspension nor shall there be any loss of pay.

3.23 Sheriff's employees can also be relieved of duty due to misconduct. The accused employee's supervisor may, upon receipt of information of this type, relieve the alleged infractor from duty for the immediate tour-of-duty, if deemed necessary for the good of the Sheriff's Office. The relief of duty shall not exceed one (1) tour-of-duty unless approved by the alleged infractor's division commander. The relief from duty is not a suspension nor shall there be any loss of pay.

3.24 In either of the above, if circumstances warrant, the employee will be relieved of his official identification and firearm.

3.25 The Sheriff and/or the Chief Deputy shall be immediately notified of any such relief from duty.

## SUSPENSION

3.26 Employees suspensions, not including paper suspension, of more than five (5) days will require the employee immediately be relieved of his/her badge and identification card. A receipt will be issued to the Officer for the items held. Employees will be advised of the prohibition from carrying any firearm during this period.

If the suspension is for five (5) days or less, the employee's badge and identification need not be surrendered. Rather, the employee will be notified of the suspension dates, with admonishment of all powers as a Deputy Sheriff are suspended and carrying of the badge, identification or any firearm is prohibited.

## DISCIPLINARY ACTION JUSTIFICATION

3.27 Employees shall be disciplined only for just cause. No employee shall be reduced in pay or position, suspended or removed except for the following: incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such rules or section of the Director of Administrative Services or the commission or any other failure of good behavior or any other acts of misfeasance, malfeasance or nonfeasance in office. Specific actions of misconduct included but not limited, are as follows:

    a.    Failure to learn the laws and statutes which a member is sworn to enforce.

    b.    Failure to learn the rules, regulations, policies and procedures governing the operation of the Sheriff's Office or respective division.

    c.    Violating a rule, regulation, policy or procedure of the Sheriff's Office or respective division.

    d.    Failure to obey a lawful order.

## SECTION

e.  Being under the influence of drugs or alcohol while on duty or in identifiable parts of Sheriff's Office Issued equipment.

f.  Engaging in conduct unbecoming to a Deputy Sheriff or not being within the best interest of the Sheriff's Office.

g.  Committing an act of insubordination or disrespect toward a superior officer.

h.  Failure to enforce the laws of the State of Ohio.

i.  Making a false official statement or placing a false entry in a Sheriff's Office record or making a false statement in an official investigation.

j.  Being convicted of a violation of a law or ordinance by a court of competent jurisdiction.

k.  Neglecting to carry out official duties.

l.  Misusing Sheriff's Office property or equipment.

m.  Displaying cowardice.

n.  Engaging in conduct prejudicial to the good order of the Sheriff's Office.

o.  Indulging in practices or habits resulting in a physical or mental inability to perform assigned duties.