IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **JASON DAVIS** and **JENNIFER DAVIS,** | : | Case No. 1:24-cv:0202 |
| | : | Judge: Barrett |
| Plaintiffs | : | |
| v. | : | |
| **CHARMAINE McGUFFEY**, et. al. | : | |
| Defendants, | | |

**DEFENDANTS' MOTION TO STRIKE AND RESPONSE TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I. INTRODUCTION

Defendants Hamilton County, Jay Gramke, and Charmaine McGuffey (collectively "Defendants") move this Court to strike Plaintiffs' Jason Davis's and Jennifer Davis's (collectively "Plaintiffs") Motion Under FRCP 56(d) and LR 7.2 for an Extension of Time to File a Response to Defendants' Motion for Summary Judgment ("Motion") (Doc# 29). Plaintiffs' Motion is inflammatory, and it needlessly saps the resources of the Defendants and this Court.

Plaintiffs seek to extend their response time to answer Defendants' Partial Motion for Summary Judgment ("MSJ") to an undetermined date, pending the completion of depositions of non-party witnesses. As seen in the attached emails, Defendants *already agreed* to discuss an extension for the Plaintiffs to respond to Defendants' MSJ only hours *before* Plaintiffs filed their Motion. Defendants request that this Court strikes Plaintiffs' Motion and directs the Plaintiffs to comply with Local Rules, so the Parties may negotiate and propose an agreed extension as contemplated under Local Rule 7.3.

## II.     BACKGROUND INFORMATION

This case was filed April 15, 2024. (Doc# 1). Discovery is ongoing. Depositions of the Parties began on February 21, 2025, with the deposition of Jay Gramke occurring first. The depositions of all individual parties, including Jay Gramke, Sheriff Charmaine McGuffey, Jason Davis, and Jennifer Davis, were completed before Defendants filed their MSJ. (the Docket reflects that all these depositions were filed prior to the MSJ).

Defendants filed for Partial Summary Judgment on June 12, 2025. Within only two hours, Plaintiffs' Counsel wrote an aggressive email indicating Plaintiffs' intent to file a motion to extend the time to respond to the MSJ (among other demands). (Exhibit 1). Plaintiffs' email, as well as their eventual Motion, erroneously accused Defendants of a "bait and switch" and filing a "premature" MSJ. (Id.) These accusations are hyperbolic to say the least. Defendants never represented they would not file an MSJ until the close of discovery, and this Court has also never ordered any time restrictions on filing an MSJ (other than the usual deadline). There is simply no factual basis that Defendants' MSJ was filed contrary to any predetermined restriction.

Regardless of Plaintiffs' aggressive email, Defendants' Counsel, Matt Miller-Novak ("Miller-Novak), responded immediately. Miller-Novak stated that Defendants were willing to agree to an extension for Plaintiffs' Response time to the MSJ, as well as Plaintiffs' discovery demands in accordance with this Court's Local Rules. (Exhibit 2). In fact, at 11:37am on June 12, 2025, Miller-Novak expressly wrote the following to Plaintiffs' Counsel via email:

> Regarding that extension to file a response to the Motion for Summary Judgment, **we will agree to an extension for some extra time if you want to make a proposal** on that. **Send us a proposal please**. *Id.* (emphasis added).

Instead of conferring with Defendants' Counsel as required under Local Rule 7.3 and as invited, Plaintiffs immediately filed their inflammatory Motion. Indeed, Plaintiffs' Motion was filed less than five hours after Miller-Novak already stated he agreed to provide an extension.

### III.     LAW AND ARGUMENT

#### A. Defendants' Motion for Summary Judgment is not Premature under FRCP 56(b).

FRCP 56(b) expressly states that "unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at *any time* until 30 days after the close of all discovery" (Emphasis added). A defendant may move for summary judgment at any time, and it is not required that discovery is completed before motioning for summary judgment. *Alholm v. American S.S. Co.*, 144 F.3d 1172, 1998 A.M.C. 2352, 1998 U.S. App. LEXIS 10798 (8th Cir. 1998). In fact, a defendant may even file a motion for summary judgment before he files an answer. *Flaherty v. Filardi*, 388 F. Supp. 2d 274, 2005 U.S. Dist. LEXIS 20151 (S.D.N.Y. 2005); *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 522 (3d Cir. 1973) (holding that Rule 56 authorizes a defending party to move "at any time" for a summary judgment in his favor, so a defendant may file a motion for summary judgment prior to filing an answer).

Plaintiffs allege that Defense counsel engaged in a "bait and switch," but that is simply not accurate. Plaintiffs can point to no communication where Defendants ever stated they would forego a motion for summary judgment until the close of discovery. More importantly, the day Defendants filed their MSJ, and before Plaintiffs filed the present Motion, Defendants **already** agreed to give Plaintiffs an extension to respond to the Partial Motion for Summary Judgment. (Exhibit 2). Defendants' Counsel simply asked Plaintiffs to make a proposal regarding a possible extension. (Id.) If Defendants had some elaborate scheme that depended on thwarting Plaintiffs'

3

current discovery plans, Defendants would not have immediately offered to provide an extension for Plaintiffs to conduct further discovery before responding.

Defendants' MSJ is neither premature nor tardy, and it does not violate any of the Local Rules or this Court's Orders. Most importantly, Defendants were already willing to discuss and agree to some extension for Plaintiffs to conduct further discovery.

### B. Plaintiffs violated Local Rule 7.3

This Court's standing Local Rules prohibits Plaintiffs' conduct under Local Rule 7.3. Local Rule 7.3 (a) states that:

> **Prior to filing any motion for an extension of time**, **counsel shall consult with all parties** (except prisoners appearing pro se) whose interests might be affected by the granting of such relief **and solicit their consent to the extension**. **The motion shall affirmatively state that such consultation has occurred or was attempted** in good faith and shall state whether the motion is unopposed. If the extension is not opposed, the movant should submit a proposed order to the Court in the form prescribed by S.D. Ohio Civ. R. 7.4. (emphasis added).

Plaintiffs have failed to satisfy the requirements laid out in LR 7.3(a) because Plaintiffs' attorneys seemingly refused (through their actions) to consult with Defendants Counsel when they were invited to engage in a consultation. Moreover, Plaintiff failed to follow the procedural elements laid out in LR 7.3(a). Plaintiffs did not certify that they attempted to consult with Defendants regarding an extension, or whether their Motion is opposed. If Plaintiffs' Counsel simply followed the Local Rules, it is unlikely that the Parties would have needed to engage in any motion practice regarding Plaintiffs' desired extension at all.

### IV. CONCLUSION

Defendants' MSJ was not filed prematurely. Ironically, Plaintiffs' Motion to extend their response time was filed prematurely. Plaintiffs' Motion did not first satisfy the substantive and procedural requirements as laid out in LR 7.3(a). Defendants request that this Court compels

4

Plaintiffs to comply with LR 7.3(a), and to consult with Defendants about a possible extension, so the Parties may properly propose an extension under the cooperative spirit of Local Rule 7.3.

Respectfully submitted,

CONNIE PILLICH
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/*Matt Miller-Novak*
Matt Miller-Novak, 0091402
Stephen A. Simon, 0068268
Andrew E. Prem, 100861
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, OH 45202
DDN:  (513) 946-3219 (Miller-Novak)
DDN:  (513) 946-3289 (Simon)
DDN:  (513) 946-3285 (Prem)
FAX:  (513) 946-3018
*TRIAL ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I certify that this Motion for Summary Judgment was served on Plaintiffs' Counsel using this Court's electronic filing system on this 20th day of June 2025.

*/s/ Matt Miller-Novak*