UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JASON DAVIS, et al. | : | CASE NO. 1:24-cv-0202 |
| Plaintiff(s), | : | Judge Michael R. Barrett |
| vs. | : | FIRST AMENDED ANSWER |
| | : | |
| CHARMAINE MCGUFFEY, et al. | : | |
| Defendants. | : | |

Now come Defendants Charmaine McGuffey, Jay Gramke, and putative Defendant Hamilton County, Ohio, ("County Defendants") in all capacities sued, by and through counsel, and hereby answer Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1. County Defendants admit that Jason Davis was employed as a Deputy Sheriff. County Defendants deny all remaining allegations in Paragraph 1 of the Complaint.

2. County Defendants admit Jason Davis had a meeting with Jay Gramke and Charmaine McGuffey in October 2023. County Defendants deny all remaining allegations in Paragraph 2 of the Complaint.

3. County Defendants deny for lack of knowledge the allegations in Paragraph 3 of the Complaint.

4. County Defendants admit that Charmaine McGuffey was Sheriff in January 2023 and is Sheriff at present. County Defendants admit that Jay Gramke was Chief Deputy Sheriff in January 2023 and is Chief Deputy Sheriff at present. County Defendants deny all remaining allegations in Paragraph 4 of the Complaint.

5. County Defendants admit Hamilton County is a county within the state of Ohio.

6. Paragraph 6 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 6.

7. Paragraph 7 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 7.

8. Paragraph 8 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 8.

9. Paragraph 9 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 9.

10. County Defendants admit that Jason Davis began employment with the Hamilton County Sheriff's Office in 2002. County Defendants deny all remaining allegations in Paragraph 10 of the Complaint.

11. County Defendants deny for lack of knowledge the allegations in Paragraph 11 of the Complaint.

12. County Defendants admit Charmaine McGuffey was elected Sheriff in November 2020. County Defendants deny all remaining allegations in Paragraph 12 of the Complaint.

13. County Defendants deny the allegations in Paragraph 13 of the Complaint.

14. County Defendants deny for lack of knowledge the allegations in Paragraph 14 of the Complaint. Any exhibits referenced in Paragraph 14 of the Complaint speak for themselves.

15. County Defendants deny for lack of knowledge the allegations in Paragraph 15 of the Complaint. Any exhibits referenced in Paragraph 15 of the Complaint speak for themselves.

16. County Defendants deny for lack of knowledge the allegations in Paragraph 16 of the Complaint.

17. County Defendants deny for lack of knowledge the allegations in Paragraph 17 of the Complaint. Any citations referenced in Paragraph 17 of the Complaint speak for themselves.

18. County Defendants deny the allegations in Paragraph 18 of the Complaint.

19. County Defendants deny for lack of knowledge the allegations in Paragraph 19 of the Complaint.

20. County Defendant deny for lack of knowledge the allegations contained in Paragraph 20 of the Complaint.

21. County Defendants deny for lack of knowledge the allegations in Paragraph 21 of the Complaint. Any exhibits referenced in Paragraph 21 of the Complaint speak for themselves.

22. Paragraph 22 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 22. Any exhibits referenced in Paragraph 22 of the Complaint speak for themselves.

23. County Defendant deny for lack of knowledge the allegations contained in Paragraph 23 of the Complaint.

24. County Defendant deny for lack of knowledge the allegations contained in Paragraph 24 of the Complaint.

25. County Defendants deny for lack of knowledge the allegations contained in Paragraph 25 of the Complaint.

26. County Defendants deny for lack of knowledge the allegations contained in Paragraph 26 of the Complaint.

27. County Defendants deny for lack of knowledge the allegations in Paragraph 27 of the Complaint. Any exhibits referenced in Paragraph 27 of the Complaint speak for themselves.

28. County Defendants deny for lack of knowledge the allegations contained in Paragraph 28 of the Complaint.

29. County Defendants deny for lack of knowledge the allegations contained in Paragraph 29 of the Complaint.

30. County Defendants deny for lack of knowledge the allegations contained in Paragraph 30 of the Complaint.

31. County Defendants admit Jason Davis had a meeting with Jay Gramke and Charmaine McGuffey in October 2023. County Defendants deny all remaining allegations in Paragraph 31 of the Complaint.

32. County Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. County Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. County Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. County Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. County Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. County Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. County Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. County Defendants deny for lack of knowledge the allegations contained in Paragraph 39 of the Complaint.

40. County Defendants deny for lack of knowledge the allegations contained in Paragraph 40 of the Complaint.

41. County Defendants deny for lack of knowledge the allegations contained in Paragraph 41 of the Complaint.

42. County Defendants deny for lack of knowledge the allegations contained in Paragraph 42 of the Complaint.

43. County Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. County Defendants deny for lack of knowledge the allegations contained in Paragraph 44 of the Complaint.

45. County Defendants admit that Jason Davis resigned in January 2024. County Defendants deny all remaining allegations in Paragraph 45 of the Complaint.

46. County Defendants deny for lack of knowledge the allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 47.

48. Paragraph 48 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 48

49. Paragraph 49 does not require a response.

50. Paragraph 50 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 50

51. Paragraph 51 does not require a response.

52. Paragraph 52 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 52. Any exhibits referenced in Paragraph 52 of the Complaint speak for themselves

53. Paragraph 53 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 53.

54. Paragraph 54 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 54.

55. Paragraph 55 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 55.

56. Paragraph 56 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 56.

57. Paragraph 57 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 57.

58. Paragraph 58 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 58

59. Paragraph 59 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 59.

60. Paragraph 60 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 60.

61. Paragraph 61 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 61.

62. Paragraph 62 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 62.

63. Paragraph 63 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 63.

64. Paragraph 64 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 64.

65. Paragraph 65 does not require a response.

66. Paragraph 66 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 66.

67. Paragraph 67 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 67.

68. Paragraph 68 of the Complaint contains a legal conclusion for which no response is necessary. To the extent it does call for a response, County Defendants deny any allegations of wrongdoing alleged in Paragraph 68.

## SECOND DEFENSE

69. Defendants deny each and every allegation of the Complaint not previously expressly admitted to be true.

## THIRD DEFENSE

70. The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

71. Any actions taken by Defendants which may have affected Plaintiff, directly or indirectly, were in the execution of Defendants' duties as provided by law, and were undertaken in good faith, with probable cause and without malice.

## FIFTH DEFENSE

72. Plaintiff's injuries, if any, are the direct and proximate result of actions or failures to act on his own part or on the part of parties other than Defendants and for whom Defendants are not responsible according to law.

**SIXTH DEFENSE**

73. Defendants hereby assert all applicable immunities and defenses available under Ohio Revised Code Chapter 2744.

**SEVENTH DEFENSE**

74. Defendants are immune from liability at common law and under both state and federal law, as any action undertaken by Defendants which may have affected Plaintiff were undertaken in good faith, with probable cause and/or in the execution of duties as provided by law.

**EIGHTH DEFENSE**

75. Defendants are protected by absolute or qualified immunity.

**NINTH DEFENSE**

76. Defendants assert each defense contained in Fed. R.Civ.P. 12 as if copied herein.

**TENTH DEFENSE**

77. Punitive damages may not be imposed on Defendants as a matter of law.

**ELEVENTH DEFENSE**

78. Defendant has not adopted or followed any governmental custom, practice, usage or official policy that would give rise to any of the allegations or liabilities set forth in Plaintiff's Complaint

**TWELFTH DEFENSE**

79 No policy or practice of the Defendant caused or resulted in a violation of any statutory or constitutional right of any plaintiff or other person. Moreover, the allegations in the Complaint relating to the conduct of the Defendant do not set forth a deprivation of rights, privileges, or immunities secured by the United States Constitution, the Ohio Constitution, the laws of the State of Ohio, or laws of the United States.

## THIRTEENTH DEFENSE

80. Plaintiff lacks standing to bring this action.

## FOURTEENTH DEFENSE

81. This Court lacks jurisdiction over the subject of the Complaint.

## FIFTEENTH DEFENSE

82. Defendant is entitled to immunity pursuant to Ohio Revised Code Chapter 2744, et seq., and the 11th Amendment to the U.S. Constitution.

## SIXTEENTH DEFENSE

83. Plaintiffs failed to mitigate any damages, or his damages are otherwise moot.

## SEVENTEENTH DEFENSE

84. Defendants hereby provide notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims and/or third party claims, which become available or apparent during the course of discovery or trial, and the Defendants hereby reserve the right to amend their Answer to assert any and all such defenses, immunities, avoidances, counterclaims, cross-claims, and/or third party claims.

**WHEREFORE**, having fully answered, Defendants demand that Plaintiff's Complaint be dismissed, with prejudice and at Plaintiff's cost, and that the Court grant each Defendant such further relief as it deems just and proper under the circumstances of the case.

Respectfully submitted,

CONNIE PILLICH
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/*Matt Miller-Novak*
Matt Miller-Novak, 0091402
Stephen A. Simon, 0068268
Andrew E. Prem, 100861
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, OH 45202
DDN: (513) 946-3219 (Miller-Novak)
DDN: (513) 946-3289 (Simon)
DDN: (513) 946-3285 (Prem)
FAX: (513) 946-3018
TRIAL ATTORNEYS FOR DEFENDANTS

## JURY DEMAND

Defendant demands a trial by jury of all issues in this matter.

/s/ *Andrew E. Prem*
Andrew E. Prem (100861)

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I filed a true and accurate copy of the foregoing with the CM/ECF system, which will serve all parties and counsel of record who have appeared and constitutes service by rule.

/s/ *Andrew E. Prem*
Andrew E. Prem (100861)

00666586