IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JASON DAVIS and JENNIFER DAVIS, | : | Case No. 1:24-cv-0202 |
| Plaintiffs | : | |
| v. | : | |
| CHARMAINE McGUFFEY, et. al. | : | |
| Defendants, | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND THEIR ANSWER WITH DECLARATION OF CHRISTOPHER WIEST IN SUPPORT**

Plaintiffs, through Counsel, oppose Defendants' Motion to Amend their Answer (Doc. 35) for the reasons of undue delay, undue prejudice to the non-movant, and futility. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).  In addition, because the proposed amendment here comes after the deadline to amend pleadings – which was August 30, 2024, (Doc. 9), Defendants must also meet the requirements of FRCP 16(b)(4), which requires "good cause."

I. **LAW AND ARGUMENT**

A. **Defendants failed to establish a right to amend under FRCP 16(b)(4)**

In every civil case, the district court must issue a scheduling order that includes a limit on the time for amending pleadings and filing motions. Fed. R. Civ. P. 16(b)(3)(A).  Rule 16 "ensure[s] that 'at some point both the parties and the pleadings will be fixed.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

1

Under Rule 16(b), the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Forsman v. Silverstein*, No. 2:22-CV-4415, 2025 U.S. Dist. LEXIS 73324, 2025 WL 1141812, at *3 (S.D. Ohio Apr. 17, 2025) (citation omitted). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citation omitted). In fact, it is "only after the movant shows good cause may the Court consider whether to grant leave under Rule 15(a)'s directive that leave shall be freely given when justice so requires." *Custard Hut Franchise LLC v. H&J Jawad LLC*, 697 F. Supp. 3d 723, 729 (E.D. Mich. 2023) (internal quotation marks and citation omitted).

Because Defendants filed their motion "long after" the August 30, 2024, motion to amend deadline, (Doc. 9), "the court's discretion to allow [the amendment] was limited by Civil Rule 16(b)." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843-44 (6th Cir. 2020). When a party misses that deadline, the court may grant leave to amend only if the party shows "good cause" for its failure to make the amendments before the deadline. See Fed. R. Civ. P. 16(b)(4). That requires parties to show that "despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907.

Here, Defendants cannot show diligence as this is not a case of newly discovered evidence. Rather, Defendants have always claimed that Jason Davis voluntarily resigned his employment. Consequently, they have always taken the position that the lower paying job he took with the Springdale Police Department was his own doing, not something for which Defendants were responsible. Of course, Plaintiffs plead that Mr. Davis was constructively discharged from his employment with Defendants. Regardless, Defendants recently made

2

pretextual offers of re-employment to Mr. Davis (which they could have done last year) that he initially responded to with a request for clarification, but which Defendants entirely ignored. How that gives Defendants the right to claim a failure to mitigate damages is left unexplained by them.

A party cannot show diligence when it is "aware of the basis of [a] claim for many months." *Id.* at 908. Indeed, where, as here, the event that gives rise to amendment comes as a result of a Defendants' choice, amendment is not proper. *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838 (6th Cir. 2020) (as here, amendment inappropriate where it could have been done earlier but was not done because Defendants "*expressly chose not to bring them*").

Moreover, Plaintiffs have had little opportunity to challenge against this new defense – it comes after the deposition of Sheriff McGuffey, and almost at the end of fact discovery, which is prejudicial. (Decl. Wiest). On that front, it is too late to propound written discovery on the issue. Thus, Defendants have, as a practical matter, raised this defense at a time when it is too late to "investigate [it] when [it] conducted its own discovery." *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005). Unless Plaintiffs are given the opportunity to conduct additional discovery, including reopening the deposition of Sheriff McGuffey on this new defense, amendment at this late date would absolutely be unduly prejudicial. (Decl. Wiest).

### B. Amendment is not appropriate under FRCP 15 because of undue delay and undue prejudice

Here, amendment can be (and should be) denied because of undue delay and undue prejudice. *Ziegler*, 249 F.3d 509, 519. *See Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (stating that delay by itself is a sufficient basis on which to deny a motion to amend when the delay "becomes undue, placing an unwarranted burden on the court, or becomes prejudicial,

3

placing an unfair burden on the opposing party" (cleaned up)). As noted, Defendants' motion comes a full year after the deadline for amendment. Worse, the delay is unduly prejudicial – coming at the end of the discovery period and after the primary Defendants were deposed, including Sheriff McGuffey. (Decl. Wiest).

Significantly, Defendants refused to answer questions about the Sheriff's approval of their belated, pretextual offers. (See certified questions, at pp. 231, 232, and 235 of the Stackpole Depo, attached hereto). And when asked about whether the intolerable, unconstitutional conditions that the Sheriff placed on Mr. Davis' employment in October, 2023 were lifted, Defendants' witness refused to answer on the basis that the Sheriff purportedly did not say the things she said. (Depo. Stackpole at 259-261, attached hereto). These salient facts undermine any claim that this belated amendment is not prejudicial.

**C. Amendment is not appropriate under FRCP 15 because of futility**

An amendment is futile when the amended pleading fails to state a claim, or, as here, a plausible defense. *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014). Moreover, an affirmative defense is improper if it does not legally apply. *Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d 1045, 1050 (6th Cir. 2015).

Multiple defenses tendered by these Defendants in their proposed answer (Doc. 35-2) are not cognizable in this federal § 1983 case.

For instance, Defendants tender a "Fourth Defense" that Defendants allegedly executed duties as provided by law, with probable cause, and without malice. (Doc. 35-2). How probable cause weighs into this First Amendment retaliation case is anyone's guess. And that defense is thus futile.

4

In the "Sixth Defense," Defendants tender R.C. Chapter 2744 defenses; yet again, this is a federal claim, and state law cannot immunize state officials from federal claims. (Doc. 35-2). "[A] state law that immunizes government conduct otherwise subject to suit under §1983 is preempted, even where the federal civil rights litigation takes place in state court." *Felder v. Casey*, 487 U.S. 131, 139 (1988); *see, also, Howlett v. Rose*, 496 U.S. 356, 366 (1990); *Williams v. Reed*, 604 U.S. 168, 170 (2025).

In the "Seventh Defense," Defendants tender a general immunity defense without explaining what immunities they are claiming, and further claim "good faith, with probable cause and/or in the execution of duties." (Doc. 35-2). While certain immunities may be asserted by certain Defendants, this "defense" is non-sensical, and there is no suggestion about what the probable cause is.

Similarly, in the "Eighth Defense," Defendants claim absolute and qualified immunity. (Doc. 35-2). Yet this case does not involve any of the scenarios that would give rise to absolute immunity, such as judicial or prosecutorial immunity, *see, e.g., Cooperrider v. Woods*, 127 F.4th 1019 (6th Cir. 2025). And the County Defendant does not have a potential qualified immunity defense. *Scott v. Clay Cty., Tenn.*, 205 F.3d 867, 879 (6th Cir. 2000).

Similarly, in the "Ninth Defense," Defendants contend that they are entitled to each FRCP 12 defense – yet there is no reasonable basis to assert *any* of those defenses, much less all of them. (Doc. 35-2).

In their "Tenth Defense" Defendants next allege that there is no basis to impose punitive damages as a matter law. (Doc. 35-2). However, such punitive damage claims are only asserted against Defendants McGuffey and Gramke, and the law is clear that such damages may be imposed against them, particularly in a First Amendment retaliation case. *King v. Zamiara*, 788

5

F.3d 207, 216-217 (6th Cir. 2015) ("a defendant who has been found liable for First Amendment retaliation has engaged in conduct that warrants consideration of an award of punitive damages"); *Smith v. Wade*, 461 U.S. 30, 56 (1983).

In their "Twelfth Defense" Defendants next allege that the complaint fails to set forth a deprivation of rights (Doc. 35-2), yet the allegations give rise to a classic First Amendment retaliation claim, as the complaint outlines. (Doc. 1).

In their "Thirteen Defense" Defendants next allege that Plaintiffs lack standing. (Doc. 35-2). Again, such a defense is baseless – even nominal damages in a § 1983 case give rise to standing. *Lynch v. Leis*, 382 F.3d 642, 646 n.2 (6th Cir. 2004) (applying 42 U.S.C. § 1988 and citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001), and *Carey v. Piphus*, 435 U.S. 247, 266 (1978)).

In their "Fourteenth Defense" Defendants allege a lack of subject matter jurisdiction. (Doc. 35-2). That is baseless and Defendants nowhere explain how that can be the case given that this is a claim asserted under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

In their "Fifteenth Defense," Defendants allege immunity under R.C. Chapter 2744, (Doc. 35-2), which is preempted. *Felder v. Casey*, 487 U.S. 131, 139 (1988); *see, also, Howlett v. Rose*, 496 U.S. 356, 366 (1990); *Williams v. Reed*, 604 U.S. 168, 170 (2025)). And they assert immunity under the Eleventh Amendment, which does not extend to counties or their officials. The United States Supreme Court "has repeatedly refused to extend sovereign immunity to counties." *Northern Ins. Co. v. Chatham County*, 547 U.S. 189, 193 (2006)

Then, in their "Sixteenth Defense" Defendants allege that Plaintiff has failed to mitigate his damages, or that these damages are somehow "moot." (Doc. 35-2). How damages could be moot is a strange contention to say the least. Damages claims "are retrospective in nature—they

6

compensate for past harm. By definition, then, such claims cannot be "moot." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 622 (3d Cir. 2013) (internal quotation marks omitted).

As for the newly raised failure to mitigate damages defense, a failure to mitigate damages is an affirmative defense that requires proof that Plaintiff failed to take reasonable measures to reduce damages. *Great Am. Ins. Co. v. E.L. Bailey & Co., Inc.*, 841 F.3d 439, 445 (6th Cir. 2016). In the employment context, a defendant carries this burden by establishing that "1) there were substantially equivalent positions which were available; and 2) the claimant failed to use reasonable care and diligence in seeking such positions." *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 623-624 (6th Cir. 1983). A "substantially equivalent" position is one that has "virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status" as the position from which the plaintiff was unlawfully terminated.'" *Id.; see also Ford v. Nicks*, 866 F.2d 865, 873 (6th Cir. 1989).

Defendants do not provide any facts that might somehow address these issues, particularly where, as here, Sheriff McGuffey placed conditions on Mr. Davis' employment that included the need to "cut loose" the people in his life who were holding him back at work, that there had to be "consequences" at work for his wife's social media activity, and that his wife had to stay off social media. (Decl. Wiest with transcript attached, at pp. 22, 36, 46). Those unconstitutional conditions were never lifted, with Defendants' witness suggesting, in the ultimate form of gas-lighting, that the things that Sheriff McGuffey said in October, 2023, did not in fact occur. (Depo. Stackpole at 259-261, attached hereto).

Finally, Defendants offer an omnibus, "everything under the sun" affirmative defense in the "Seventeenth Defense." (Doc. 35-2). That also is improper. *Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-CV-00135-R, 2011 U.S. Dist. LEXIS 131291, 2011 WL 5525938, at

7

*5 (W.D. Ky. Nov. 14, 2011) ("A reservation of right seeking to preserve unknown affirmative defenses subverts Federal Rule of Procedure 15, which allows a party to move for leave to amend a responsive pleading."); *Artisan Est. Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, 2022 U.S. Dist. LEXIS 132185 (SDOH 2022).

The amendment of the answer should be denied on grounds of futility.

### D. If amendment is permitted, Plaintiffs should be permitted to reopen the deposition of Sheriff McGuffey as to the new affirmative defense

Finally, Sheriff McGuffey was deposed earlier this year, and was not asked anything on this new affirmative defense. (Decl. Wiest). Yet she is a central witness on the new defense, particularly where her intolerable, unconstitutional conditions on Mr. Davis' employment (of the need to "cut loose" the people in his life holding him back at work, that there had to be "consequences" at work for his wife's social media activity, and that his wife had to stay off social media−Decl. Wiest with transcript attached, at pp. 22, 36, 46) were the reason for his departure from the Sheriff's Department.

### II. CONCLUSION

Defendants' motion to amend should be denied; or, in the alternative, Plaintiffs should be permitted to re-depose Defendant McGuffey to help ameliorate prejudice.

Respectfully Submitted,

/s/Zachary Gottesman
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
9200 Montgomery Road
Building E, Suite 18B
Cincinnati, Ohio 45242
513/651-2121
zgottesman@gmail.com

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd, Suite 1280
Covington, KY 41011
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas B. Bruns
Thomas B. Bruns (KBA #84985)

Bruns, Connell, Vollmar  & Armstrong
4555 Lake Forest Dr., Ste. 330
Cincinnati, OH 45242
(513) 326-0274
(513) 800-1263 (fax)
tbruns@bcvalaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

 I certify that I have served a copy of the foregoing upon all Counsel of record, this 22 day of September, 2025.

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)