IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **JASON DAVIS** and **JENNIFER DAVIS,** | : | Case No. 1:24-cv-0202 |
| | : | |
| **Plaintiffs** | : | |
| v. | : | |
| **CHARMAINE McGUFFEY, et. al.** | : | |
| **Defendants,** | : | |

### DECLARATION OF CHRISTOPHER WIEST

Pursuant to 28 U.S.C. §1746, the undersigned, Christopher Wiest, makes the following declaration, under penalty of perjury under the laws of the United States of America, that the facts contained herein are true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge:

1. My name is Christopher Wiest, and I am one of the counsel for the Plaintiffs in the above captioned matter.

2. Plaintiffs have had little opportunity to challenge against this new defense – it comes after the deposition of Sheriff McGuffey, and almost at the end of fact discovery, which is prejudicial.

3. On that front, it is too late to propound written discovery on the issue. Thus, Defendants have, as a practical matter, raised this defense at a time when it is too late to "investigate [it] when [it] conducted its own discovery." *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005).

1

4. Unless Plaintiffs are given the opportunity to conduct additional discovery, including reopening the deposition of Sheriff McGuffey on this new defense, amendment at this late date would absolutely be unduly prejudicial.

5. Significantly, Defendants refused to answer questions about the Sheriff's approval of their belated, pretextual offers. See certified questions, attached hereto.

6. And when asked about whether the intolerable, unconstitutional conditions that the Sheriff placed on Mr. Davis' employment in October, 2023 were lifted, Defendants' witness refused to answer on the basis that the Sheriff purportedly did not say the things she said. (Depo. Stackpole at 259-261, attached hereto).

7. We are filing, herewith: (i) a true and accurate copy of the transcript of the October, 2023 meeting between Jason Davis, Sheriff McGuffey, and then Chief Deputy Gramke; (ii) a true and accurate copy of portions of the deposition of Pete Stackpole, including pages 259-261 where Mr. Stackpole essentially refused to answer questions about whether the conditions that Sheriff McGuffey and Chief Deputy Gramke placed upon his employment, including related to his wife's social media were ever lifted including in relation to the August, 2025 offers of employment – suggesting instead that they never said what they said; (iii) certified questions that Defendants refused to answer during that deposition relating to the Sheriff's authority to make the offers in question.

8. It should go without saying, but those refusals to answer are also prejudicial in connection with this belated amendment.

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge.

3

Executed on September 22, 2025.

_____
Christopher Wiest