IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **JASON DAVIS** and **JENNIFER DAVIS,** | : Case No. 1:24-cv:0202 |
| Plaintiffs | : Judge: Barrett |
| v. | : |
| **CHARMAINE McGUFFEY**, et. al. | : |
| Defendants, | : |

### DEFENDANT SHERIFF McGUFFEY'S MOTION TO STRIKE EVIDENCE AND PORTIONS OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Defendant Charmaine McGuffey moves this Court to strike the transcripts admitted as an attachment to Plaintiffs' Response in Opposition to Summary Judgment (Doc#66, Attachment 1, Declaration of Jason Davis), as well as certain portions of Plaintiffs' Response. A Memorandum in Support is attached to this Motion.

                 Respectfully submitted,

                 CONNIE PILLICH
                 PROSECUTING ATTORNEY
                 HAMILTON COUNTY, OHIO

                 /s/*Matt Miller-Novak*
                 Matt Miller-Novak, 0091402
                 Stephen A. Simon, 0068268
                 Andrew E. Prem, 100861
                 Assistant Prosecuting Attorneys
                 Hamilton County, Ohio
                 230 E. Ninth Street, Suite 4000
                 Cincinnati, OH 45202
                 DDN:  (513) 946-3219 (Miller-Novak)
                 DDN:  (513) 946-3289 (Simon)
                 DDN:  (513) 946-3285 (Prem)
                 FAX:  (513) 946-3018

**MEMORANDUM IN SUPPORT**

I.    **INTRODUCTION**

Defendant Sheriff Charmaine McGuffey ("Sheriff McGuffey") is moving this Court to strike proffered evidence and portions of Plaintiffs' Jason Davis's ("Davis") and Jennifer Davis's (collectively "Plaintiffs") Response in Opposition to her Motion for Summary Judgment ("Response"). Plaintiffs have used incorrect transcripts of an original recording in their Response (attached to the Declaration of Jason Davis), and it has resulted in a misrepresentation of a material fact that prejudices Sheriff McGuffey. Davis secretly recorded Defendants Sheriff McGuffey and Jay Gramke with a spy pen, and Plaintiffs hired a court reporter to transcribe this recording. Plaintiffs' Response relies heavily on citations to the transcripts instead of citations to the original recording. (See Doc#66, Response, *generally*). Regrettably, the transcript contains at least one material misrepresentation, which Plaintiffs have used to create an alleged issue of material fact where none exists.[1]

Specifically, Plaintiffs' Response alleges that Sheriff McGuffey admitted that certain "rumors" about denying Davis a promotion to corporal were "true."[2] (See Doc#66 at 16, citing, the Transcripts at PageID#2475-2476). It appears that Plaintiffs' Court Reporter failed to properly transcribe this exchange in the original recording. In the original recording (at approximately

---

[1] The undersigned does not contend, nor have reason to suspect, that Plaintiffs' Counsel has engaged in any willful conduct. It appears by solely relying on the transcript Plaintiffs simply passed on a court reporter's negligence. However, the reporter's mistake detailed in this Motion, and Plaintiffs' use of her faulty work product, has resulted in a problematic representation about an entire alleged adverse employment action that did not actually happen.

[2] Significantly, Plaintiffs allege that Davis was denied two opportunities. The first was a promotion to the Regional Narcotics Enforcement Unit ("RENU"). The second was a promotion to corporal. Although the parties agree that Jason Davis did not receive a RENU placement. Defendants disagree that a "corporal" position was even available. Davis has no proof that a corporal position existed, but he continues to argue one did, and that Sheriff McGuffey denied him a corporal position. She did not.

51:42 in the recording), Sheriff McGuffey is clearly heard stating that the rumors about corporal promotions were "**untrue**." (See Doc#62 Notice of Conventional Filing of Audio Recording). The Court Reporter recorded the precise opposite — the rumors are "true" — in the transcript, and she negligently created an alternative history.

This is particularly important because Plaintiffs have alleged that Jason Davis was denied a promotion to corporal in their Complaint, and they also advance that there are potential issues of material facts about this allegation. (See Doc#66, Response at 39-40). However, there is no real evidence that a promotion to corporal was even available before Davis quit (because there was no corporal position available). Plaintiffs nonetheless allege that Davis was denied a corporal position based on a "rumor." (Id.). Without this botched transcript, Plaintiffs' entire argument that Davis was denied a corporal position is supported with nothing other than Davis's self-serving claims about an unsubstantiated "rumor." (See Id., generally).

## II.      LAW AND ARGUMENT

A declaration used under Fed. R. Civ. P. 56 must set out facts that are admissible. *Kibler v. Genoa Twp.*, No. 2:23-cv-2466, 2026 U.S. Dist. LEXIS 30275, at *15 (S.D. Ohio Feb. 13, 2026). A court should strike any portion of a declaration that violates Rule 56. *Id.* Thus, a court may strike portions of a declaration that are not admissible. *Id.* Federal courts "do not credit any testimony that is 'blatantly contradicted' by a recording. (See Plaintiffs' Response, Doc#66, citing, *Scott v. Harris,* 550 U.S. 372, 380 (2007)). Under Federal Evid. R. 1002, when a recording is available, that evidence is "required to prove its content" unless the rules state otherwise.

Here, the transcripts are not the best evidence of the original recording because they have already presented a glaring error that negligently misrepresented a fact. Moreover, the Plaintiffs used bolding and underlining to place emphasis on the transcripts' errors in their Response. (See

Doc#66, Response at 16). This suggests that Plaintiffs think these representations were material to their arguments that Jason Davis was denied a corporal promotion. Indeed, without the non-existent "admission" about the "rumor," there is just a rumor, which is nothing at all.

Accordingly, Sheriff McGuffey requests that this Court strike the transcript from the record because it is not reliable. The undersigned should not need to labor over a word-for-word comparison of the entire transcript for any other failures the Court Reporter may have made. Additionally, Defendants request that this Court strike all allegations and arguments on Plaintiffs' Response claiming that Sheriff McGuffey admitted to rumors that Jason Davis was denied a corporal position, including but not limited to those arguments located within pages 16 and 39-41 of the Response. This misrepresentation about Sheriff McGuffey's statement prejudices all Defendants.

### III. CONCLUSION

Based on the foregoing, the Court should strike both the transcript of this original recording and the portions of the Response relying on those transcripts as described herein. For all these reasons, Defendant Sheriff McGuffey respectfully requests that the Court grant the instant motion.

Respectfully submitted,

CONNIE PILLICH
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/*Matt Miller-Novak*
Matt Miller-Novak, 0091402
Stephen A. Simon, 0068268
Andrew E. Prem, 100861
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, OH 45202
DDN:  (513) 946-3219 (Miller-Novak)
DDN:  (513) 946-3289 (Simon)
DDN:  (513) 946-3285 (Prem)
FAX:  (513) 946-3018

*TRIAL ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I certify that this Motion for Summary Judgment was served on Plaintiffs' Counsel using this Court's electronic filing system on this 19th day of February 2026.

*/s/ Matt Miller-Novak*

5