IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JASON DAVIS and JENNIFER DAVIS, | : | Case No. 1:24-cv-0202 |
| Plaintiffs | : | |
| v. | : | |
| CHARMAINE McGUFFEY, et. al. | : | |
| Defendants, | : | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Plaintiffs, through Counsel, oppose Defendants' Motion to Strike (Doc. 70). Plaintiffs do not dispute that there was an undetected discrepancy in the transcript from the call, and they do not object to the Court crediting the portion of the call rather than the transcript. *Scott v. Harris*, 550 U.S. 372 (2007). That is the remedy, not what Defendants seek, which is to have the Memorandum (Doc. 66) and declaration, stricken. In that regard, it appears Defendants are laboring under the false impression that the mistranscription is the only evidence of Defendants' failure to promote Jason Davis ("Jason") to corporal, but they are wrong.

I.    LAW AND ARGUMENT

   A. Motions to Strike

A "motion to strike" applies only to pleadings. Fed. R. Civ. P. 12(f). Consequently, a motion to strike is technically not available to strike motions for summary judgment. *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997).3 See generally, 5C 3 Wright & Miller, Federal Practice and Procedure § 1380.

In part, that is because while Rule 56(c)(4) sets the standards to which affidavits to a motion for summary judgment must conform, the rule makes no provision for "striking" those documents which do not conform. Fed. R. Civ. P. 56.  Nonetheless, some courts have entertained objections, which are often mis-captioned as motions to strike, to such documents. *See, e.g., Pilgrim*, 118 F.3d at 868; E*vans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *EEOC v. Admiral Maintenance Serv., L.P.*, 174 F.R.D. 643, 646 (Il. N.D. 1997); *see, also, Hipolito v. Alliance Receivables Mgmt., Inc.*, No. C-05-0842 JCS, 2005 U.S. Dist. LEXIS 48404, 2005 WL 1662137, at *2 (N.D. Cal. July 15, 2005) S (denying improper motion to strike statements in motion); *Nat'l Union Fire Ins. Co. v. Hicks, Muse, Tate & Furst, Inc.*, 2002 U.S. Dist. LEXIS 10672, 2002 WL 1482625 (NYSD 2002), at *6 (denying improper motion to strike).

Regardless, striking the declaration, as Defendants seek here, is not the appropriate remedy.  "Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings." *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006). Pleadings are defined as complaints or answers under Fed. R. Civ. P. 7(a), but "[e]xhibits attached to a dispositive motion are not 'pleadings' within the meaning" of that rule. *Id.*  Therefore, the Jason Davis declaration is not subject to a motion to strike under Rule 12(f). *See, also, Goodykoontz v. Ohio*, 2025 U.S. Dist. LEXIS 235211 at *3 (SDOH 2025).

### B. There is additional material evidence of the failure to promote beyond the transcription error, all of which Defendants disregard

As set forth in our Memorandum (Doc. 66) at pp. 1-3, PageID#4316-4318, Jason was a top performer.  Corporal promotions are competitive, but there is absolute discretion on the timing of such promotions, including how many to promote  and where to cut off promotions on the list. *Id.* at p. 8, PageID#4323.  Mr. Davis placed 19th on the list in 2022/2023. *Id.* at p. 12,

PageID#4327. By August, 2023, the top 17 on the promotion list to corporal had been promoted, but that did not include Jason. *Id.* at p. 13, PageID#4328. There were four vacancies in the grade of corporal at that time. *Id.*

In August 2023, Jason was informed by other officers, including his supervision, that he was being skipped for corporal, and that Defendant McGuffey was even attempting to expire the corporal eligibility list early to ensure Jason would not be promoted. (Depo. Jason Davis, Doc. 49, at 100-108, PageID#1983-1991). Those admissions, by supervisory personnel within the Sheriff's Office, are sufficient to create a genuine issue of fact on this issue.

Further, juxtapose the entirety of the conversation about the imposition of adverse consequences upon Jason for his and Jennifer's First Amendment protected speech including for promotion to corporal, and there allegedly not being a corporal position available in the context of the October, 2023, conversation (Doc. 66, at pp. 13-32, PageID#4328-4334), with the foregoing four vacancies. *Id.* at p. 13, PageID#4328. Add to that evidence the evidence of substantial animus, including for Jennifer Davis's speech, displayed by Defendant Gramke and Defendant McGuffey, all of which supports the inference of interference with Jason's promotion to corporal. *Id.* at pp. 10-21, PageID#43254336.

Consequently, and even ignoring the transcription error, on these facts, construed in a light most favorable to Plaintiffs, a reasonable jury can draw appropriate inferences to conclude that Defendants elected not to promote Jason in August, 2023, just as his supervision had informed him, because Defendants retaliated against him as a result of First Amendment protected speech. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc).

## II. CONCLUSION

Defendants' motion to strike should be denied.

Respectfully Submitted,

/s/Zachary Gottesman
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
9200 Montgomery Road
Building E, Suite 18B
Cincinnati, Ohio 45242
513/651-2121
zgottesman@gmail.com

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd, Suite 1280
Covington, KY 41011
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas B. Bruns
Thomas B. Bruns (0051212)
Bruns, Connell, Vollmar & Armstrong
4555 Lake Forest Dr., Ste. 330
Cincinnati, OH 45242
(513) 326-0274
(513) 800-1263 (fax)
tbruns@bcvalaw.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon all Counsel of record, this 11 day of March, 2026 via CM/ECF.

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)