**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **JASON DAVIS** and<br>**JENNIFER DAVIS,** | : Case No. 1:24-cv:0202 |
| Plaintiffs | : Judge: Barrett |
| | : |
| v. | |
| | : **Oral Argument Request** |
| **CHARMAINE McGUFFEY**, et. al. | : |
| Defendants, | |

**DEFENDANT JAY GRAMKE AND HAMILTON COUNTY'S REPLY IN SUPPORT OF**
**SECOND PARTIAL MOTION FOR SUMMARY JUDGMENT**

## I.     INTRODUCTION

This Court should grant Defendants Hamilton County's and Jay Gramke's Second Partial Motion for Summary Judgment because Plaintiffs Jason Davis ("Davis") and Jennifer Davis ("Jennifer") (collectively "Plaintiffs") have produced no facts showing that Jason Davis was denied any corporal promotion before he quit.  Plaintiffs' entire failure-to-promote claim (regarding a corporal position) relied primarily on a misrepresentation in a court reporter's transcription of a recording. Plaintiffs have now conceded their transcript misrepresented Sheriff McGuffey's statements about the corporal position Davis claims he was denied.  Without this misrepresentation, there is no admissible evidence, statement, or any other reliable source exhibiting that Davis was denied a corporal position before he quit. In fact, there is no evidence that any corporal promotion was needed or posted before Davis quit. Simply stated, Jason Davis is claiming he was denied a promotion that did not even exist.

Plaintiffs are now strategically retreating to hypotheticals, speculation, and inadmissible hearsay trying to create a genuine issue of material fact where none exists.  Plaintiffs ask this Court

to make "reasonable inferences" regarding to the non-existent corporal position, but even a cursory glance at Plaintiffs' arguments show that Plaintiffs are asking this Court to make inferences based on speculations, alleged rumors, and hypotheticals that contradict actual evidence.

This Court should grant summary judgment and qualified immunity on Plaintiffs' failure-to-promote claim concerning the corporal position because: (1) the admissible evidence shows that no corporal position was needed before Davis quit; and (2) Davis was not denied a promotion to corporal before he quit.

> **A. The only admissible evidence shows that there was no need for a corporal, there was no corporal position available, and Davis was not denied a promotion to corporal before he quit.**

The facts rejecting Plaintiffs' failure-to-promote claim regarding the alleged corporal position are simple. Currently, Christopher Ketteman is the Chief Deputy for the County. During the relevant time, Ketteman was the Major of the enforcement division. (30(b)(6) Depo. Ketteman, Doc. 55 at 4-5.) Ketteman worked under Gramke, and he oversaw certain promotional procedures. (Exhibit 1 – Ketteman Declaration at paragraph 4.) Ketteman—not Gramke or Sheriff McGuffey—was the person who looked at the roster, vacancies, and certain promotional opportunities. (Id at paragraph 6.) If Ketteman determined that he needed another corporal, he would initiate that process and obtain approval to post a corporal promotion. (Id at paragraph 5.)

There are routinely corporal "vacancies" appearing on the roster. (Id. at paragraph 10.) However, the County doesn't necessarily fill these vacancies. (30(b)(6) Depo. Ketteman, Doc. 55 at 46.) Thus, the "vacancies" are not "openings." The County only fills as many vacancies as it needs to conduct business with the available budget. In fact, before the relevant time, there were five vacancies for corporal in the roster (Id. at 47-49.). After Davis quit the County, there were

five vacancies for corporal showing in the roster. (Id.) Thus, the vacancies in the roster are just part of the ordinary course of business and had nothing to do with Davis at all.

During the relevant time, Ketteman never determined that he needed to fill one of the corporal vacancies (Exhibit 1 – Ketteman Declaration at paragraph 7.)  Ketteman never asked Gramke to post a corporal position during the relevant time. (Id.)  Ketteman did not need another corporal before Davis quit.  Sheriff McGuffey did not tell Ketteman to freeze corporal promotions before Davis quit. (Id at 8). Gramke did not tell Ketteman to freeze corporal positions before Davis quit. (Id.) Sheriff McGuffey did not tell Kettman to not promote Davis to corporal before Davis quit. (Id at 9.)  Gramke did not tell Ketteman to not promote Davis to corporal before Davis quit. (Id.)  Nobody talked to Ketteman about whether Davis should or could be promoted to Corporal before Davis quit. (Id at 11.)  Ketteman never told any subordinate that Davis was not eligible for promotion to corporal. (Id.)

Therefore, not a single action was taken regarding corporal promotions related to Jason Davis.  No promotion was needed.  No promotion was posted.  No promotion was denied.  And there is not a single admissible fact showing otherwise.

B. **Plaintiffs have relied on nothing but a misrepresented fact, alleged rumors, speculation, and hypotheticals.**

Not one person with any personal knowledge has testified under oath that any corporal position was needed, posted, or denied Davis.  This is an inescapable reality that Plaintiffs cannot dispute with any admissible testimony or other evidence.

Initially, Plaintiffs had submitted a transcript where they claimed that Sheriff McGuffey admitted that "rumors" were true regarding Davis's failure-to-promote claim.  It turns out that

transcript was false, and Sheriff McGuffey expressly told Davis that he was never passed over for any corporal promotion.[1]

Plaintiffs are now grasping at straws far outside the bounds of the Rules of Evidence, attempting to create material facts where none exist. Plaintiffs are employing nothing other than their own speculation and hypotheticals.

For example, Plaintiffs specifically rely heavily on self-serving testimony from Davis that in August 2023, he was informed by other officers that he was skipped for corporal. (Depo. Jason Davis, Doc.49 at 100-108). Plaintiffs erroneously indicate that this self-serving statement is admissible under FRE 801(d)(2)(D) as a statement against interest made by the party's agent or employee on a matter within the scope of that relationship while it existed. Specifically, in deposition, Davis testifies that "it was brought up in one of their staff meetings," and "it was either a sergeant or a lieutenant or higher that said it." (Depo. Jason Davis, Doc.49 at 98). Davis does not offer whether this alleged "sergeant" or "lieutenant" was part of any promotional process, had any authority to make these statements, or had any personal knowledge to support these statements. Davis is simply presenting his self-serving testimony as an opponent statement. Davis has laid no foundation under FRE 801(d)(2)(D) whatsoever. More importantly, Ketteman's *admissible* testimony shows that he never needed a corporal, there was no posting for a corporal, he was never told not to promote Davis, and he never skipped Davis.

Plaintiffs also erroneously point to several corporal "vacancies" to argue that a corporal position was in fact available. (30(b)(6) Depo. Ketteman, Doc. 55, at 38-47; Exhibit 36, 38, Doc 55-5, Doc. 55-7). Plaintiffs fail to mention that there were numerous "vacancies" in 2022 before the relevant time, and there were numerous "vacancies" in 2024 after Davis voluntarily quit.

---

[1] Defendants incorporate their Motion to Strike at Doc#66 here.

(Doc#55, Ketteman 30(b)(6) Depo, at pg. 49.) As Ketteman has testified, the "vacancies" do not mean that a corporal promotion is needed or open. The roster routinely shows vacancies. The "vacancies" are quite meaningless here.

Plaintiffs present a hypothetical argument that Defendants potentially could have used the "rule of 3" to continually skip over Davis for promotion to corporal. (*Id* at 39-40). This is nothing other than speculation about something that could or could not have happened in some undetermined time in the future. Most importantly, there is no record evidence that Defendants did that. This is just a hypothetical Plaintiffs are masquerading as evidence. Ketteman has testified that he did not need a corporal, he did not ask for a corporal, and Davis was not denied promotion to corporal.

Plaintiffs have presented no records showing that Defendants needed another corporal, posted a corporal position, or denied Davis a position to corporal. On the contrary, the only admissible evidence in the record shows the exact opposite. There was no need for a corporal, and Davis was never denied a promotion to corporal.

## II.     LAW AND ARGUMENT

### A.  Davis was not denied a promotion to corporal as a matter of law.

Davis has failed to produce any admissible evidence showing he was denied a promotion to corporal. The purpose of summary judgment is to save an expense at trial, and to dispose of claims where there are no issues of material fact. *Bland v. Norfolk & S. R. Co.*, 406 F.2d 863, 866 (4th Cir. 1969).  Plaintiffs need to establish each of their claims under Count I.  See *Carney v. Columbus City Sch. Bd. of Educ.*, No. 2:18-cv-250, 2020 U.S. Dist. LEXIS 69767, at *12 (S.D. Ohio Apr. 21, 2020) (a district court "must separately analyze the constitutionality of the individual actions of each defendant," because government officials are only liable for their own

5

governmental actions).  When a single count in a complaint fails to separate causes of action, it is a "shotgun pleading" Concerning qualified immunity to Section 1983 claims, courts must separately analyze the allegation against each defendant.  *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012).  This is particularly important when analyzing the subjective intent of each government official.  *Taylor v. Davidson Cnty. Sheriff's Dep't*, 832 F. App'x 956, 959 (6th Cir. 2020).  Under FRCP 56(c), Plaintiffs thus must submit some admissible evidence that there was a promotion to corporal available, one of the Defendants denied Davis the promotion, and that Davis was denied a corporal promotion because of his speech.

Plaintiffs have failed to do that, and so there is no issue of material fact here.  Davis has not produced any evidence that Defendants had any need for another corporal before he quit.  The evidence instead shows that Ketteman had not determined a need for more corporals, they had not posted a promotion to corporal, and that Davis was never denied a promotion to corporal.  Plaintiffs merely cite Davis's own self-serving testimony that there were "rumors," and they relied upon an inaccurate transcript that misrepresented Sheriff McGuffey's statements about those rumors. Plaintiffs ultimately conceded that they supported their MSJ with inaccurate information regarding this claim.[2]

### B.  This Court should decline to exercise jurisdiction over Count II of the claim.

Federalist principles, including comity, favor this Court declining jurisdiction over Count II. Count II implicates a criminal statute that has not been developed whatsoever by Ohio courts. In fact, Plaintiffs have failed to cite even a single criminal case involving R.C. 2921.45. 28 U.S.C.S. § 1367 allows a district court to decline to exercise jurisdiction over a "claim (that) raises a novel or complex issue of State law."  In *Frenchko v. Monroe*, the district court did exactly that,

---

[2] Sheriff McGuffey expressly told Jason Davis that rumors about the corporal position were untrue, and Davis was told that no corporal position existed during that meeting.

holding "Ohio's statute providing a civil right of action for criminal acts provides such a case here. That statute is underdeveloped, particularly as it involves Section 2921.45 as a claimed underlying criminal act, making its development and application better suited for the State courts." 672 F. Supp. 3d 421, 470 (N.D. Ohio 2024). Importantly, even though the court in that case held that the defendants had violated the plaintiff's constitutional rights as a matter of law, the court still determined that it should not exercise jurisdiction because the statute was just not developed enough to inform federal courts how the law should be applied. Indeed, state criminal courts are the best place to develop state criminal law. It would be antithetical to the basic principles of federalism for a federal district court in a civil lawsuit to develop a state criminal statute when that statute is completely void of development at the state level.

This Court should follow the lead of the district court in *Frenchko* and decline to exercise its jurisdiction over this state law. This court's development of that statute could result in consequences that the Ohio General Assembly never intended.

## III. CONCLUSION

The County and Gramke are entitled to judgment under their Second Partial Motion for Summary Judgment because Davis has no evidence of a corporal position, and Plaintiffs' Count II fails as a matter of law.

Respectfully submitted,


CONNIE PILLICH
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/*Matt Miller-Novak*
Matt Miller-Novak, 0091402
Stephen A. Simon, 0068268
Andrew E. Prem, 100861
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, OH 45202
DDN:  (513) 946-3219 (Miller-Novak)
DDN:  (513) 946-3289 (Simon)
DDN:  (513) 946-3285 (Prem)
FAX:  (513) 946-3018
*TRIAL ATTORNEYS FOR DEFENDANTS*


## CERTIFICATE OF SERVICE

I certify that this Reply in Support of Defendant's Second Partial Motion for Summary Judgment was served on Plaintiffs' Counsel using this Court's electronic filing system on this 8th day of May 2026.



*/s/ Matt Miller-Novak*

8