**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

JASON DAVIS, et. al.                    :                    Case No. 1:24-cv-0202

      Plaintiffs                         :

v.                                       :

CHARMAINE McGUFFEY, et. al.              :

      Defendants,                        :

<u>**PLAINTIFFS' MOTION TO STRIKE SHAM AFFIDAVIT**</u>

Plaintiffs, through Counsel, move this Court to strike the sham affidavit of Chris

Ketteman (Doc. 85-1), or in the alternative those portions of it that conflict with his prior

deposition testimony. A memorandum in support is attached hereto and incorporated by

reference. And a proposed order is attached.


Respectfully Submitted,

/s/Zachary Gottesman                          /s/ Christopher Wiest
Zachary Gottesman (0058675)             Christopher Wiest (Ohio 0077931)
Gottesman & Associates, LLC             Chris Wiest, Atty at Law, PLLC
9200 Montgomery Road                    50 E. Rivercenter Blvd, Suite 1280
Building E, Suite 18B                     Covington, KY 41011
Cincinnati, Ohio 45242                 513/257-1895 (v)
513/651-2121                            859/495-0803 (f)
zgottesman@gmail.com                  chris@cwiestlaw.com

/s/ Thomas B. Bruns
Thomas B. Bruns (0051212)
Bruns, Connell, Vollmar & Armstrong
4555 Lake Forest Dr., Ste. 330
Cincinnati, OH 45242
(513) 326-0274
(513) 800-1263 (fax)
tbruns@bcvalaw.com
Attorneys for Plaintiffs

1

**<u>MEMORANDUM IN SUPPORT</u>**

I.      **FACTS**

Chris Ketteman was deposed twice: once in a FRCP 30(b)(6) capacity (Doc. 55) and then again in a personal capacity (Doc. 58).  He recently submitted a declaration, however, that conflicts with certain of that deposition testimony.  He testified in his declaration that "Chief Deputy Gramke and Sheriff McGuffey were not involved in that [corporal promotion] process other than to give approval to post the position."  (Decl. Ketteman, Doc. 85-1, at ¶6, PageID#4955).  He also testified that Chief Deputy Gramke did not tell Ketteman not to promote Davis to corporal.  *Id.* at ¶9, PageID#4955.  And he testified that he did not have any conversations with anyone about Davis' promotion to corporal before Jason left the HCSO.  *Id.* at ¶11, PageID#4955.  His FRCP 30(b)(6) deposition testimony, however, was that Gramke would sign off and be involved in corporal promotions:

> **Q.  Jay Gramke had the ability to tell you, even though you said that you need corporals, that he didn't want to take a particular individual, correct?**
>
> A.  He -- well, yeah.  He's the chief deputy. I'm the major.
>
> **Q.  Right.**
>
> A.  But the major, chief -- we make decisions. My decision was, hey, I want to promote these guys and that's what we did.
>
> (FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 53).
>
> Further:
>
> **Q.  Okay.  And so if we look at the August 3 promotion, that's the next one back, promotion order, personnel order, Ryan Matthews through Larry Powers, correct?**
>
> A.  Correct.
>
> **Q.  Do you recall, Chief, if these were the names you sent up to Jay Gramke; like did he ever say I don't want to take five, I just want to take four -- did he ever make those kinds of decisions with you?**

2

A.   No.  I would tell him I want to promote these people.  On this particular time, as I said, I don't know if I had sergeants going at that same time or not getting promoted.  But that was for me calling the chief these are the ones I want to promote to corporal.

(FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 55).

**Q.   Who from January 4, 2021, and, let's say, through -- I don't know -- March of 2024 were the final decision makers within the Sheriff's Office concerning promotions to corporal?**

A.   Myself and Chief Gramke.

**Q.   Okay.  Could the Sheriff have overridden you if she wanted to?**

A.   Anything is possible.

(FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 94)

And Ketteman testified that he did not believe that he talked to Gramke about being promoted to corporal, because Davis was not close enough to be promoted to be in the discussion:

**Q.   Okay.  Was the corporal promotion discussed between you and Chief Gramke?**

A.   No.  Not -- or are we referring to Davis

**Q.   Yes, Davis.**

A.   -- being promoted to corporal?  No. Because I don't believe he was close enough on the list to even have that discussion.

(FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 11).

Yet Ketteman later admitted that Davis was, in fact, close enough to be promoted to corporal:

**Q.   Well, I'm just trying to figure out where we were on August 4 of 2023.  Next on the list would have been Shannon Cunningham, right?**

A.   August. . .

**Q.   The day after the August 3 promotions.**

3

A.  It would have been Shannon Cunningham, Jason Davis, and Shane Wiseman.

**Q.  Okay.**

A.  Shane Wiseman is a K-9 guy, so he actually was getting corporal pay.  But it looks like I didn't promote him until March 14.

**Q.  So if somebody was getting corporal pay, would there be -- there would be no practical reason if they were next on the list not to promote them; would that be fair?**

A.  No.  I have to stop the list somewhere.  Not everyone is going to get promoted.

**Q.  Okay.**

A.  And it looks like I stopped it after Larry Powers on there.  Next up was Shannon Cunningham, Jason Davis, Shane Wiseman, Howard Hochscheid.  And it looks like I promoted, what, seven at that time, right?

(FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 50).

And Shannon Cunningham was on medical leave, making Jason Davis next:

**Q.  Okay.  By the way, was Shannon Cunningham in a preferred assignment?**

A.  No.  She was a patrol officer, I believe. And then she also was out on medical.

(FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 44).

And Ketteman testified that he could not recall if Gramke brought up the corporal promotion:

**Q.  Okay.  Did Chief Gramke bring up Jason Davis's corporal promotion to you at any point in time?**

A.  Not that I recall.   (FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 63).


## II.     LAW AND ARGUMENT

Under the sham affidavit doctrine, after a motion for summary judgment has been made, a party may not file an affidavit that contradicts his earlier sworn testimony. *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986). If the affidavit directly contradicts prior

4

sworn testimony, it should be stricken "unless the party opposing summary judgment provides a persuasive justification for the contradiction." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006). If the affidavit does not directly contradict prior sworn testimony, it should be stricken if it is "an attempt to create a sham fact issue." *Id.* at 908-09.

The doctrine applies not only to direct contradictions, but also where a witness says they cannot recall in a deposition, but later offers differing testimony. *Henry v. S. Ohio Med. Ctr.*, 155 F.4th 620, 632, fn5. (6th Cir. 2025); *Boykin v. Fam. Dollar Stores of Mich., LLC*, 3 F.4th 832, 842 (6th Cir. 2021) (noting that sham affidavit rule would apply in a situation where a deposed individual testified that they could not recall an event, only to submit a subsequent affidavit testifying to the previously forgotten details).

Applying this standard, paragraph 6 of Ketteman's declaration, (Decl. Ketteman, Doc. 85-1, at ¶6, PageID#4955), conflicts with Ketteman's prior FRCP 30(b)(6) testimony. (FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 53, 55).

Similarly, paragraphs 9 and 11 of Ketteman's declaration, (Decl. Ketteman, Doc. 85-1, at ¶¶ 9, 11, PageID#4956), conflicts with Ketteman's prior FRCP 30(b)(6) testimony. (FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 11, 44, 50, 63).

## III.    CONCLUSION

Wherefore, paragraphs 6, 9, and 11 of Ketteman's declaration, Doc. 85-1, should be stricken.

Respectfully Submitted,

/s/Zachary Gottesman
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
9200 Montgomery Road
Building E, Suite 18B
Cincinnati, Ohio 45242
513/651-2121
zgottesman@gmail.com

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd, Suite 1280
Covington, KY 41011
513/257-1895 (v)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas B. Bruns
Thomas B. Bruns (0051212)
Bruns, Connell, Vollmar & Armstrong
4555 Lake Forest Dr., Ste. 330
Cincinnati, OH 45242
(513) 326-0274
(513) 800-1263 (fax)
tbruns@bcvalaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

 I certify that I have served a copy of the foregoing upon all Counsel of record, this 7 day of May

2026 via CM/ECF.

/s/ Christopher Wiest
Christopher Wiest (Ohio 0077931)

6