**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **JASON DAVIS** and **JENNIFER DAVIS,** | : Case No. 1:24-cv:0202 |
| Plaintiffs | : Judge: Barrett |
| | : |
| v. | : |
| **CHARMAINE McGUFFEY**, **et. al.** | : |
| Defendants, | : |

**DEFENDANT JAY GRAMKE AND HAMILTON COUNTY'S *OMNIBUS* COUNTERMOTION TO STRIKE PLAINTIFFS' MOTION TO STRIKE FOR FAILURE TO OBTAIN LEAVE TO FILE A SUR-REPLY AND RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF CHIEF KETTEMAN'S DECLARATION**

Defendants Hamilton County and Jay Gramke respectfully request that this Court both strikes and denies Doc #87, which is Plaintiffs' Motion to Strike. Plaintiffs' Motion functions as a Sur-Reply after the close of briefing, and Plaintiffs did not first seek leave from this Court. A Memorandum in Support is attached.

Respectfully submitted,

CONNIE PILLICH
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/*Matt Miller-Novak*
Matt Miller-Novak, 0091402
Stephen A. Simon, 0068268
Andrew E. Prem, 100861
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, OH 45202
DDN: (513) 946-3219 (Miller-Novak)
TRIAL ATTORNEYS FOR DEFENDANTS

1

**MEMORANDUM IN SUPPORT**

## I.    INTRODUCTION

This Court should both deny and strike Plaintiffs' Jason Davis's and Jennifer Davis's Motion to Strike Chief Ketteman's Declaration in Support of Defendants' Reply because it is meritless.  Plaintiffs do not identify a single, material contradiction in their entire Motion to Strike. Instead, Plaintiffs are using the sham affidavit rule to continue arguing in a sur-reply.  This Court should strike Plaintiffs' Sur-Reply/Motion to Strike because Plaintiffs did not seek leave to file a sur-reply after briefing on Summary Judgment was concluded.

### A. Plaintiffs' Sur-Reply/Motion to Strike does not identify one actual contradiction in Ketteman's Declaration.

Ketteman's Declaration largely deals with Plaintiffs' insistence that Defendants denied Jason Davis a promotion to corporal.  However, Plaintiffs have failed to present any admissible evidence showing that a corporal position was needed or even existed, let alone denied to Jason Davis.  Instead, Plaintiffs filed a tainted transcript of a recording that materially misrepresented Sheriff McGuffey's statements. Plaintiffs have had to concede this misrepresentation.[1]   Instead of letting the non-existent corporal position go, Plaintiffs have continually relied upon hypotheticals, speculation, and what they have admitted are "rumors" to suggest that a corporal position existed. Plaintiffs have now filed their Sur-Reply to argue more about a promotion that never existed.

In his Declaration, Chief Ketteman explains that he was a major during the relevant time. Ketteman was deposed twice. He was deposed once as himself, and another time as the County's 30(b)(6) representative.  Ketteman also testified in an Affidavit attached to Defendants' Motions for Summary Judgment.  To simplify and summarize information within the voluminous record,

---

[1] As previously stated, Defendants believe this misrepresentation was the result of negligent reliance on a negligent court reporter, rather than an intentional misrepresentation on Plaintiffs' part.

Defendants filed a Declaration from Chief Ketteman, which is only eleven paragraphs long. Ketteman's Declaration generally summarized that: (1) he is the one who recommended when the County needed another corporal; (2) he did not need or recommend a corporal posting during the relevant time; (3) nobody told Ketteman to freeze corporal promotions during the relevant time; and (4) nobody told Ketteman to not promote Davis to corporal during the relevant time. Because Plaintiffs know these simple points are fatal to their failure-to-promote to corporal claim, Plaintiffs have filed their Sur-Reply to argue further. However, Plaintiffs do not cite any statements in Ketteman's Declaration that contradict his deposition testimony.  Indeed, when one breaks down Ketteman's entire Declaration and compares every paragraph against Plaintiffs' Sur-Reply, there is not one actual contradiction identified within Plaintiffs' Sur-Reply.

1. *Ketteman Dec. Paragraph 1: "At all relevant times concerning this case, I have been employed at the Hamilton County Sheriff's Office."*

Plaintiffs' Sur-Reply/Motion to Strike does not identify a single sworn statement in Ketteman's testimony that contradicts this statement.

2. *Ketteman Dec. Paragraph 2: "During the relevant times to Jason Davis's claims, I was employed as the Major for the Enforcement Division of the Hamilton County Sheriff's Office."*

Plaintiffs' Sur-Reply/Motion to Strike does not identify a single sworn statement in Ketteman's testimony that contradicts this statement.

3. *Ketteman Dec. Paragraph 3: "I am now employed as the Chief Deputy of the Hamilton County Sheriff's Office."*

Plaintiffs' Sur-Reply/Motion to Strike does not identify a single sworn statement in Ketteman's testimony that contradicts this statement.

4. *Ketteman Dec. Paragraph 4: "Part of my job duties as Major, included overseeing certain promotional procedures, including promotions from deputy to corporal."*

Plaintiffs' Sur-Reply/Motion to Strike does not identify a single sworn statement in Ketteman's testimony that contradicts this statement.

5. *Ketteman Dec. Paragraph 5: "If I determined that I needed another corporal, I would initiate the process and would obtain approval from Chief Deputy Jay Gramke **to post a corporal position**."* (emphasis added).

Plaintiffs' Sur-Reply/Motion to Strike does not identify a single sworn statement anywhere in the record contradicting this statement.

6. *Ketteman Dec. Paragraph 6: "Chief Deputy Gramke and Sheriff Charmaine McGuffey were not involved in **that** process other than to give approval **to post the corporal position**."* (emphasis added).

Plaintiffs' Sur-Reply/Motion to Strike does not actually identify a single sworn statement in Ketteman's testimony contradicting this statement. Plaintiffs argue incorrectly that the following testimony contradicts Paragraph 6 of Ketteman's Declaration:

> Q. Jay Gramke had the ability to tell you, even though you said that you need corporals, that he didn't want to take **a particular individual**, correct?
> A. He -- well, yeah. He's the chief deputy. I'm the major.
> Q. Right.
> A. But the major, chief -- we make decisions. My decision was, hey, I want to promote **these guys** and that's what we did.

(Doc#87, citing, FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 53) (emphasis added). This deposition testimony does not contradict Paragraph 6 of Ketteman's Declaration. Instead, Plaintiffs attempt to conflate two separate actions to invent a contradiction where one does not

4

exist. Specifically, there were two steps to promote deputies to corporal described in testimony: (1) Ketteman's decision to recommend when to **post** a new corporal position, and (2) Ketteman's decision about who to hire to fill that new position after it is already posted.

In Paragraph 6 of his Declaration, Ketteman describes the process addressing when he wanted **to post** a new corporal **position**. Ketteman's Declaration then summarizes that Gramke would approve of his proposal(s) for posting a new "position." (Compare, Ketteman Dec. Paragraph 5; Paragraph 6; and Paragraph 7). Thus, the Declaration at Paragraphs 5-7 does not actually address recommending a **particular individual** for promotion to corporal.

In fact, just pages later, Ketteman's Deposition testimony is completely consistent with his Declaration testimony on the process of posting new corporal positions.

> Q. Okay. So **when** these promotions occurred, **you were the one that was driving those decisions**?
>
> A. **Yes**.
>
> Q. Okay. **Did Chief Gramke ever say we're not quite ready yet or let's hold off a bit**; do you ever remember that?
>
> A. **No**.
>
> (FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 56)

Therefore, not only does Ketteman's Declaration not contradict his deposition testimony, but Ketteman's Deposition testimony directly supports his Declaration testimony.

7. *Ketteman Dec. Paragraph 7: "During the relevant time, I never determined that I needed to fill any additional corporal positions, and **I never initiated the process to post a corporal position**."* (Emphasis added).

Plaintiffs' Sur-Reply/Motion to Strike does not identify a single sworn statement anywhere in the record contradicting Ketteman's statement in Paragraph 7. None exists because Ketteman

never initiated the process to post a corporal position. No corporal position ever existed, and Ketteman never testified otherwise.

8. *Ketteman Dec. Paragraph 8: "Neither Chief Deputy Gramke nor Sheriff McGuffey ever told me to freeze corporal positions before Davis quit in January of 2024."*

Plaintiffs' Sur-Reply/Motion to Strike fails to identify one sworn statement from Ketteman where either Sheriff McGuffey or Chief Gramke told Ketteman that he could not seek to promote anyone else to corporal before Davis quit.   No such testimony exists.

9. *Ketteman Dec. Paragraph 9: "Neither Chief Deputy Gramke nor Sheriff McGuffey ever told me to not promote Davis to corporal **before Davis quit**."* (emphasis added).

Plaintiffs' Sur-Reply/Motion to Strike cannot cite one statement where anyone testified that Sheriff McGuffey told Ketteman to not promote Davis to corporal.  None exists.

Plaintiffs' Sur-Reply/Motion to Strike also does not identify a single statement showing that Gramke told Ketteman not to promote Davis to corporal.  Ironically, Plaintiffs cite testimony where Ketteman stated multiple times that Gramke never told him to not promote Davis to corporal.

Q. Okay. **Was the corporal promotion discussed between you and Chief Gramke**?

A. **No**. Not -- or are we referring to Davis

Q. Yes, Davis.

A. -- being promoted to corporal? No. Because I don't believe he was close enough on the list to even have that discussion.

(See Doc #87, citing, FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 11).

***

6

Q. Okay. Did Chief Gramke bring up Jason Davis's corporal promotion to you **at any point in time**?

A. **Not that I recall**.[2]

(Id., citing, FRCP 30(b)(6) Depo. Ketteman, Doc. 55, at 63).

Therefore, nothing within Ketteman's Deposition contradicts Ketteman's Declaration at Paragraph 9. Instead, Ketteman's Deposition testimony directly supports his Declaration.

In addition, Paragraph 8 in Ketteman's initial Affidavit attached to Defendants' First Partial Motion for Summary Judgment also supports the general nature of this Declaration. (Attached here as Exhibit 1). In his first Affidavit, which was signed and produced before his depositions, Ketteman previously testified that "Jason Davis was never skipped for corporal because there was no corporal position before he resigned from the Sheriff's office." (Id at ℙ8).

Therefore, Ketteman has always testified that no corporal position existed before Davis quit, and Davis was not denied a corporal position. Consequently, it is common sense that he was not told to skip Davis for a position that never came into existence in the first instance. There is nothing in the Ketteman's testimony that contradicts his Declaration here.

10. *Ketteman Dec. Paragraph 10: "During the normal course of business, the Hamilton County Sheriff's Office typically staffs a number of corporals less than the FTE approved number of corporals, so it is not unusual for vacancies to open on the roster."* (emphasis added).

Plaintiffs' Sur-Reply/Motion to Strike does not identify a single sworn statement in Ketteman's testimony that contradicts this statement.

---

[2] In Ketteman's Declaration, he states that nobody told him not to promote Davis to corporal "**before Davis quit**." In this cited Deposition testimony, Ketteman was asked if Gramke discussed Davis's corporal promotion "**at any time**," which could include the time period after Davis quit. Consequently, this question addressed a completely different time scope, and it is not actually contradictory in any regard. Ketteman has never testified that Gramke told him to not promote Davis to corporal before Davis quit. He has said the opposite.

7

11. *Ketteman Dec. Paragraph 11: "I did not have any conversations with anyone about Jason Davis's promotional eligibility or status for corporal before Davis quit."*

According to Plaintiffs' Sur-Reply, there is some reason to strike this paragraph, but Plaintiffs do not cite any testimony where Sheriff McGuffey discussed Davis's corporal eligibility with Ketteman "before Davis quit." Moreover, as stated above, Ketteman specifically testified that he did not discuss these matters with Gramke before Davis quit.

### B. Plaintiffs just filed a Sur-Reply to continue arguing about a hypothetical scenario that never occurred.

As seen above, there are no contradictions in Ketteman's Declaration. Ketteman has consistently testified that he drove the corporal postings, nobody told him not to post a new corporal position, and nobody told him not to promote Davis to corporal before he quit because no corporal position was available before Davis quit. Plaintiffs' arguments on Sur-Reply just focus on questions about whether Davis "would have been" one of the "next" three *potential* candidates *if* Ketteman had ever decided he needed another corporal. (See Ps' Sur-Reply/Motion to Strike at 3-4). However, questions about who "would have been" next for a *hypothetical* corporal position that was *never posted* do not actually contradict testimony providing that the hypothetical position never existed in the first place.

Moreover, even if this Court did strike Paragraphs 6, 9, and 11, Ketteman's Declaration would still provide that: (1) Ketteman oversaw promotions from deputy to corporal (Ketteman Dec. ⁋4); (2) Ketteman was the person who would "initiate" the process to post a new corporal position (Id. at ⁋5); (3) Ketteman never initiated the process to post a corporal position during the relevant time (Id. at ⁋7); (4) Sheriff McGuffey and Gramke never told Ketteman to freeze the corporal promotions before Davis quit (Id. at ⁋8); and (5) none of this was unusual (Id. at ⁋10). Plaintiff would still fail to show that any corporal position was needed or posted, let alone Davis

was denied a corporal position at all. Consequently, it is evident that there is little point to Plaintiffs' Sur-Reply other than arguing for the sake of arguing further.

## II.     LAW AND ARGUMENT

The sham affidavit rule only states that "a plaintiff may not create a factual issue for the purpose of defeating a motion for summary judgment by filing an affidavit contradicting a statement the plaintiff made in a prior deposition." *Jones v. Gen. Motors Corp*., 939 F.2d 380, 385 (6th Cir. 1991). However, the "sham affidavit rule does not preclude a party from elaborating on or clarifying prior testimony." *Cooper v. Vigor Marine*, LLC, No. 22-00275 HG-RT, 2024 U.S. Dist. LEXIS 76370, at \*12 (D. Haw. Apr. 26, 2024). Although the sham affidavit rule is addressed in many circumstances, its application is not applied without regard for surrounding circumstances. *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004). Thus, it is not typically enough for another party to nitpick at what they consider minor discrepancies. *Id*., *citing*, *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 894 (5th Cir. 1980); *Choudhry v. Jenkins*, 559 F.2d 1085, 1090 (7th Cir. 1977) (summary judgment was improper even though party's testimony was "not a paradigm of cogency or persuasiveness," inasmuch it was not a "transparent sham"). Thus, it is not a "sham" when an affidavit does not reformulate a defendant's general defense, and it is not at odds with the general responses put forth in the deposition. *Id*. at 625. When independent evidence in the record bolsters the questioned affidavit, courts generally "have refused to disregard the affidavit." *Id.*, *citing, Bushell v. Wackenhut Int'l, Inc.,* 731 F. Supp. 1574, 1578 (S.D. Fla. 1990) (third party's deposition testimony can lend credence to subsequent affidavit).

Courts should disfavor filing a sur-reply when that party did not first seek leave of the court. *Eberhard v. Chi. Title Ins. Co*., No. 1:11 CV 834, 2014 U.S. Dist. LEXIS 199698, at \*8

9

(N.D. Ohio Jan. 8, 2014). Under this Court's Local R. 7.2(2), this Court does not appear to invite a sur-reply from the non-moving party after the moving party's reply brief is filed.

Here, no "plaintiff" contradicted his prior deposition testimony to "create a factual issue for the purpose of defeating a motion for summary judgment." *Jones*, 939 F.2d at 385. The exact opposite has occurred here. Ketteman's Declaration on behalf of the Defendants contradicts nothing and does not attempt to create issues of fact where none exist. Plaintiffs have failed to identify a single contradiction. Plaintiffs instead incorrectly contextualized a few lines to sneak in more arguments about a hypothetical corporal position that testimony shows never existed.

### III.  CONCLUSION

Accordingly, Defendants respectfully request that this Court denies and strikes Plaintiffs' Sur-Reply/Motion to Strike.

Respectfully submitted,

CONNIE PILLICH
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/*Matt Miller-Novak*
Matt Miller-Novak, 0091402
Stephen A. Simon, 0068268
Andrew E. Prem, 100861
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, OH 45202
DDN:  (513) 946-3219 (Miller-Novak)
DDN:  (513) 946-3289 (Simon)
DDN:  (513) 946-3285 (Prem)
FAX:  (513) 946-3018
TRIAL ATTORNEYS FOR DEFENDANTS

10

## CERTIFICATE OF SERVICE

I hereby certify that on May 12th, 2026, I filed a true and accurate copy of the foregoing with the CM/ECF system, which will serve all parties and counsel of record who have appeared and constitutes service by rule.


/s/ Matt Miller-Novak
Matt Miller-Novak, 0091402